01-15-00446-CV

# IN THE FIRST DISTRICT COURT OF APPEALS
# IN THE STATE OF TEXAS

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

DEC 2 3 2015

CHRISTOPHER A. PRINE
CLERK

**In the Estate of Michael Edward Schied,**
*Deceased*

**David Schied,**
*Interested Party Plaintiff /*
*Principal Co-Heir*

Case No. 434875

**vs**

**Michael Merritt (named "*executor*") and Wynde Merritt ("*co-executor*" by**
**Janette Renee Smith**                                                    **proxy)**
**Robin Apostolakis**
**David Munson**
                    *Co-Defendants/Appellees*

## CERTIFICATE OF SERVICE

12/19/15

### FORMER (lower court) counsel and CURRENT (COA) counsel

| Appellant: | Jeanette Smith – co-defendant and Robin L. Apostolakis, attorney and co-defendant Gaunte, Earl, & Binney, LLP 1400 Woodloch Forest Dr., Ste.575 The Woodlands, Texas 77380 281-367-6555 robin.apostolakis@geblawyers.com | Jeanette Smith – co-Appellee Robin Apostolakis – co-Appellee and attorney of record; Steven C. Earl – attorney of record Martin, Earl & Stilwell, LLP 1400 Woodloch Forest Dr., Ste.590 The Woodlands, Texas 77380 281-419-6200 robin@meslawfirm.com steven@meslawfirm.com |
|---|---|---|
| David Schied – *Sui Juris* P.O. Box 1378 Novi, Michigan 48376 248-347-1684 | | |

Attn: Mr. Christopher Prine, Clerk of the Court
c/o Court of Appeals for the First District of Texas
301 Fannin Street
Houston, Texas 77002-2066

I hereby certify that on 12/19/15 I sent one *"original"* (without binding or tabs) and one copy to the Court of Appeals at the address above a full set of the documents listed below, sent by Priority Mail / U.S. Postal Delivery to the attention of Christopher Prine, Clerk of the Court.

I also sent a full set of these same copies of the following documents to the *"current"* law firm for the Appellee Jeanette Smith and attorney/Appellee Robin Apostolakis at the address cited above:

1) *Grievant David Schied's **"Response in Opposition and Denial"** to "Janette Smith's and Robin Apostolakis' 'Motion to Dismiss'" Based Upon Criminal Fraud Upon the Lower Court and the Texas Court of Appeals and Refusal of Either Court to Properly Respond to Interlocutory and Final Judgment Appeals or to Even Honore Previous Notices and Requests for Designation of Additional Item(s) to Be Included in the Official Court Record or to Correct Documented Inaccuracies in the Trial Court 'Docketing' Records"*;

2) Grievant David Schied's '***Brief in Support of Response** in Opposition and Denial" to "Janette Smith's and Robin Apostolakis' 'Motion to Dismiss'" Based Upon Criminal Fraud Upon the Lower Court and the Texas Court of Appeals and Refusal of Either Court to Properly Respond to Interlocutory and Final Judgment Appeals or to Even Honore Previous Notices and Requests for Designation of Additional Item(s) to Be Included in the Official Court Record or to Correct Documented Inaccuracies in the Trial Court 'Docketing' Records"*;

3) *Grievant David Schied's 'Memorandum of Law' in Support of Grievant's Previously Filed 'Interlocutory Appeal' and 'Appeal' With Questions of Law Pertaining to Whether Judicial Independence Authorizes 'Bad' Behavior; and Whether 'Substantive' Evidence Can Be 'Procedurally' Stricken; and Whether Evidence of a 'Pattern & Practice' of Government Coercion Constitutes Treason and/or Domestic Terrorism"* (See labeled **"EXHIBIT #9"** for this filing);

4) *"Affidavit of Truth Authenticating Accuracy of Audio Transcript, Crime Report, and Other Documents Proving 'Domestic Terrorism' Being Carried Out Through the Court System Operating in the State of Texas* (See labeled **"EXHIBIT #13"** for this filing);"

5) Sworn and notarized *"Statement in Report of State and Federal Crimes"* ("Crime Report") dated 12/18/15;

6) This *"Certificate of Service"*

Respectfully submitted,

12/19/15

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

DEC 2 3 2015

CHRISTOPHER A. PRINE

CLERK _____

## IN THE FIRST COURT OF APPEALS
## OF THE STATE OF TEXAS IN HARRIS COUNTY

**In the Estate of Michael Edward Schied,**
*Deceased*

| | |
|---|---|
| **David Schied,** | **Case No. 434875** |
| *Interested Party Plaintiff /* | *"Judge"* **Loyd Wright** |
| *Principal Co-Heir* | |
| *vs* | |

**Michael Merritt (named "*executor*") and Wynde Merritt ("*co-executor*" by**
**Janette Renee Smith**                        **proxy)**
**Robin Apostolakis**
**David Munson**
               *Co-Defendants*

<u>**GRIEVANT DAVID SCHIED'S "*RESPONSE IN OPPOSITION AND DENIAL*"**</u>
<u>**TO**</u>
<u>**"JANETTE SMITH'S AND ROBIN APOSTOLAKIS' '*MOTION TO DISMISS*'"**</u>
**BASED UPON *CRIMINAL FRAUD* UPON THE LOWER COURT AND THE**
**TEXAS COURT OF APPEALS**
**AND REFUSAL OF EITHER COURT TO PROPERLY RESPOND TO**
**INTERLOCUTORY AND FINAL JUDGMENT APPEALS**
**OR TO EVEN HONOR PREVIOUS NOTICES AND REQUESTS FOR**
**DESIGNATION OF ADDITIONAL ITEM(S)TO BE INCLUDED IN THE OFFICIAL**
**COURT RECORD OR TO CORRECT DOCUMENTED INACCURACIES IN THE**
**TRIAL COURT *"DOCKETING"* RECORDS**

| | | |
|---|---|---|
| David Schied – *Sui Juris* | Jeannette Smith – co-beneficiary | Michael (*named executor*) and |
| P.O. Box 1378 | and Robin L. Apostolakis, attorney | Wynde Merritt (*executor by proxy*) |
| Novi, Michigan 48376 | Gaunte, Earl, & Binney, LLP | and David A. Munson |
| 248-347-1684 | 1400 Woodloch Forest Dr., Ste.575 | 2002 Timberloch Pl., Ste. 200 |
| | The Woodlands, Texas 77380 | The Woodlands, Texas 77380 |
| | 281-367-6555 | 281-210-3467 |
| | | |
| | Jeannette Smith – co-beneficiary | Michael Merritt and Wynde Merritt |
| | 203 McNair St. | 8526 Hot Springs Dr. |
| | Pea Ridge, Arkansas 72751 | Houston, Texas 77095 |
| | 479-451-8692 | 281-855-2714 |
| | | 713-430-6286 |

1

David Schied (hereinafter "*Grievant*"), being one of the People[1] and having established this case as a *suit of the sovereign*[2] acting in his own capacity, herein accepts for value the oaths[3] and bonds of all the officers of this court, including

---

[1] PEOPLE. "*People are supreme, not the state.*" [*Waring vs. the Mayor of Savannah*, 60 Georgia at 93]; "*The state cannot diminish rights of the people.*" [*Hertado v. California*, 100 US 516]; Preamble to the US and Michigan Constitutions – "*We the people ... do ordain and establish this Constitution...;*" "*...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves...*" [Chisholm v. Georgia (US) 2 Dall 419, 454, 1 L Ed 440, 455, 2 Dall (1793) pp471-472]: "*The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative.*" [*Lansing v. Smith*, 4 Wend. 9 (N.Y.) (1829), 21 Am. Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7]. See also, *Dred Scott v. Sandford*, 60 U.S. 393 (1856) which states: "*The words 'people of the United States' and 'citizens' are synonymous terms, and mean the same thing. They both describe the political body who, according to our republican institutions, form the sovereignty, and who hold the power and conduct the Government through their representatives. They are what we familiarly call the 'sovereign people', and every citizen is one of this people, and a constituent member of this sovereignty.*"

[2] *McCullock v. Maryland*, 4 Wheat 316, 404, 405, states "*In the United States, Sovereignty resides in the people, who act through the organs established by the Constitution,*" and *Colten v. Kentucky* (1972) 407 U.S. 104, 122, 92 S. Ct. 1953 states; "*The constitutional theory is that we the people are the sovereigns, the state and federal officials only our agents.*" See also, *First Trust Co. v. Smith*, 134 Neb.; 277 SW 762, which states in pertinent part, "*The theory of the American political system is that the ultimate sovereignty is in the people, from whom all legitimate authority springs, and the people collectively, acting through the medium of constitutions, create such governmental agencies, endow them with such powers, and subject them to such limitations as in their wisdom will best promote the common good.*"

[3] OATHS. Article VI: "*This Constitution, and the laws of the United States... shall be the supreme law of the land; and the judges in every State shall be bound thereby; anything in the Constitution or laws of any State to the contrary notwithstanding... All executive and judicial officers, both of the United States and*

ii

attorneys. Having already presented his causes of action to this Texas "*Appellate*" Court as a *court of record*[4], *Grievant* herein and hereafter proceeds according to the course of Common Law[5].

Incorporated herein by reference are the Statements and Evidence contained in the previously-filed documents of this case, and all other documents referenced by the pages therein as supporting Evidence.

Notice is provided herein that **I DO NOT CONSENT to the reference of Grievant David Schied as a corporate fiction in ALL CAPS of lettering as "*plaintiff*"** ("DAVID SCHIED, plaintiff"), **nor do I consent** to the mischaracterization of *sui juris* Grievant David Schied as operating in a "*pro per*"

of the several States, shall be bound by oath or affirmation to support this Constitution."

[4] "*A Court of Record is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial*". [*Jones v. Jones*, 188 Mo.App. 220, 175 S.W. 227, 229; *Ex parte Gladhill*, 8 Metc. Mass., 171, per Shaw, C.J. See also, *Ledwith v. Rosalsky*, 244 N.Y. 406, 155 N.E. 688, 689].

[5] COMMON LAW. – According to *Black's Law Dictionary* (Abridged Sixth Edition, 1991): "*As distinguished from law created by the enactment of legislatures [admiralty], the common law comprises the body of those principles and rules of action, relating to the government and security of persons and property, which derive their authority solely from usages and customs of immemorial antiquity, or from the judgments and decrees of the courts recognizing, affirming, and enforcing such usages and customs.*" "*[I]n this sense, particularly the ancient unwritten law of England.*" [1 Kent, Comm. 492. *State v. Buchanan*, 5 Har. & J. (Md.) 3G5, 9 Am. Dec. 534; *Lux v. Ilaggin*, G9 Cal. 255, 10 Pac. G74; *Western Union Tel. Co. v. Call Pub. Co.*, 21 S.Ct. 561, 181 U.S. 92, 45 L.Ed. 765; *Barry v. Port Jervis*, 72 N.Y.S. 104, 64 App. Div. 268; *U. S. v. Miller*, D.C. Wash., 236 F. 798, 800.]

or "*pro se*" capacity. **Note that all "*summons*" were issued with notice to all co-Defendants that Grievant David Schied is "*sui juris*."**

Notice is also provided herein that **I DO NOT CONSENT** to any court with a proven proclivity toward contributing to the *domestic terrorism* being carried out, hand-in-hand with state and county government imposters, as <u>usurpers</u> of *The People's* power and authority.

1. **DENIED AS GROSSLY MISLEADING** – Appellee Michael Merritt was named as the first of two estate executors by the decedent who died on or around August 7, 2014; and, as the Evidence submitted to the lower court by Grievant/Appellant David Schied ("Grievant") shows, by the time Appellee Michael Merritt had filed for executor and for letters testimony nearly four months later *"on or about October 23rd"* through his attorney, now named "Appellee" David Munson, he had already well-demonstrated his unworthiness for that appointment and a strong propensity toward treating Interested Party Plaintiff and Co-Heir Grievant David Schied with great angst and prejudice.

2. **DENIED AS FRAUD BY GROSS OMISSIONS** – Grossly *omitted* from Appellee Apostolakis' filing, submitted under Oath of truthfulness as an *"officer of the court"* is the FACT that the *"numerous filings"* reflected the initial filing of an initial *"Complaint"* (i.e., see **"EXHIBIT #1"** and **"EXHIBIT #4"** containing *proof of service*) that named Appellee Janette Smith and was served upon her known attorney, hired specifically for this case, because of an earlier letter sent from Appellee Apostolakis to Appellant David Schied in claim that the Last Will and Testiment of Decedent Michael Edward Schied was *"invalid"* and *"unenforceable."* (**"EXHIBIT #2"**)

   Notably, the *"relief"* requested was not for money but instead, in the form of a *"Motion to Compel"* the production of documentation to prove the

1

fraudulent claim by Appellee Apostolakis, along with copies of other *documents and valuables that were taken by Appellee Janette Smith taken from* the decedent's home in the immediate aftermath of "*Mickey*" Schied's death. When Appellee failed to "*answer*" the Complaint in a timely manner, Grievant then filed with "*Proof of Service*" his "*Motion for Default Judgment*."

When it soon began clear that the judge's clerk of Probate Court #1 was "*expediting*" a Scheduling Control Order Hearing for December 19, 2014 (12/19/14) at the request of Appellee David Munson, Grievant David Schied filed his "*Motion for Emergency Hearing...*" to address what was then the "*appearance*" that the so-called "*judge*" Loyd Wright was awarding prejudicial favor to Appellees David Munson and Robin Apostolakis because they were attorneys, while exhibiting prejudicial bias against Grievant David Schied because he was an out-of-state "*pro se*," "*sui juris*," and/or "*forma pauperis*" litigant not contracted or paying a card-carrying Texas State BAR member as his legal "*representative*."

Significantly, all of the above *should otherwise* be found in a review of the docketing records of the lower court. This would be the case except for the FACT that the **Clerk of the Court Stan Stanart has been acting with the parallel *appearance* of being in on the "*conspiracy to deprive*" Grievant of his "*right to due process*" by maintaining inaccurate court records with**

2

**misleading actual dates of Grievant's filings and Grievant's actual dates of** *"service"* **upon the co-Appellees; along with Stanart's captioning cases in the docketing records to intentionally mask the actual titles of Grievants documents and keep hidden the exact nature of Grievant Schied's actual filings.** (Bold emphasis added)

These covert actions by the Harris County Clerk of the Court has made it necessary for Grievant to repeatedly file additional notices, *motions* and *petitions* to both the lower and higher Texas courts for *"correcting the record"* and adding other documents into the *"record on appeal"* that were not reflected or included in the lower Probate Court record despite Evidence that they were *"served"* by Grievant and received as *"filed"* by both the lower and higher courts. (*See* **"EXHIBIT #3"** for cover pages of some of the formal documents that were received and time-stamped by both the lower probate and higher appellate courts in Texas in Grievant's ill-fated attempt to correct the lower court record.) **Altogether, this Evidence depicts the criminal corruption and the conspiracy to deprive of rights exhibited between the judge, the clerk(s), and the two attorneys (Munson and Apostolakis) involved in the lower and higher court cases.** (Bold emphasis added)

3. **DENIED AS FRAUD BY GROSS OMISSIONS** – The request by Appellees Apostolakis and Smith for the Court *"to take judicial notice of the probate*

3

*court's file*" is a misnomer because, as stated above, both offices of the clerks –
of the lower Probate Court #1 and this Texas Court of Appeals in Houston –
have ignored Grievant Schied's previous notices that the court's "*file*" and
"*docketing*" records transferred to the appellate court are *grossly inaccurate* and
in need of *correction.*

Furthermore, Apostolakis **grossly** *omits* **the FACT** that both she and
Janette Smith were served with various "*motions*" that they otherwise chose to
ignore (except for Janette Smith to attend Grievant's "*emergency motion*"
hearing on 12/19/14), prior to the 12/19/14 issuance of the Docket Control
Order referenced by Apostolakis. As shown by **"EXHIBIT #4"**), Appellees
were served with "*certificates of service*" on the "*Motion for Default
Judgment*" and subsequent "*Motion for Emergency Hearing*" when Appellee
Janette Smith failed to "*answer*" the initial *Complaint.*

In FACT, as is found in the Evidence of "*Exhibit #4*" attached, both
Robin Apostolakis and Janette Smith were fully apprised of each move
Grievant was making in the Court in effort so as to ensure that they both knew
about the initial "*Complaint...*" filed 11/4/14, the *Motion for Default
Judgment...*filed a month later on 12/4/14, and everything else leading up to the
"*Emergency Hearing*" on 12/19/14, as found in emails and formal
"*Certificate(s) of Service*" about each of those proceedings.

4

Note also that, as shown by the email dialogue between Grievant and the judge's clerks Kimberly Hightower and Susie Rowley found in *"Exhibit #5,"* the hearing for the Docket Control Order was combined with Grievant's *"Motion for Emergency Hearing..."* because the Probate Court was creating a serious delay in refusing to schedule a summary motion hearing for Grievant's previous filing of *"Motion for Default Judgment"*; and because the judge's clerk instead was demonstrating the propensity to give higher priority to Appellee David Munson's informal emails to those court clerks in request for them to *"expedite"* the issuance of that Scheduling Control Order instead.

4. **DENIED AS FRAUD BY GROSS OMISSIONS** – Apostolakis' has **grossly omitted** the **FACT** that both she and Janette Smith were notified and fully aware of the nature of the *"Counter-complaint"* that was filed *"on or about January 14, 2015."* Additionally, Appellees' claim – **that it was "Appellant" (David Schied) that was the one to send the *"Summons and Counter-Complaint and/or Cross-Complaint"*** to Appellees Robin Apostolakis and Janette Smith – is proven as <u>fraudulent</u> by Grievant's submission of **"EXHIBIT #5"** as the *"Proof of Service"* sent by *"a legally competent adult who is not a party or an officer of a corporate party"* who *"declare[d] under penalty of perjury"* that she *"ha[d] no interest in the outcome of this case and ha[s] no blood or current marriage relationship to...David Schied"*.

5

Apostolakis cites Tex.R.Civ.P. 99, 103 and 106 as reason for claiming that she was not properly served *"citation"* by the dereliction of the Clerk of the Court Stan Stanart's failure to provide the Court's own citation upon receipt of Grievant's documentation naming the co-Appellees. Such dereliction – and **the failure of either the judge or the clerk to notify *pro se*, *sui juris* and/or *forma pauperis* Grievant of possible deficiencies in following all court rules from out-of-state – is insufficient justification to establish as a matter of FACT that these Appellees Apostolakis and Smith were not fully aware of the proceedings against them, which is the underlying basis for the court rules in the first place,** and is proven as a matter of FACT in the Exhibits referenced herein above. **As shown further down in this instant *"Response..."* procedure does not trump substantive rights.** (Bold emphasis added)

5. <u>**DENIED AS GROSSLY MISLEADING AND FRAUDULENT**</u> – As is clearly seen in Apostolakis' *"Motion to Dismiss,"* she readily admits what Grievant has made well-known as the basis for this instant *"appeal"* to the Texas Court of Appeals: a) that the lower probate court *"judge"* Loyd Wright failed to honor or even address the precept set by the above-referenced United States Supreme Court case of *"Haines v. Kerner"* case allowing *"less stringent standards"* for litigants without attorneys; and, b) that the Loyd Wright instead

6

simply dismissed Grievant's case summarily without providing constitutional due process and Grievant's constitutional right to a jury trial.

Even more significant as reason for Grievant DENYING this statement of Apostolakis as outright fraudulent is the FACT that **the face of the 4/8/15** _**Order Granting Motion for No Evidence Summary Judgment**_ of **Loyd Wright stated that what was dismissed was Grievant's very first 11/4/14 filing of "**_**Complaint and Brief in Support of Opposition to Michael Ray Merrit's Application to Probate Will and for Letters Testimony**_**" and NOT the 1/14/15 "**_**Summons and Counter-Complaint and Cross-Complaint**_**" that is otherwise falsely claimed to have been summarily dismissed by Wright.** (_without litigation of the merits_) (_See_ "**EXHIBIT #6**" as a copy of Wright's "_order._") (Bold emphasis added)

6. <u>**DENIED AS FRAUDULENT**</u> – Attorney Apostolakis **altogether** _**omitted**_ **the FACT that** – just before issuing that _Scheduling Control Order_ that Apostolakis admitted in her motion as having occurred on 12/19/14 – the Probate Court #1 held an "_emergency hearing_" on 12/19/14 in which the judge Loyd Wright himself admitted that **Appellee Janette Smith was indeed PRESENT in the courtroom** "_but not at th[at] point in time participating._" (_See_ "**EXHIBIT #7**" as an authenticated transcript of that hearing as submitted by sworn _Affidavit_ of authenticity found on page 10 of "**EXHIBIT #8.**") Thus,

as explained further in Grievant's "*Brief in Support*...," it has been established –

even as it *should be* reflected in the lower court record – that both Janette Smith

and Robin Apostolakis were fully aware by 12/19/14 of the contents of the

"*complaint*" that was originally filed and served upon them "*in early November*

*2014.*

7. **DENIED AS FRAUD BY GROSS OMISSIONS WITH THE *INTENT TO***

   ***DEPRIVE OF SUBSTANTIVE RIGHTS UNDER COLOR OF TEXAS***

   ***COURT RULES*** – The Evidence shows that, regardless of "*judge*" Loyd

   Wright's own personal wrongdoing in this situation, the FACT is that Appellees

   Apostolakis and Smith were clearly aware – at all times – of the claims and the

   proceedings being brought against them, both times Grievant presented his

   filings to the lower Probate Court #1, first as a "*Complaint and Objection*..."

   and the second time as a "*Counter-Complaint and/or Cross-Complaint*..."

   Clearly then, Apostolakis is using *color of* court *rules* to administratively

   undermine the **substantial** rights of Grievant to the ***judicial litigation of the***

   ***merits*** of his claims against the Appellees in this case. As explained more fully

   in his "*Memorandum of Law in Support*...," ("**EXHIBIT #9**") this is a violation

   of the Separation of Powers guaranteed by the Constitution of the United States.

   It is also a federal violation of the Rules Enabling Act as also addressed in

   detail in the attached "*Exhibit #9*".

8

8. **DENIED AS BLATANTLY FRAUDULENT** – Clearly, Appellee Apostolakis expects the Texas Court of Appeals judges to rule upon her bare assertions, her conclusory statements, and her fraudulent claims without even taking judicial notice, much less considering the actual Evidence provided by Grievant, in similar fashion to what she and her cohort Appellee David Munson schemed to architect in the lower probate court to *criminally deprive Grievant of his rights under color law*. (Bold emphasis added)

As shown by the documents contained in **"EXHIBIT #10,"** Grievant had notified all parties to this case, as well as BOTH the lower "*probate*" and the higher "*appellate*" court that:

a) There was an appeal of Loyd Wright's ruling ("*Exhibit #6*") initiated on 4/30/15 when Grievant *served* the co-Defendant/Appellees, and for which the lower Harris County Clerk Stan Stanart acknowledged as having been *filed* on 5/12/15 along with Grievant's "*Request for Designation of Additional Items to Be Included in the Official Court Record*" and Grievant's accompanying "*Notice of Inaccuracies in the Trial Court Docketing Record in Need to Correct Dates of 'Filing' and Document Captions*."

b) On 6/11/15, the Clerk of the Court for the Court of Appeals, First District (Christopher Prine) sent notice to Grievant David Schied acknowledging that the "*case was filed in this [higher] court on 5/20/15*".

c) On 6/12/15, Grievant served his "*Brief of Appeal of Harris County Probate Case With Evidence of Deprivation of Rights to Due Process Under Color of Aaw, and Denial of Equal Treatment by Judge Loyd Wright of Ligitant Without an Attorney*" and that the Texas Court of Appeals clerk Christopher Prine acknowledged receipt by time-stamped Evidence of that filing on 6/15/15.

Similarly, **Appellee Apostolakis' claim that** *"[Grievant] has failed to pay the appellate fees or submit proper proof establishing indigence"* **is blatantly and criminally <u>fraudulent on its face</u>.** As shown by **"<u>EXHIBIT #11</u>,"** which is time-stamped as also received on 5/12/15 along with the original "*Notice of Appeal*" (see reference to "*Exhibit #10*" above), Grievant had clearly filed his "*Affidavit of Indigence and Statement of Inability to Pay Court Costs and Fees on Appeal of Probate Court Ruling*" which included an accompanying "*Affidavit*" (see "*Exhibit #3*" for the time-stamped copies of the cover pages for these two documents) that was sworn and signed and even labeled as a subsequent "*exhibit*" in Grievant's "*Brief on Appeal...*" received by the Texas Court of Appeals and time-stamped on 6/15/15.

Also noted as a matter of significant FACT is that the <u>Texas Code of Appellate Procedures, Rule 20.1(a)(2)</u> maintains that "*establishing indigence*" is "*by Affidavit*;" and "*A party that cannot pay the costs in appellate court may*

10

proceed without advanced payment of costs if: a) the party files an Affidavit of Indigence..."

Clearly, Appellees Apostolakis and Smith have provided nothing except *bare FRAUDULENT assertions* in their claim against Grievant's "*Affidavit of Indigence...*" and "*Affidavit*" that were clearly time-stamped (see again, **"*Exhibit #3*"**) by the lower court before being then also provided to the higher appellate court; which was afterward "*confirmed*" as a matter of official Court of Appeals' record on 6/15/15. This is shown in **"EXHIBIT #12"** as a printout of the Court of Appeals docketing record that was found just after speaking with Christopher Prine on the phone as reflected in the transcript of that conversation shown in **"EXHIBIT #13"** as supported by Grievant's "*Affidavit of Truth Authenticating Accuracy of Audio Transcript, Crime Report, and Other Documents Proving 'Domestic Terrorism'*" and supporting sworn and notarized "*Affidavit of Truth Authenticating Accuracy of Audio Transcript, Crime Report, and Other Documents Proving 'Domestic Terrorism' Being Carried Out Throughout the Court System Operating in the State of Texas.*" (See also **"*Exhibit #13*"**)

9. **DENIED AS GROSSLY MISLEADING AND IRRELEVANT** – The ONLY two "*exhibits*" that Appellee Apostolakis could possibly find to support her complete fraudulence upon this Texas Court of Appeals happens to be two rulings in which Grievant has for the past twelve (15) full years been battling

11

because of *domestic terrorist* activity occurring in Southeast Michigan and with the Sixth Circuit Court of Appeals judges turning their heads in denial of the FACTS as they have been fully outlined in this instant Texas Court of Appeals case in the "*Affidavit*" received in the lower court and provided again to this higher Court as "*Exhibit B*" of Grievant's filing of "*'Petition in Motion and Affidavit of Notice of Incorrect Record' and Need to Correct by Addition of Names David Munson and Robin Apostolakis as Co-Appellees*".

**The above-referenced filings are documents, as shown in the telephone conversation of "*Exhibit #13*" that has, thus far, gone completely ignored by the Texas Court of Appeals judges, despite that it was time-stamped and made a part of the instant COA record as shown in "*Exhibit #12*".** (Bold emphasis added)

As shown in Evidence, it is clear that the underlying source of Appellees' "*exhibits A and B*" has been the FRAUDULENT issuance by the Harris County Court of an "*Early Termination Order Dismissing the Cause*" which, in 1979 was MISREPRESENTED to Grievant – by the (now deceased) Judge Joseph Guarino – to mean that as a matter of law, Grievant had received a "*clean slate*" and a "*second chance*" at constructive citizenship by "*withdrawal of plea*," by "*dismissal of indictment*," and by "*set aside of judgment*" in 1979. **(*See* "EXHIBIT #15" as a certified copy of that 1979 document.)**

12

As is explained more fully in Grievant's "*Brief in Support of Response in Opposition...*," Appellees' *"exhibits A and B"* are thus **FRAUDULENT on their face for the simple FACT that they each establish and claim of a Texas criminal "*conviction*" where none *exists*** (i.e., see "**EXHIBIT #15**"); and, in fact, such a *final disposition* **NEVER** existed (since *probation* is **NOT** a *final disposition*). On the other hand, both *"exhibits A and B"* are **FRAUDULENT because they significantly contain** *gross omissions of fact* **that numerous patterns of crimes have been committed against Grievant stemming from – as explained in the accompanying "*Brief in Support of Response in Opposition...*" – erroneous documents produced by the State of Texas.**

As Appellees' *"exhibits A and B"* demonstrate just two of the fraudulent rulings that fail to address the crimes presented on the merits of Earl Hocquard's two sworn and notarized Affidavits (found as "**EXHIBIT #16**" and "**EXHIBIT #17**"), Grievant has documented the underlying methodology of these crimes against Grievant Schied by the State BAR of Michigan attorneys, the regulatory agency of the Michigan Supreme Court's "*Judicial Tenure Commission*" and the "*Attorney Grievance Commission*," as well as state and United States judges altogether disregarding these FACTS and EVIDENCE.

Importantly these actions to deprive Grievant of his rights, his career, his savings, his integrity, and the "*clear slate*" promised to him by the late Harris

13

County judge Joseph Guarino, reflect the TRUTH of a <u>non-judicial</u> environment in Michigan where these crimes have been freely occurring in treasonous *pattern and practice* against Grievant.

10. **<u>DENIED AS GROSSLY MISLEADING AND IRRELEVANT</u>** – The Evidence in the Lower Court Record demonstrates that there is a *<u>pattern and practice</u>* going on here in which *"judge"* Loyd Wright has chosen to *"dismiss"* Grievant's original *"<u>Complaint</u>"* while disregarding the proverbial *"elephant in the room"* of Grievant's subsequent filing of *"<u>Counter-Complaint and/or Cross-Complaint</u>"* – by which both sets of documents and supporting Exhibits were clearly *"served"* upon the co-Appellees.

In the first *"<u>Complaint</u>"* the Appellees were listed first as Michael Merritt, Wynde Merritt and Janette Smith; however, after the 12/19/14 *"emergency hearing"* – as shown by the *certified* transcript of that hearing (*"<u>Exhibit #7</u>"* attached herein) whereby Loyd Wright treated the *"<u>Complaint</u>"* as a matter of record as a mere *"objection"* requiring Grievant to refile and re-serve the Appellees again as a *<u>Counter-Complaint and/or Cross-Complaint</u>"* – Grievant clearly ADDED AND SERVED Robin Apostolakis and David Munson along with the others (with *"service of process"* this second time through a disinterested and unrelated 3rd party) with a plethora of documents that would ensure that they all

14

would become well-acquainted with the FACT that they <u>ALL</u> had been named as co-Defendants now *"Appellees"* in this instant case.

In answer to the remaining *fraudulent* claims of Appellee Apostolakis in this paragraph 9, Grievant incorporates by reference the entirety of his *"answer"* as stated immediately above addressing Appellees' paragraph 9, as if written herein verbatim.

## **CONCLUSION**

WHEREAS, the *exhibits* of Evidence cited above and included as attached references constitute overwhelming Evidence that Grievant has the right NOT to be *dismissed* again *under color of law*, lest criminal allegations be levied against others who, like Loyd Wright, have disregarded and refused to *"litigate the merits"* of Grievant's *Statements* in *Affidavits* supported by such *Evidence*.

Moreover, the Evidence provided herein is sufficient to demonstrate to the judge(s) in review of this motion *"Response..."* and its accompanying *"Brief in Support of Response..."* that the Texas court's *"Early Termination Order Dismissing the Cause"* of 1979 and subsequent *"Agreed Order of Expunction"* a quarter-century later in 2004, have been repeatedly, intentionally, and criminally defied for over a decade by certain *domestic terrorists* presenting themselves as *treasonous* Michigan government *"actors"* who have been tortuously turning a blind eye to the public dissemination of those Texas court orders.

15

It is noted that the Evidence provided herein, along with the testimony presented in the Affidavits as explained further in this instant filing, altogether encumber the Texas Court of Appeals to report these interstate crimes to the proper federal authorities as Grievant Schied now is doing with his submission of "**EXHIBIT #19**" as a formal CRIME REPORT to the Harris County Prosecutor. This crime report will be also provided to the Texas and Michigan offices of the FBI and to the U.S. Marshalls in both states. As such, the judges in review of this information – if they fail to report these crimes to the proper authorities – become subject to federal criminal prosecution under 18 U.S.C. §4 ("*Misprision of Felony*"), while also losing their judicial immunity. Grievant David Schied implores those in operation of this instant Court of Appeals then to simply *do the right thing* to prevent further criminal victimization of Grievant, as required under the Texas Constitution (Art. I, §30) to take proper action to protect Grievant from further victimization by *the accused*.

Respectfully submitted,

*[signature]*

(all rights reserved)       12/18/15

## SWORN DECLARATION OF TRUTH

I declare under penalty of perjury that the forgoing is true to the best of my knowledge and belief. If requested, I will swear in testimony to the accuracy of the above if requested by a competent court of law and of record.

Respectfully submitted,

David Schied
P.O. Box 1378
Novi, Michigan 48376
248-974-7703

<u>_David Schied_</u> (all rights reserved)
David Schied

Dated: 12/18/15

17

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

DEC 2 3 2015

CHRISTOPHER A. PRINE

CLERK _____

# IN THE FIRST COURT OF APPEALS
## OF THE STATE OF TEXAS IN HARRIS COUNTY

**In the Estate of Michael Edward Schied,**
*Deceased*

**David Schied,**
*Interested Party Plaintiff/*
*Principal Co-Heir*

*vs*

**Michael Merritt (named "*executor*") and Wynde Merritt ("*co-executor*" by**
**Janette Renee Smith**
**Robin Apostolakis**
**David Munson**
*Co-Defendants*

**Case No. 434875**
**"*Judge*" Loyd Wright**

proxy)

_____/

## GRIEVANT DAVID SCHIED'S "*BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION AND DENIAL*" TO "JANETTE SMITH'S AND ROBIN APOSTOLAKIS' '*MOTION TO DISMISS*'" BASED UPON *CRIMINAL FRAUD* UPON THE LOWER COURT AND THE TEXAS COURT OF APPEALS AND REFUSAL OF EITHER COURT TO PROPERLY RESPOND TO INTERLOCUTORY AND FINAL JUDGMENT APPEALS OR TO EVEN HONOR PREVIOUS NOTICES AND REQUESTS FOR DESIGNATION OF ADDITIONAL ITEM(S)TO BE INCLUDED IN THE OFFICIAL COURT RECORD OR TO CORRECT DOCUMENTED INACCURACIES IN THE TRIAL COURT "*DOCKETING*" RECORDS

_____/

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

Jeannette Smith – co-beneficiary
and Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

Jeannette Smith – co-beneficiary
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

Michael (*named executor*) and
Wynde Merritt (*executor by proxy*)
and David A. Munson
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380
281-210-3467

Michael Merritt and Wynde Merritt
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714
713-430-6286

i

# TABLE OF CONTENTS

Summary and statement of the Facts proving the "*background*" proffered by Texas attorney Robin Apostilakis is intentional "*Fraud upon the Court*"...................................................................1

There is mounds of Evidence of the fraud by Appellees Smith and Apostolakis, as well as the "*judge*" Wright as "aiding and abetting" in the two attorneys' (Munson' and Apostolakis') criminal conspiracy to deprive of rights...................................................3

The rulings presented by Appellees as "*exhibits A & B*" are blatantly *fraudulent*, and Evidence of *treason* and *domestic terrorism*...................11

Argument...................................................................15

Conclusion...................................................................22

Sworn Declaration of Truth...................................................................25

# TABLE OF AUTHORITIES

## TEXAS

Texas Constitution (Art. I, §30)...................................................................24-25

Attorney General Dan Morales (DM-349)...................................................................13

Attorney General John Cornyn's Opinion (JC-0396)...................................................................13

Texas Code of Appellate Procedures, Rule 20.1(a)(2)...................................................................10

Tex.R.Civ.P. 99, 103 and 106...................................................................16

## FEDERAL

18 U.S.C. §4 ("*Misprision of Felony*")...................................................................24

*Haines v. Kerner,*
404 U.S. 519 (1972)..................................................................................................16-17

**OTHER**

Weaver, Justice Elizabeth. *Judicial Deceit: Tyranny and*
  *Unnecessary Secrecy at the Michigan Supreme Court*..........................21

## SUMMARY AND STATEMENT OF THE FACTS
## PROVING THE *"Background"* PROFFERED BY TEXAS ATTORNEY
## ROBIN APOSTOLAKIS IS INTENTIONAL *"FRAUD UPON THE COURT"*

In common law and statutory law alike, the intent of proceedings is to arrive at the underlying TRUTH of matters involving controversy, and to bring forth a judicial solution based upon a truthful representation of the underlying FACTS. In this case, Appellee Robin Apostolakis has done just the opposite *under color of law* while acting on behalf of herself and Janette Smith to deprive Grievant/Appellant ("Grievant") David Schied of his due process rights and his day owed in court. As an *"officer of the court,"* this is both reprehensible and CRIMINAL.

Appellee Apostolakis' filing, which she fraudulently *"certified"* to this Court of Appeals *"was served on the following individuals and/or parties to this lawsuit via facsimile, first class mail, certified mail, return receipt requested and/or electronically"* WAS NEVER *SERVED* UPON GRIEVANT. **In fact, the filing was never even known about by *forma pauperis* Grievant David Schied – who is waived from filing electronically and was never delivered the documents by first class mail, certified mail or any other method – until 12/1/15 when Grievant spoke with the Texas Court of Appeals Clerk Christopher Prine by phone about the lack of activity on Grievant's own filings of various *"petitions,"* interlocutory appeal, and appeal of judgment.** (Bold emphasis)

1

Meanwhile, Appellee Apostolakis appears to base her "*motion*" action upon her own admission to her client and herself having received certain documents sent to them – after the lower court's 12/19/15 hearing – but claiming that it was Grievant that was the one who failed to properly "*serve*" each of them with the refiling of a "*Counter-complaint*" by use of the United States mail delivery of a 3rd party package sent to them in Texas from Michigan. Moreover, **and even more significantly is Apostolakis' "*lying by omission*" about prior service of Grievant's "*Complaint*" (i.e., see "EXHIBIT #1" as *proof of service*) at the time when Grievant first filed that initial document, and then outright lying by claim that neither she nor Janette Smith had "*ma[d]e an appearance in the lower court proceedings.*"**

This instant filing by Grievant, sent in TIMELY response to having only recently found out that Smith's and Apostolakis' fraudulent "*motion to dismiss*" even existed, is to refute the statements digitally signed by Appellee, the Texas attorney Apostolakis, and prove that **Apostolakis' statements were *criminally* intended to defraud this Court and to *deprive* Grievant David Schied *of* his *right* to due process *under color of law* and/or Texas "*rules of procedure*"** regarding the Estate of Grievant's blood brother of 18 month separation, Michael Edward Schied.

2

**THERE IS MOUNDS OF EVIDENCE OF THE *FRAUD* BY APPELLEES SMITH AND APOSTOLAKIS, AS WELL AS THE "*JUDGE*" WRIGHT AS "*AIDING AND ABETTING*" IN THE TWO ATTORNEYS' (MUNSON' AND APOSTOLAKIS') CRIMINAL *CONSPIRACY TO DEPRIVE OF RIGHTS***

In DENIAL of **Apostolakis'** *gross omission* of the FACT that both she and Janette Smith were notified and fully aware of the nature of the "*Complaint*" that Grievant had initially filed in the <u>corrupt</u> Harris County Probate Court #1, *pro se* and/or *sui juris* Grievant submits "*Exhibits #1 and #4*" which includes a copy of the "***Proof of Service***" **and delivery confirmations** from the United States Post Office. "*Exhibits #1 and #4*" shows that **on 11/4/14** Janette Smith, Michael Merritt, Robin Apostolakis, and David Munson were all served with the "*Complaint and Brief in Support of Opposition to Michael Ray Merritt's Application to Probate Will and for Letters Testimony*" after **Apostolakis had written his letter over two months earlier in claim that the decedent Michael Edward Schied's <u>Last Will and Testament</u> was "*invalid*" and "*unenforceable.*"** (*See* "<u>EXHIBIT #2</u>" for a copy of that letter.) As is clearly shown by Appellee Apostolakis' own letter, **Apostolakis readily admitted to "*representing*" Janette Smith in this instant probate case, <u>even prior to the case being filed</u> and served upon both Appellees Smith and Apostolakis by Grievant Schied.** (Bold emphasis)

In DENIAL of **Apostolakis'** *gross omission* of the FACT that both she and Janette Smith were served with various "*motions*" that they otherwise chose to

3

ignore (except for Janette Smith to attend Grievant's "*emergency motion*" hearing on 12/19/14), Grievant submits "***Exhibit #4***") as "*certificates of service*" on the "*Motion for Default Judgment*" and subsequent "*Motion for Emergency Hearing*" when Appellee Janette Smith failed to "*answer*" the *Complaint*.

Grievant DENIES **Apostolakis'** ***gross omission*** of the FACT that both she and Janette Smith were notified and fully aware of the nature of the "*Counter-complaint*" that was filed "*on or about January 14, 2015.*" Appellees' **claim that it was "*Appellant*" (David Schied) that was the one – not a disinterested third party – to send the "*Summons and Counter-Complaint and/or Cross-Complaint*," is clearly fraudulent.** In Evidence thereof, Grievant submits herein **"EXHIBIT #5"** as the "*Proof of Service*" by "*a legally competent adult who is not a party or an officer of a corporate party,*" who "*declare[d] under penalty of perjury*" that she "*ha[d] no interest in the outcome of this case and ha[s] no blood or current marriage relationship to...David Schied*"; **and who affirmed under penalty of perjury that she had "*issued service*" also of the following document:**

> "*Sworn and Notarized Affidavit of Interested Party Plaintiff/Co-Heir David Schied Affirming Truth in Depicted Content and Certifying the Previous Delivery of All Evidence to Co-Defendants Michael Merritt and Jannette Smith as Referenced by the Accompanying 'Counter-Complaint...' and 'Formal Joinder..' and as Referenced by the Previously-Filed 'Complaint and Brief in Support of Opposition...Motion for Order to Show Cause and to Compel Documents...' That Had also Been Previously Delivered to Michael*

4

*Merritt, Jannette Smith, and Their Respective Attorneys of Robin Apostolakis and David Munson in Early November 2014.*"

Another significant reason for Grievant DENYING Apostolakis' claims as outright *fraud* is the FACT that **the face of the 4/7/15** *Order Granting Motion for No Evidence Summary Judgment* **of Loyd Wright stated that what he had dismissed was Grievant's very first 11/4/14 filing of "***Complaint and Brief in Support of Opposition to Michael Ray Merrit's Application to Probate Will and for Letters Testimony***" and** **NOT** **the 1/14/15 "***Summons and Counter-Complaint and Cross-Complaint***" that Apostolakis is otherwise** **falsely** **claiming to have been summarily dismissed by Wright.** (*without litigation of the merits*) [1] (*See* "**EXHIBIT #6**" as a copy of Wright's "*order*.") (Bold emphasis added)

As yet an additional matter of Fact, this 4/7/15 *Order* was NEVER even sent by the lower Probate Court to Grievant David Schied, despite Grievant having numerous documents in Evidence (not submitted here) that the Court was fully aware and constructively granted by repeated acquiescence to Grievant having properly filed motions – with reference to Local Court Rules allowing for waiver

---

[1] Thus, this invalid and fraudulently written "*order*" by Loyd Wright was executed in his *individual* capacity by simple the *administrative* action of "*granting*" a motion **without any judicial justification and while in** *gross malfeasance* **and** *criminal dereliction of his duty* **to consider other documents Grievant had filed into the record.** Clearly, in light of the surrounding Evidence, Wright's action was one of *misconduct* and *prejudicial favor* to fellow member(s) of his State BAR, giving credence to only the oversimplified filing of the attorney Munson who was also criminally *misrepresenting* his client as the "*defendant*" in open court and even as attorney Munson had a sworn Oath of integrity as an "*officer of the court.*"

5

of E-filing requirements for *pro se* litigants – for waiver of E-filing and otherwise requiring both the Court and the opposing parties to "*serve*" documents to Grievant through the "*traditional*" method of the U.S. Mail.

Attorney Apostolakis **altogether _omitted_ the FACT that** – just before issuing that *Scheduling Order* that Apostolakis admitted in her motion as having occurred on 12/19/14 – the Probate Court #1 held an "*emergency hearing*" on 12/19/14 in which the judge Loyd Wright himself admitted that **Appellee Janette Smith was indeed PRESENT in the courtroom** "*but not at th[at] point in time participating.*" (*See* "**EXHIBIT #7**" as an authenticated transcript of that hearing as submitted by sworn *Affidavit* of authenticity found on page 10 of "**EXHIBIT #8.**") Thus, as explained further in Grievant's "*Brief in Support...,*" it has been established – even as it *should be* reflected in the lower court record – that both Janette Smith and Robin Apostolakis were fully aware by 12/19/14 of the contents of the "*complaint*" that was originally filed and served upon them "*in early November 2014.*"

The Evidence shows that, regardless of "*judge*" Loyd Wright's own personal wrongdoing in this situation, the FACT is that Appellees Apostolakis and Smith were clearly aware – at all times – of the claims and the proceedings being brought against them, both times Grievant presented his filings to the lower Probate Court

6

#1, first as a "*Complaint and Objection...*" and the second time as a "*Counter-Complaint and/or Cross-Complaint...*"

Clearly then, Apostolakis is using *color of* court *rules* to <u>administratively</u> undermine the **substantial** rights of Grievant to the ***judicial litigation of the merits*** of his claims against the Appellees in this case. This is a violation of both the <u>Separation of Powers</u> guaranteed by the Constitution of the United States and mandated for each of the united States. (The judiciary is forbidden by its guarantee of "*independence*" from influence or control of the other branches to both "*legislate*" its own rules and to then adjudicate those rules without it becoming an Article I *administrative* action rather than an Article III *judicial* action, as the former affords no judicial immunity.) It is also a federal violation of the <u>Rules Enabling Act</u> as addressed in detail in the attached **"EXHIBIT #9"** as Grievant's wholly relevant to this case "*Memorandum of Law*."

Clearly, Appellee Apostolakis expects the Texas Court of Appeals judges to rule upon her <u>bare assertions</u>, her <u>conclusory statements</u>, and her <u>fraudulent claims</u> without even taking judicial notice, much less considering the actual Evidence provided by Grievant, in similar fashion to what she and her cohort Appellee David Munson schemed to architect in the lower probate court to ***criminally deprive Grievant of his rights under color law***. (Bold emphasis added)

7

The simple Facts of Evidence show: a) Apostolakis' claim on 9/2/15 that Grievant's notice of "*Appeal did not state the court to which the Appeal was taken*" is blatantly <u>fraudulent</u>. On one hand, it is clear that Grievant has no control over the judiciary of Texas and the system in place "*to*" which specific "*Court of Appeals*" court that appeals from Harris County lower court decisions are assigned by the Texas judiciary. The "*appellate*" process otherwise inferred is that "*appeals*" of rulings of courts in Houston of Harris County simply go to the Texas Court of Appeals located also in Houston of Harris County.

As shown by the documents contained in "**EXHIBIT #10**," Grievant had <u>notified all parties to this case, as well as BOTH the lower "*probate*" and the higher "*appellate*" court that</u>:

a) There was an appeal of Loyd Wright's ruling ("*Exhibit #6*"), which was initiated on 4/30/15 when Grievant *served* the co-Defendant/Appellees; and for which the lower Harris County Clerk Stan Stanart acknowledged as having been *filed* on 5/12/15 along with Grievant's "*Request for Designation of Additional Items to Be Included in the Official Court Record*" and Grievant's accompanying "*Notice of Inaccuracies in the Trial Court Docketing Record in Need to Correct Dates of 'Filing' and Document Captions*."

8

b) On 6/11/15, the Clerk of the Court for the Court of Appeals, First District (Christopher Prine) sent notice to Grievant David Schied acknowledging that the *"case was filed in this [higher] court on 5/20/15"*.

c) On 6/12/15, Grievant served his *"Brief of Appeal of Harris County Probate Case With Evidence of Deprivation of Rights to Due Process Under Color of Aaw, and Denial of Equal Treatment by Judge Loyd Wright of Ligitant Without an Attorney"* and that the Texas Court of Appeals clerk Christopher Prine acknowledged receipt by time-stamped Evidence of that filing on 6/15/15.

Similarly, **Appellee Apostolakis' claim that *"[Grievant] has failed to pay the appellate fees or submit proper proof establishing indigence"* is blatantly and criminally <u>fraudulent on its face.</u>** As shown by *"**EXHIBIT #11**,"* which is time-stamped as also received and time-stamped on 5/12/15 along with the original *"Notice of Appeal"* (see reference to *"Exhibit #10"* above), Grievant had clearly filed his *"Affidavit of Indigence and Statement of Inability to Pay Court Costs and Fees on Appeal of Probate Court Ruling,"* which included an accompanying *"Affidavit"* (see *"Exhibit #3"* for the time-stamped copies of the cover pages for these two documents) that was sworn and signed and even labeled as a subsequent *"exhibit"* in Grievant's *"Brief on Appeal..."* received by the Texas Court of Appeals and time-stamped on 6/15/15.

Also noted as a matter of significant FACT is that the <u>Texas Code of Appellate Procedures, Rule 20.1(a)(2)</u> maintains that *"establishing indigence"* is *"by Affidavit;"* and *"A party that cannot pay the costs in appellate court may proceed without advanced payment of costs if: a) the party files an Affidavit of Indigence..."* Clearly, Appellees Apostolakis and Smith have provided nothing except bare *FRAUDULENT assertions* in their claim against Grievant's *"Affidavit of Indigence..."* and *"Affidavit"* that were clearly time-stamped (see again, ***"Exhibit #3"***) by the lower court before being then also provided to the higher appellate court; which was afterward *"confirmed"* as a matter of official Court of Appeals' record on 6/15/15. This is shown by **"EXHIBIT #12"** as a printout of the Court of Appeals docketing record that was found just after speaking with Christopher Prine on the phone as reflected in the transcript of that conversation shown in **"EXHIBIT #13"** as supported by Grievant's *"Affidavit of Truth Authenticating Accuracy of Audio Transcript, Crime Report, and Other Documents Proving 'Domestic Terrorism'"* and supporting sworn and notarized *"Affidavit of Truth Authenticating Accuracy of Audio Transcript, Crime Report, and Other Documents Proving 'Domestic Terrorism' Being Carried Out Throughout the Court System Operating in the State of Texas."* (See also ***"Exhibit #13"***)

The ONLY two *"exhibits"* that Appellee Apostolakis could possibly find to support her complete fraudulence upon this TEXAS Court of Appeals happens to be

two rulings in which Grievant has for the past twelve (15) full years been battling because of *domestic terrorist* activities occurring in Southeast Michigan and with the Sixth Circuit Court of Appeals judges turning their heads in denial of the FACTS as they have been fully outlined in this instant Texas Court of Appeals case in the "*Affidavit*" received in the lower court and provided again to this higher Court as "*Exhibit B*" of Grievant's filing of "*'Petition in Motion and Affidavit of Notice of Incorrect Record' and Need to Correct by Addition of Names David Munson and Robin Apostolakis as Co-Appellees*".

**The above-referenced document, as shown in telephone conversation of "*Exhibit #13*" has, thus far, gone completely ignored by the Texas Court of Appeals judges, despite that it was time-stamped and made a part of the instant COA record as shown in "*Exhibit #12*," as also authenticated by sworn and notarized statement submitted to this Court under penalty of perjury.** (Bold emphasis added)

## THE RULINGS PRESENTED BY APPELLEES AS "*EXHIBITS A & B*" ARE BLANTANTLY *FRAUDULENT*, AND EVIDENCE OF *TREASON* AND *DOMESTIC TERRORISM*

As shown in Evidence, it is clear that the underlying source of Appellees' "*exhibits A and B*" has been the FRAUDULENT issuance by the Harris County Court of an "*Early Termination Order Dismissing the Cause*" which, in 1979 was MISREPRESENTED to Grievant – by the (now deceased) Judge Joseph Guarino –

11

to mean that as a matter of law, Grievant had received a *"clean slate"* and a *"second chance"* at constructive citizenship by *"withdrawal of plea,"* by *"dismissal of indictment,"* and by *"set aside of judgment"* in 1979. **(*See* "EXHIBIT #15" as a certified copy of that 1979 document.)**

In the alternative, the FRAUDULENCE of Appellee Robin Apostolakis' *"exhibits A and B"* are the result of the dereliction of duty, the gross negligence, and the malfeasance of the Harris County 183rd District Court and the Texas Department of Public Safety to update criminal history database to reflect judicial rulings and executive clemency. These are records which Harris County's 183rd District Court and the Texas Department of Public Safety had, over the course of a quarter century since 1979 and 1983 respectively, disregarded both the *"judicial"* clemency and *"executive"* clemency documents received by Grievant determining that his NON-FINAL DISPOSITION of *"probation"* in 1974 – as recommended by a jury of *We, The People* – had terminated early (1979) with a *"withdrawal of plea,"* with a *"dismissal of indictment,"* and with a *"set aside of judgment."* (Underlined emphasis added)

**Appellees' *"exhibits A and B"* are thus FRAUDULENT on their face for the simple FACT that they each establish and claim of a Texas criminal conviction where none otherwise *exists* (i.e., see "EXHIBIT #15"); and, in fact, such a *final disposition* NEVER existed (since *probation* is NOT a *final***

*disposition*). On the other hand, both *"exhibits A and B"* are FRAUDULENT because they significantly contain *gross omissions of fact* that numerous patterns of crimes have been committed against Grievant stemming from erroneous documents produced by the State of Texas.

Grievant's sister, Appellee Janette Smith, has long known that Grievant was rendered a pauper after the first several years of exhausting all of his finances fighting the aftermath of the *verified* CORRUPT Michigan Judiciary had chosen in 2006 to interpret Texas laws in such a way as to DENY FULL FAITH AND CREDIT to former Texas Attorney General Dan Morales (DM-349) which had affirmed that such a *"set aside"* (*"Exhibit #14"*) as the one received by Grievant David Schied in 1979 meant *"no conviction exists;"* and the former Texas Attorney General John Cornyn's Opinion (JC-0396) which affirmed that anyone with such a set aside as the one received by Grievant David Schied was not even eligible for a governor's full pardon *"for lack of an object"* to pardon; but in which Grievant Schied had received such a Full Pardon as *"executive clemency"* in 1983 (as inferred in the *"expungement"* document of *"Exhibit #17"*) on top of the 1979 set aside as *"judicial clemency."*

Just as importantly is the FACT that the State of Michigan judiciary, as well as the Michigan Attorney General and various county prosecutors – and the federal courts – have all disregarded the additional FACT that, not only did the Michigan

13

judiciary misinterpret Texas laws governing these varied forms of clemency, but also disregarded **the Evidence that a school district employer (i.e., Sandra Harris of the Lincoln Consolidated School District) had placed an erroneous NONPUBLIC 2003 FBI report into school district's PUBLIC personnel file WITHOUT honoring Grievant's right to *"challenge and correct"* <u>that erroneous FBI report stemming from wrongful information being disseminating from the State of Texas' Department of Public Safety</u>. Moreover, that Michigan judiciary and the Michigan Attorney General also intentionally ignored notices that so too had the second school district officials (i.e., David Bolitho, Leonard Rezmierski and Katy Doerr-Parker of the Northville Public Schools) placed a NONPUBLIC 2004 Texas judgment of *"Agreed Order of Expunction"* into their PUBLIC personnel files.**

Most importantly, the Evidence shows that the Michigan judiciary and the Michigan Attorney General were fully informed that BOTH school districts (Lincoln and Northville) disseminating those erroneous documents stemming from Texas, to other school district officials, were doing so in an overt political effort to assert the abuse their government power. Such Evidence pertains to a class action case that was going on in the Michigan Court of Appeals in 2003 when Grievant first arrived to Michigan with his family and was just beginning to be victimized by Michigan school district officials, Michigan BAR attorneys, Michigan circuit

14

court judges, Michigan county prosecutors in two counties, and the *"assistants"* to the Michigan Attorney General. That class action case involved other systemic abuses by the Michigan Department of Education *"Superintendent"* Michael Flanagan, who was then accused of having constructed and disseminated to all school districts, a master *"list"* of so-called *"convicted schoolteachers"*....**without first verifying the accuracy of the information on that list.** (Bold emphasis)

The Michigan Court of Appeals similarly *dismissed* that case (known as *"Eric C. Frohriep and All Others Similarly Situated v. Michael P. Flanagan et al"*) in 2008 – *corruptly* – so to protect those of their peer group of other government official of the State. **That ruling, along with the Michigan Court of Appeals' *"unpublished"* ruling in Grievant's case(s), which were never actually *"litigated on the merits,"* have resulted in the egregious and unlawful COERCION of public policy, and a continuation of that *treason* and *domestic terrorism.***

**Thus, <u>there leaves the only conclusion</u>: the government of Michigan has been taken over by *domestic terrorists* who are committing *treason*. It appears to be the case here in Texas too with the overwhelming Evidence collected by Grievant David Schied – as already in the lower and higher court records – that Loyd Wright and his cohort Stan Stanart as *"clerk of the court"* have committed serious FRAUD upon the public and upon this Court of Appeals,**

15

along with Texas State BAR attorneys, the Appellees, Robin Apostolakis and David Munson.

## ARGUMENT

As is clearly seen in Appellee Apostolakis' "*Motion to Dismiss*," she readily admits what Grievant has otherwise made well-known as the basis for this instant "*appeal*" to the Texas Court of Appeals: a) that the lower probate court "*judge*" Loyd Wright failed to honor or even address the precept set by the above-referenced United States Supreme Court case of "*Haines v. Kerner*" case allowing "*less stringent standards*" for litigants without attorneys; and, b) that the Loyd Wright instead simply dismissed Grievant's case summarily without providing constitutional due process and Grievant's constitutional right to a jury trial.

Apostolakis cites Tex.R.Civ.P. 99, 103 and 106 in her "*Motion to Dismiss*" as reason for claiming that she was not properly served "*citation,*" which was caused by the dereliction of the Clerk of the Court Stan Stanart's failure to provide the Court's own citation upon receipt of Grievant's documentation naming the co-Appellees. Such dereliction – and **the failure of either the judge or the clerk to notify *pro se*, *sui juris* and/or *forma pauperis* Grievant of possible deficiencies in his following *all* court rules from out-of-state is insufficient justification for Apostolakis attempting to establish as a matter of *fact* that these Appellees**

16

Apostolakis and Smith were not fully aware of the proceedings against them, when that was clearly not the case.

What IS the case is serves that underlying basis for establishing the court rules in the first place – that the parties be fully informed of the claims against them and be provided a fair opportunity to respond – and this case is proven as a matter of FACT in the Exhibits referenced herein above. As shown by the "*Memorandum of Law in Support*...." presented in "***Exhibit #9***" of this "*Response in Opposition and Denial*..." **procedure does not trump substantive rights.** (Bold emphasis added)

It is also a well-established Fact that *pro se* Complaints are to be held "*to less stringent standards than formal pleadings drafted by lawyers*" [*Haines v. Kerner*, 404 U.S. 519 (1972)]. **The simple FACT is that State of Texas BAR attorney Apostolakis – as well as her accompanying BAR member David Munson and the so-called "*judge*" Loyd Wright – has all along been using *color of law and procedure* to criminally deprive Grievant – as well as attorney Apostolakis' own client, Appellee Janette Smith – to the expedient resolve of these proceedings, and the entitlement of this blood brother and sister to their respective "*day in court*,"** so that Grievant Schied can prove Apostolakis' fraudulent written claim **("*Exhibit #2*")** that the Last Will and Testament of Michael Edward Schied is "*invalid*" and "*unenforceable*."

The Evidence in the Lower Court Record demonstrates that there is a *pattern and practice* going on here in which *"judge"* Loyd Wright has chosen to *"dismiss"* Grievant's original *"Complaint"* while disregarding the proverbial *"elephant in the room"* of Grievant's subsequent filing of *"Counter-Complaint and/or Cross-Complaint"* – by which both sets of documents and supporting Exhibits were clearly *"served"* upon the co-Appellees.

In the first *"Complaint"* the Appellees were listed first as Michael Merritt, Wynde Merritt and Janette Smith; however, after the 12/19/14 *"emergency hearing"* – as shown by the *certified* transcript of that hearing (*"Exhibit #7"* attached herein) whereby Loyd Wright treated the *"Complaint"* as a matter of record as a mere *"objection"* requiring Grievant to refile and re-serve the Appellees again as a *Counter-Complaint and/or Cross-Complaint"* – Grievant clearly added AND SERVED Robin Apostolakis and David Munson along with the others (with *"service of process"* this second time through a disinterested and unrelated 3rd party) with a plethora of documents that would ensure that they all would become well-acquainted with the FACT that they ALL had been named as co-Defendants now *"Appellees"* in this instant case.

For those like Appellee Apostolakis, and apparently her client and associate Appellee Janette Smith, who wish to claim that Grievant David Schied *"is a prolific filer and litigant"* who *"has been warned that filing certain claims will*

18

*result in sanctions and he has chosen to ignore that warning,*" Grievant has only to submit "**EXHIBIT #16**" AND "**EXHIBIT #17**" as Evidence that **such** "*warnings*" **have come from domestic terrorists masquerading as state and federal judges that have NEVER** "*litigated*" **or otherwise** *addressed* **the contents and significance of these two exhibits.**

"*Exhibit #16*" is captioned the "*Affidavit of Earl Hocquard,*" a 5-page Affidavit followed by nine (9) certified documents of Evidence showing that as of 2009 – six years after terminating Grievant's employment while denying him his otherwise guaranteed right to *challenge and correct* an erroneous FBI report stemming from the dereliction of the Harris County 183rd District Court and the Texas Dept. of Public Safety – **the business office administrators of the Lincoln Consolidated School District are responding to public FOIA requests by dissemination of the 2003 FBI report which wrongfully showed a status of** "*conviction*" **and disposition of** "*probation*" **a quarter-century after the 183rd District Court** "*judge*" **Joseph Guarino had issued to Grievant judicial clemency and misrepresented to Grievant that he then had a** "*clean slate*" **for the future.** (Bold emphasis added)

"*Exhibit #17*" is also captioned the "*Affidavit of Earl Hocquard,*" except it is a 5-page Affidavit followed by five (5) sets of certified documents showing that as of 2009 – five years after earning two honorable letters of recommendation from

supervisory school principals while employed as a substitute teacher at the Northville Public School District, **the administrators of that school district were also responding to FOIA requests from the public by disseminating through the mail the NONPUBLIC Texas Court order, the "*Agreed Order of Expunction*" which on the face of page 2, paragraph 1 clearly states, "*all release, dissemination or use of the records pertaining to such arrest and prosecution is PROHIBITED*."** (Bold emphasis added)

<u>The Evidence is clear</u>: for the past 13 years, **BOTH school districts in Michigan have been maintaining the erroneous FBI document and Texas "*Agreed Order of Expunction*" in their public personnel files, and disseminating them publicly under FOIA response while DEFRAUDING the courts in claim that they are justified in depriving Grievant of his rights to privacy *under color of law*.** These actions all constitute <u>criminal misdemeanors</u> as violations of both Texas and Michigan legislative statutes, as well as federal crimes. **The cover-up of these "*predicate*" crimes constitute FELONY RACKETEERING AND CORRUPTION. The continuance of this "*pattern and practice*" by officers of the court, by judges, prosecutors, and the attorney generals, constitutes *Treason* and *Domestic Terrorism*.** (Bold emphasis added)

As Appellees' "*exhibits A and B*" demonstrate just two of the fraudulent rulings that fail to address the crimes presented on the merits of Earl Hocquard's

two sworn and notarized Affidavits, Grievant has documented the underlying methodology of these crimes by the State BAR of Michigan attorneys, the regulatory agency of the Michigan Supreme Court's "*Judicial Tenure Commission*" and the "*Attorney Grievance Commission*," as well as state and United States judges altogether disregarding these FACTS and EVIDENCE.

Importantly these actions to deprive Grievant of his rights, his career, his savings, his integrity, and the "*clear slate*" promised to him by former Harris County judge Joseph Guarino, reflect the TRUTH of a <u>non-judicial</u> environment in Michigan where a former Michigan Supreme Court judge (Diane Hathaway) went to federal prison in 2012 while another (Elizabeth Weaver) resigned and wrote the book, "<u>*Judicial Deceit: Tyranny and Unnecessary Secrecy at the Michigan Supreme Court*</u>;" and in a county location where a fiscal "<u>*State of Emergency*</u>" has been issued for the "*Charter County of Wayne*" where most of these crimes are occurring and from whence many of the most corrupt judges of the state either *are*, or have been previously employed.

**Thus, <u>there leaves the only conclusion</u>: the government of Michigan has been taken over by "*domestic terrorists*" who are committing Treason; and it appears to be the case here in Texas too with the overwhelming Evidence collected by Grievant David Schied – as already in the lower and higher court records – that Loyd Wright and his cohort Stan Stanart as "*clerk of the court*"**

– have committed serious FRAUD upon the public and upon this Court of Appeals, along with Texas State BAR attorneys, the Appellees, Robin Apostolakis and David Munson.

## CONCLUSION

WHEREAS, the *exhibits* of Evidence cited above and included as attached references constitute overwhelming Evidence that Grievant has the right NOT to be *dismissed* again *under color of law*, lest criminal allegations be levied against others who, like Loyd Wright, have disregarded and refused to *"litigate the merits"* of Grievant's Statements in Affidavits supported by such Evidence.

Moreover, the Evidence provided herein is sufficient to demonstrate to the judge(s) in review of this motion *"Response..."* and its accompanying *"Brief in Support of Response..."* that the Texas court's *"Early Termination Order Dismissing the Cause"* of 1979 and subsequent *"Agreed Order of Expunction"* a quarter-century later in 2004, have been repeatedly, intentionally, and criminally defied for over a decade by certain *domestic terrorists* presenting themselves as *treasonous* Michigan government *"actors"* who have been tortuously turning a blind eye to the public dissemination of those Texas court orders.

Underscoring the egregiousness of those crimes, being blatantly committed by numerous Michigan judges, is **"EXHIBIT #18."** This exhibit consists of excerpted pages from a summary hearing on Grievant's first circuit court case

22

against Northville Public School District, in which Grievant's attorney had been merely requesting that the judge have the school district administrators simply return and/or destroy the Texas "*Agreed Order of Expunction*" in accordance with the email Evidence showing that promise being made multiple times over the course of the year that it took for the State of Texas to finally correct their records and for a new FBI report to be issued to properly reflect "*no conviction*" and a "*clean slate*" as had been promised a quarter-century earlier by Harris County District Court judge Joseph Guarino.

The excerpted pages of "*Exhibit #18*" shows clearly the flagrant contempt that the Michigan judge Cynthia Diane Stephens had for the judiciary of the State of Texas when ruling that "*[Texas] Expungements are a MYTH*" and that, by her own interpretation of the "*intent*" of the Michigan legislature, an "*expunged [Texas] conviction* [2] *is a lifetime offense [in*

---

[2] This statement itself is a misnomer given the FACT that both the Texas "*Agreed Order of Expunction*" and the Texas laws supporting that court Order both clearly state that what is being "*expunged*" is all remaining records related to the arrest and prosecution. This is because, as demonstrated by the two Texas Attorney General opinions referenced, as well as a plethora of state and federal case law, once receiving EITHER a "*discretionary*" type of set aside such as the one received by Grievant Schied in 1979 OR a governor's *Full Pardon and Restoration of Full Civil Rights*, there is "*no conviction*". Per the Opinion JC-0396, a person receiving the former is not even eligible for the latter "*for lack of an object*" (to pardon). Grievant Schied got BOTH and both the executive and judicial branches of Michigan and the federal courts for the Eastern District of Michigan spit on both the *letter* and the *spirit* of the 1974 jury recommendation and Judge Guarino's 1979 "*Early*

*Michigan]"* despite that a Texas jury of *We, The People* had otherwise decided – based upon hearing the FACTS firsthand – that Grievant should be issued a NON-FINAL DISPOSITION of *"probation"* and the chance to receive a *"clean slate"* by way of an *"early termination"* of that probation. Note that shortly after issuing that ruling, the Michigan Supreme Court promoted *"judge"* Stephens to the Court of Appeals where she resides still today. (Bold emphasis added)

It is noted that the Evidence provided herein, along with the testimony presented in the Affidavits as explained further in this instant filing, altogether encumber the Texas Court of Appeals to report these interstate crimes to the proper federal authorities as Grievant Schied now is doing with his submission of "**EXHIBIT #19**" as a formal CRIME REPORT to the Harris County Prosecutor. This crime report will be also provided to the Texas and Michigan offices of the FBI and to the U.S. Marshalls in both states. As such, the judges in review of this information – if they fail to report these crimes to the proper authorities – become subject to federal criminal prosecution under 18 U.S.C. §4 (*"Misprision of Felony"*) also losing their judicial immunity. Grievant David Schied implores those in operation of this instant Court of Appeals then to simply *do the right thing* to prevent further criminal victimization of Grievant, as required under the Texas

*Termination Order Dismissing the Cause,"* **as well as on Grievant having lived an exemplary life for the next quarter-century <u>in honor of those decisions.</u>**

24

Constitution (Art. I, §30) to take proper action to protect Grievant from *the accused.*

Respectfully submitted,

(all rights reserved)                    12/18/15

_____

## SWORN DECLARATION OF TRUTH

I declare under penalty of perjury that the forgoing is true to the best of my knowledge and belief. If requested, I will swear in testimony to the accuracy of the above if requested by a competent court of law and of record.

Respectfully submitted,

David Schied
P.O. Box 1378
Novi, Michigan 48376
248-974-7703

_____ (all rights reserved)

David Schied                                          Dated: 12/18/15

25

# IN THE PROBATE COURT NO. 1
## OF HARRIS COUNTY, TEXAS

**In the Estate of Michael Edward Schied,**
*Deceased*

**David Schied,**                                                Case No. 434875
*Interested Party Plaintiff /*
*Principal Co-Heir*

---

## PROOF OF SERVICE

---

David Schied – *Pro Per*
P.O. Box 1378
Novi, Michigan 48376
248-946-4016
deschied@yahoo.com

Jeannette Smith – co-beneficiary
c/o Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

Michael Merritt – *executor*
c/o David A. Munson, "*attorney
for the Applicant*" #24032768
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 773380
281-210-3467

I affirm that on November 4, 2014, I mailed by certified U.S. Postal delivery two copies (one "*original*" for the Court and one copy for the judge) copy of the following to the Harris Count Clerk Stan Stanart of the Harris County Probate Courts at 201 Caroline, 6th Floor in Houston, Texas 77002. (The Motion for Filing In addition, by regular 1st Class Mail delivery I mailed copies of the items with asterisk (*) to the parties listed above in care of their attorneys, also named as parties as well as "*representatives*" in this case.

* 1) "*Complaint and Brief in Support of Opposition*" to Michael Ray Merritt's "*Application to Probate Will and for Letters Testimony*" complete with "Exhibits #1-19" in support of statements and arguments in filing;

* 2) "*Motion for Order to Show Cause and to Compel Documents*" *and for Injunctive, Declaratory and other Relief in Actions Taken Thus Far Against Plaintiff's Survivorship Rights; and to Determine the Actual Necessity and Degree of Need for This Court's Further Involvement in the 'Probating of the Remaining Terms of Mickey Schied's Last Will and the Last Aspects of 'Administration' of Mickey Schied's Estate;*"

5

3) "*Statement of Inability to Pay*"

4) "*Motion for Waiver of Court Costs and Fees and for Filing Documents Without E-Filing*"

\* 5) This instant "*Proof of Service*"

by: _____

DATED: 11/4/14

David Schied – *Pro Per*
P.O. Box 1378
Novi, Michigan 48376
248-946-4016
deschied@yahoo.com

6


**USPS.COM**

Search USPS.com or Track Packages

Quick Tools          Ship a Package     Send Mail      Manage Your Mail       Shop       Business Solutions

# USPS Tracking™

**Customer Service ›**
Have questions? We're here to help.

Tracking Number: 9505511072574307678213

**On Time**
**Expected Delivery Day: Thursday, November 6, 2014**

## Product & Tracking Information

**Available Actions**

| Postal Product: | Features: | | Text Updates |
| --- | --- | --- | --- |
| Priority Mail 2-Day™ | $50 insurance included | USPS Tracking™ | Email Updates |

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| November 6, 2014 , 11:04 am | Delivered | SPRING, TX 77380 |

Your item was delivered at 11:04 am on November 6, 2014 in SPRING, TX 77380.

| | | |
| --- | --- | --- |
| November 6, 2014 , 10:47 am | Out for Delivery | SPRING, TX 77380 |
| November 6, 2014 , 10:37 am | Sorting Complete | SPRING, TX 77380 |
| November 6, 2014 , 8:12 am | Arrived at Post Office | SPRING, TX 77380 |
| November 6, 2014 , 4:01 am | Departed USPS Facility | NORTH HOUSTON, TX 77315 |
| November 6, 2014 , 3:51 am | Arrived at USPS Facility | NORTH HOUSTON, TX 77315 |
| November 5, 2014 , 12:56 am | Departed USPS Facility | ALLEN PARK, MI 48101 |
| November 4, 2014 , 8:05 pm | Arrived at USPS Origin Facility | ALLEN PARK, MI 48101 |
| November 4, 2014 , 6:19 pm | Departed Post Office | NOVI, MI 48375 |
| November 4, 2014 , 5:19 pm | Picked Up | NOVI, MI 48375 |
| November 3, 2014 , 7:34 pm | Departed Post Office | NOVI, MI 48376 |
| November 3, 2014 , 6:48 pm | Acceptance | NOVI, MI 48376 |

## Track Another Package

Tracking (or receipt) number

[                              ]   Track It



Search USPS.com or Track Packages

Quick Tools          Ship a Package          Send Mail          Manage Your Mail          Shop          Business Solutions

# USPS Tracking™



**Customer Service ›**
Have questions? We're here to help.

**Tracking Number: 9505511072574307675755**

On Time
**Expected Delivery Day: Thursday, November 6, 2014**

## Product & Tracking Information

| Postal Product: | Features: | |
|---|---|---|
| Priority Mail 2-Day™ | $50 insurance included | USPS Tracking™ |

## Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| November 6, 2014 , 12:21 pm | Delivered | SPRING, TX 77380 |

Your item was delivered at 12:21 pm on November 6, 2014 in SPRING, TX 77380.

| | | |
|---|---|---|
| November 6, 2014 , 10:47 am | Out for Delivery | SPRING, TX 77380 |
| November 6, 2014 , 10:37 am | Sorting Complete | SPRING, TX 77380 |
| November 6, 2014 , 8:46 am | Arrived at Post Office | SPRING, TX 77380 |
| November 6, 2014 , 3:04 am | Arrived at USPS Facility | NORTH HOUSTON, TX 77315 |
| November 5, 2014 , 12:56 am | Departed USPS Facility | ALLEN PARK, MI 48101 |
| November 4, 2014 , 8:08 pm | Arrived at USPS Origin Facility | ALLEN PARK, MI 48101 |
| November 4, 2014 , 6:19 pm | Departed Post Office | NOVI, MI 48375 |
| November 4, 2014 , 5:19 pm | Picked Up | NOVI, MI 48375 |
| November 3, 2014 , 7:34 pm | Departed Post Office | NOVI, MI 48376 |
| November 3, 2014 , 6:45 pm | Acceptance | NOVI, MI 48376 |

## Track Another Package

Tracking (or receipt) number

| Track It |

LEGAL
Privacy Policy ›

ON USPS.COM
Government Services ›

ON ABOUT.USPS.COM
About USPS Home ›

OTHER USPS SITES
Business Customer Gateway ›

2



GAUNTT, EARL & BINNEY, LLP

September 11, 2014

**VIA CERTIFIED MAIL/RRR #7196 9008 9111 2701 1339**
David Schied
P.O. Box 1378
Novi, Michigan 48376

      Re: Estate of Michael E. Schied

Dear Mr. Schied,

Janette Smith has retained our firm to represent her as a beneficiary of the Estate of Michael E. Schied.

At the time of your brother's death, he was a resident of Texas; therefore, Texas probate laws apply. Accordingly, application must first be made to the court to admit the will to probate and then the named executor under the will shall be appointed and receive letters testamentary. Until such time that the will is admitted to probate and the executor appointed, the named executor has no authority to act on behalf of the estate, nor does anyone else. The executor has a fiduciary duty to the estate and must follow the terms of the will. Your brother's will specifically states that his house is to be sold and the proceed split between you and your sister.

Pursuant to Texas law, any accounts with a payable on death or transfer on death designation that are not the decedent's estate and joint accounts with rights of survivorship are not probate estate assets and therefore pass outside of the probate estate and are not subject to bequest under a will. Texas Estates Code Sec. 113.151 controls the disposition of joint accounts with rights of survivorship and states in pertinent part:

> ESTABLISHMENT OF RIGHT OF SURVIVORSHIP IN JOINT ACCOUNT; OWNERSHIP ON DEATH OF PARTY. (a) Sums remaining on deposit on the death of a party to a joint account belong to the surviving party or parties against the estate of the deceased party if the interest of the deceased party is made to survive to the surviving party or parties by a written agreement signed by the party who dies.

The bank account and stock account referenced in the will are both joint accounts with rights of survivorship with Jani; therefore, the accounts automatically passed to Jani's sole ownership upon Michael's death and the estate has no claim or authority over the assets in

the accounts. Simply put, the bequest in the will to you of one-half of the accounts is not valid or enforceable.

Please be advised that I do not represent the estate and any attorney that does only represents the estate itself, not beneficiaries.

If you have any question, I may be contacted Robin.Apostolakis@GEBlawyers.com or at (281) 367-6555.

Sincerely,

Robin L. Apostolakis

3

# IN THE PROBATE COURT NO. 1
# OF HARRIS COUNTY, TEXAS

**In the Estate of Michael Edward Schied,**
*Deceased*

**David Schied,**
*Interested Party Plaintiff /*
*Principal Co-Heir*

Case No. 434875

vs

**Michael Merritt (named "*executor*") and Wynde Merritt ("*co-executor*" by**
**Janette Renee Smith**                                        proxy)
**Robin Apostolakis**
**David Munson**

*Co-Defendants*

---

## AFFIDAVIT OF INDIGENCE AND STATEMENT OF INABILITY TO PAY
## COURT COSTS AND FEES ON APPEAL OF PROBATE COURT RULING

---

| David Schied – *Sui Juris* | Jeannette Smith – co-beneficiary | Michael (*named executor*) and |
|---|---|---|
| P.O. Box 1378 | and Robin L. Apostolakis, attorney | Wynde Merritt (*executor by proxy*) |
| Novi, Michigan 48376 | Gaunte, Earl, & Binney, LLP | and David A. Munson |
| 248-347-1684 | 1400 Woodloch Forest Dr., Ste.575 | 2002 Timberloch Pl., Ste. 200 |
| | The Woodlands, Texas 77380 | The Woodlands, Texas 77380 |
| | | 281-210-3467 |
| April 30, 2015 | Jeannette Smith – co-beneficiary | Michael Merritt and Wynde Merritt |
| | 203 McNair St. | 8526 Hot Springs Dr. |
| | Pea Ridge, Arkansas 72751 | Houston, Texas 77095 |
| | 479-451-8692 | 281-855-2714 |
| | | 713-430-6286 |

WHEREFORE, *Interested Party Plaintiff / Principal Co-Heir* David Schied

relies upon <u>Texas Rules of Appellate Procedure 20.1(a)(2)</u> ("*Establishing*

*indigence by Affidavit*") which states:

> "*A party who cannot pay the costs in an appellate court may proceed
> without advanced payment of costs if: a) A party files and affidavit of indigence in
> compliance with this rule; b) the claim of indigence is not contestable; c) the party
> timely files a notice of appeal.*"

In accordance with the above-cited rule, I, David Schied am providing the

following information in compliance with Texas Rules of Civil Procedure:

## AFFIDAVIT

RECEIVED 2016 MAY 1? AM 1?

1. I am a private American national citizen of the United States of America, privately residing, and privately domiciling outside of a federal district and within a non-militarily occupied private state not subject to the jurisdiction of the United States.

2. I have been domiciled in Michigan since 2003 when, during that year it was discovered that I had been a government crime victim of the Harris County criminal court in **fraudulently issuing a "Early Termination Order of the Court Dismissing the Cause"**, pursuant to Section 5(c) of Article 42.12, which was supposed to have included a *"withdrawal of plea,"* a *"dismissal of indictment,"* and a *"set aside of judgment"* on a probated sentence deemed to effectively provide a *"clean slate"* in 1979 but **which was not actually ever implemented by the State of Texas and instead was maintained as a "*disposition*" of "*conviction*" and with a "*status*" of "*probation*" for the subsequent 25 years,** until it was determined otherwise by the Michigan Court of Appeals in 2006 that such *"conviction"* had remained throughout this time until 2003, even though the Texas Governor Mark White had also provided a *"Full Pardon and Full Restoration of Civil Rights"* in 1983 [despite that Texas Attorney General Dan Morales had opined (DM-349) in 1995 that **anyone receiving such a set aside was not eligible for a pardon for "*lack of an***

2

D: Hello, this is David.

J: (inaudible)

D: Ok, I can barely hear ya'. I've got my volume turned up as loud as I can here. Wait a second, no. There we go, let's try that.

J: Ok, and we are here on...to clarify some things and to uh...consider some of the pleadings about...regarding the Estate of Michael Edward Schied.

D: Thank you very much. May I ask ah, um,...When you say "We are here," I'd like to know who that is and maybe the name of the court reporter in case I need to order a transcript later.

J: The Court Reporter is Don Pylant; and uh, we're here with Mr. Munson representing, I think, the proposed executor.

D: Ok. And um, is Don, uh...could you spell her last name?

J: No, it's D-o-n, Don. It's a gentleman. Uh, sometimes he's a gentleman. P-y-l-a-n-t.

D: "E" as in Edward?

J: No, uh....The last name Pylant, P-y-l-a-n-t

D: Ok.

J: "P" as in Paul.

D: Oh "P." Ok, thank you very much. I have a high frequency hearing loss and consonant sounds are sometimes a problem. Uh, thank you. Are any of the parties here at all? Is my sister represented or anything?

J: I believe she may be in the...she is in the courtroom but she's not at this point in time participating. She's sitting out in the gallery.

D: Ok, thank you.

J: Alone......This is the only hearing we have today.

# IN THE PROBATE COURT NO. 1
## OF HARRIS COUNTY, TEXAS

In the Estate of Michael Edward Schied,
*Deceased*

**David Schied,**
*Interested Party Plaintiff /*
*Principal Co-Heir*

Case No. 434875

*vs*

**Michael Merritt (named "executor") and Wynde Merritt ("co-executor" by**
**Janette Renee Smith**                                                                     **proxy)**
**Robin Apostolakis**
**David Munson**

*Co-Defendants*

## PROOF OF SERVICE

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

Jeannette Smith – co-beneficiary
and Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands. Texas 77380
Jeannette Smith – co-beneficiary
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

Michael *(named executor)* and
Wynde Merritt *(executor by proxy)*
and David A. Munson
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380

Michael Merritt and Wynde Merritt
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714

I affirm that on April 30, 2015, I mailed by <u>certified</u> U.S. Postal delivery copies of all of the following listed documents to the Harris County Clerk Stan Stanart of the Harris County Probate Courts at 201 Caroline, 6th Floor in Houston, Texas 77002; and, each of the documents marked by asterisk (*) were sent to each of the parties listed above by regular First Class mail.

* 1) *Notice of Appeal on Interlocutory and Final Judgment Matters;*
* 2) *Request for Designation of Additional Items to Be Included in the Official Court Record;*
* 3) *Notice of Inaccuracies in the Trial Court Docketing Record in Need to Correct Dates of "Filing" and Document Captions;*
  4) *Affidavit of Indigence and Statement of Inability to Pay Court Costs and Fees on Appeal of Probate Court Ruling* (including a sworn and notarized "*Affidavit*")

5) Accompanying "exhibits" number 1, 2, and 3 (being four pages in total) in support of *Affidavit of Indigence and Statement of Inability to Pay...*";

6) Accompanying "exhibit" #4 (being 24 pages in total) captioned as "*Transcript of Proceedings Recorded on Audio on 12/19/14 in Harris County (Texas) Probate Court No. 1 with Judge Loyd Wright Presiding*";

* 7) This instant "*Proof of Service*"

by:_____

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

2

# IN THE PROBATE COURT NO. 1
## OF HARRIS COUNTY, TEXAS

In the Estate of Michael Edward Schied,
*Deceased*

David Schied,
*Interested Party Plaintiff /.*
*Principal Co-Heir*

Case No. 434875

*"Judge"* Loyd Wright

vs

Michael Merritt (named *"executor"*) and Wynde Merritt (*"co-executor"* by

Janette Renee Smith                                          proxy)

Robin Apostolakis

David Munson

*Co-Defendants*

---

## NOTICE OF APPEAL
## ON INTERLOCUTORY AND FINAL JUDGMENT MATTERS
### and
## REQUEST FOR DESIGNATION OF ADDITIONAL ITEM(S)
## TO BE INCLUDED IN THE OFFICIAL COURT RECORD
### and
## NOTICE OF INACCURACIES IN THE TRIAL COURT "DOCKETING" RECORD
## IN NEED TO CORRECT DATES OF *"FILING"* AND DOCUMENT CAPTIONS

---

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

Jeannette Smith – co-beneficiary
and Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

Michael (*named executor*) and
Wynde Merritt (*executor by proxy)*
and David A. Munson
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380
281-210-3467

Jeannette Smith – co-beneficiary
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

Michael Merritt and Wynde Merritt
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714
713-430-6286

Herein is notice that *Interested Party Plaintiff/Principal Co-Heir* David

Schied is appealing the *Order Granting Motion for No Evidence Summary*

1



# IN THE TEXAS COURT OF APPEALS

In the Estate of Michael Edward Schied,
*Deceased*

David Schied,
*Interested Party Appellant /*
*Principal Co-Heir*

*vs*

Michael Merritt (named *"executor"*) and Wynde Merritt ("*co-executor*" by
Janette Renee Smith                                            proxy)
Robin Apostolakis
David Munson

*Co-Appellees*

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

AUG 1 0 2015

CHRISTOPHER A. PRINE
CLERK _____

Case No. 434875

---

## PETITION FOR *"DESIGNATION OF ADDITIONAL ITEMS"* AND FOR CORRECTING DATES OF *"FILING"* AND DOCUMENT CAPTIONS

---

## *NO* ORAL ARGUMENT IS REQUIRED

8/5/15                    Co-Appellees and Known Counsel

Appellant:

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

Jeannette Smith – co-beneficiary
and Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

Jeannette Smith – co-beneficiary
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

Michael (*named executor*) and
Wynde Merritt (*executor by proxy*)
and David A. Munson
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380
281-210-3467

Michael Merritt and Wynde Merritt
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714
713-430-6286



# IN THE TEXAS COURT OF APPEALS

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

AUG 1 0 2015

CHRISTOPHER A. PRINE
CLERK

**In the Estate of Michael Edward Schied,**
*Deceased*

**David Schied,**                                           Case No. 434875
*Interested Party Appellant /*
*Principal Co-Heir*

        vs

**Michael Merritt (named "executor") and Wynde Merritt ("co-executor" by
Janette Renee Smith                                              proxy)
Robin Apostolakis
David Munson**

                *Co-Appellees*

---

## PETITION IN MOTION AND
## AFFIDAVIT OF NOTICE OF INCORRECT RECORD"
## AND
## NEED TO CORRECT BY ADDITION OF NAMES
## DAVID MUNSON AND ROBIN APOSTOLAKIS AS CO-APPELLEES

---

### *NO* ORAL ARGUMENT IS REQUIRED

8/5/15                    <u>Co-Appellees and Known Counsel</u>

<u>Appellant:</u>

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

Jeannette Smith – co-beneficiary
and Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

Jeannette Smith – co-beneficiary
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

Michael (*named executor*) and
Wynde Merritt (*executor by proxy*)
and David A. Munson
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380
281-210-3467

Michael Merritt and Wynde Merritt
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714
713-430-6286

## IN THE TEXAS COURT OF APPEALS

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

AUG 1 0 2015

CHRISTOPHER A. PRINE
CLERK _____

In the Estate of Michael Edward Schied,
     *Deceased*

David Schied,
    *Interested Party Plaintiff/*
    *Principal Co-Heir*

Case No. 434875

*vs*

Michael Merritt (named *"executor"*) and Wynde Merritt (*"co-executor"* by
Janette Renee Smith                                proxy)
Robin Apostolakis
David Munson
           *Co-Defendants*

## CERTIFICATE OF SERVICE

August 5, 2015

      <u>Co-Defendants and Known Counsel</u>

<u>Appellant:</u>

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

Robin L. Apostolakis, attorney
Jeannette Smith – co-beneficiary
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

David A. Munson
Michael (*named executor*) and
Wynde Merritt (*executor by proxy*)
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380
281-210-3467

Jeannette Smith – co-beneficiary
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

Michael Merritt and Wynde Merritt
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714
713-430-6286

I hereby certify that on 8/5/15 I sent by U.S. Post Office "Priority" delivery to the Texas Court of Appeals, as well as to the above named five named co-appellees (Michael Merritt, Wynde Merritt, Jannette Smith, David Munson, and Robin Apostolakis) at the addresses also indicated above, individual copies of the following documents:

1) *Petition for Designation of Additional Items and for Correcting Dates of 'Filing' and Document Captions*;

2) *Petition in Motion and Affidavit of Notice of Incorrect Record and Need to Correct by Addition of Names David Munson and Robin Apostolakis as co-Appellees*;

3) This "Certificate of Service"

4) SASE and request for time-stamped copies

Respectfully submitted,

*Please time-stamp this page too.*

4

## IN THE PROBATE COURT NO. 1
## OF HARRIS COUNTY, TEXAS

In the Estate of Michael Edward Schied,
*Deceased*

David Schied,                                       Case No. 434875
*Interested Party Plaintiff /*
*Principal Co-Heir*

---

**"*COMPLAINT AND BRIEF IN SUPPORT OF OPPOSITION*" TO MICHAEL RAY MERRITT'S "*APPLICATION TO PROBATE WILL AND FOR LETTERS TESTIMONY*"**
and
**"*MOTION FOR ORDER TO SHOW CAUSE AND TO COMPEL DOCUMENTS*" AND FOR INJUNCTIVE, DECLARATORY AND OTHER RELIEF IN ACTIONS TAKEN THUS FAR AGAINST PLAINTIFF'S *SURVIVORSHIP* RIGHTS, AND TO DETERMINATE THE ACTUAL NECESSITY AND DEGREE OF NEED FOR THIS COURT'S FURTHER INVOLVEMENT IN THE "*PROBATING*" OF THE REMAINING TERMS OF MICKEY SCHIED'S *LAST WILL* AND THE LAST ASPECTS OF "*ADMINISTRATION*" OF MICKEY SCHIED'S ESTATE"**

**Plaintiff's Reservation of Right to a Trial by Jury is Preserved**

---

| | | |
|---|---|---|
| David Schied – *Pro Per* | Jeannette Smith – co-beneficiary | Michael Merritt – *executor* |
| P.O. Box 1378 | c/o Robin L. Apostolakis, attorney | c/o David A. Munson, "*attorney* |
| Novi, Michigan 48376 | Gaunte, Earl, & Binney, LLP | *for the Applicant*" #24032768 |
| 248-946-4016 | 1400 Woodloch Forest Dr., Ste.575 | 2002 Timberloch Pl., Ste. 200 |
| deschied@yahoo.com | The Woodlands, Texas 77380 | The Woodlands, Texas 77380 |
| | 281-367-6555 | 281-210-3467 |

---

Interested Party Plaintiff and principal co-heir to the Estate of Michael

Edward Schied, older brother David Schied, does file this complaint against co-heir

1

# IN THE PROBATE COURT NO. 1
## OF HARRIS COUNTY, TEXAS

In the Estate of Michael Edward Schied,
*Deceased*

David Schied,
*Interested Party Plaintiff /*
*Principal Co-Heir*

Case No. 434875



---

## PROOF OF SERVICE

---

| | | |
|---|---|---|
| David Schied – *Pro Per* | Jeannette Smith – co-beneficiary | Michael Merritt – *executor* |
| P.O. Box 1378 | c/o Robin L. Apostolakis, attorney | c/o David A. Munson, *"attorney* |
| Novi, Michigan 48376 | Gaunté, Earl, & Binney, LLP | *for the Applicant"* #24032768 |
| 248-946-4016 | 1400 Woodloch Forest Dr., Ste.575 | 2002 Timberloch Pl., Ste. 200 |
| deschied@yahoo.com | The Woodlands, Texas 77380 | The Woodlands, Texas 773380 |
| | 281-367-6555 | 281-210-3467 |

I affirm that on November 4, 2014, I mailed by certified U.S. Postal delivery two copies (one *"original"* for the Court and one copy for the judge) copy of the following to the Harris Count Clerk Stan Stanart of the Harris County Probate Courts at 201 Caroline, 6th Floor in Houston, Texas 77002. (The Motion for Filing In addition, by regular 1st Class Mail delivery I mailed copies of the items with asterisk (*) to the parties listed above in care of their attorneys, also named as parties as well as *"representatives"* in this case.

* 1) *"Complaint and Brief in Support of Opposition"* to Michael Ray Merritt's *"Application to Probate Will and for Letters Testimony"* complete with "Exhibits #1-19" in support of statements and arguments in filing;

* 2) *"Motion for Order to Show Cause and to Compel Documents"* and for *Injunctive, Declaratory and other Relief in Actions Taken Thus Far Against Plaintiff's Survivorship Rights; and to Determine the Actual Necessity and Degree of Need for This Court's Further Involvement in the 'Probating of the Remaining Terms of Mickey Schied's Last Will and the Last Aspects of 'Administration' of Mickey Schied's Estate;"*

5

3) *"Statement of Inability to Pay"*

4) *"Motion for Waiver of Court Costs and Fees and for Filing Documents Without E-Filing"*

* 5) This instant *"Proof of Service"*

by:_____

DATED: 11/4/14

David Schied – *Pro Per*
P.O. Box 1378
Novi, Michigan 48376
248-946-4016
deschied@yahoo.com

6



English          Customer Service          USPS Mobile                                        Register / Sign In


**USPS.COM**                                                          Search USPS.com or Track Packages

Quick Tools                    Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

## USPS Tracking™

Customer Service ›
Have questions? We're here to help.

Tracking Number: 9505511072574307679609

On Time
**Expected Delivery Day: Thursday, November 6, 2014**

## Product & Tracking Information

## Available Actions

**Postal Product:**              **Features:**
Priority Mail 2-Day™              $50 insurance included      USPS Tracking™          Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
| --- | --- | --- |
| November 6, 2014 , 10:28 am | Delivered | HOUSTON, TX 77002 |

Your item was delivered at 10:28 am on November 6, 2014 in HOUSTON, TX 77002.

| | | |
| --- | --- | --- |
| November 6, 2014 , 9:59 am | Sorting Complete | HOUSTON, TX 77002 |
| November 6, 2014 , 8:55 am | Arrived at Post Office | HOUSTON, TX 77002 |
| November 6, 2014 , 4:41 am | Arrived at USPS Facility | HOUSTON, TX 77201 |
| November 5, 2014 , 12:56 am | Departed USPS Facility | ALLEN PARK, MI 48101 |
| November 4, 2014 , 8:06 pm | Arrived at USPS Origin Facility | ALLEN PARK, MI 48101 |
| November 3, 2014 , 7:34 pm | Departed Post Office | NOVI, MI 48376 |
| November 3, 2014 , 6:52 pm | Acceptance | NOVI, MI 48376 |

## Track Another Package

**Tracking (or receipt) number**

Track It

**LEGAL**                    **ON USPS.COM**                  **ON ABOUT.USPS.COM**           **OTHER USPS SITES**
Privacy Policy ›             Government Services ›            About USPS Home ›               Business Customer Gateway ›
Terms of Use ›              Buy Stamps & Shop ›              Newsroom ›                      Postal Inspectors ›
FOIA ›                      Print a Label with Postage ›     USPS Service Alerts ›           Inspector General ›
No FEAR Act EEO Data ›      Customer Service ›               Forms & Publications ›          Postal Explorer ›
                            Delivering Solutions to the Last Mile ›   Careers ›             National Postal Museum ›
                            Site Index ›

**USPS.COM**    |    Copyright© 2014 USPS. All Rights Reserved.

English        Customer Service        USPS Mobile                                            Register / Sign In

 **USPS.COM**

Search USPS.com or Track Packages

Quick Tools          Ship a Package     Send Mail     Manage Your Mail     Shop     Business Solutions

# USPS Tracking™

✉ **Customer Service ›**
Have questions? We're here to help.

Tracking Number: 9505511072574307678213

**On Time**
**Expected Delivery Day: Thursday, November 6, 2014**

## Product & Tracking Information

## Available Actions

**Postal Product:**
Priority Mail 2-Day™

**Features:**
$50 insurance included

USPS Tracking™

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| November 6, 2014 , 11:04 am | Delivered | SPRING, TX 77380 |

Your item was delivered at 11:04 am on November 6, 2014 in SPRING, TX 77380.

| | | |
|---|---|---|
| November 6, 2014 , 10:47 am | Out for Delivery | SPRING, TX 77380 |
| November 6, 2014 , 10:37 am | Sorting Complete | SPRING, TX 77380 |
| November 6, 2014 , 8:12 am | Arrived at Post Office | SPRING, TX 77380 |
| November 6, 2014 , 4:01 am | Departed USPS Facility | NORTH HOUSTON, TX 77315 |
| November 6, 2014 , 3:51 am | Arrived at USPS Facility | NORTH HOUSTON, TX 77315 |
| November 5, 2014 , 12:56 am | Departed USPS Facility | ALLEN PARK, MI 48101 |
| November 4, 2014 , 8:05 pm | Arrived at USPS Origin Facility | ALLEN PARK, MI 48101 |
| November 4, 2014 , 6:19 pm | Departed Post Office | NOVI, MI 48375 |
| November 4, 2014 , 5:19 pm | Picked Up | NOVI, MI 48375 |
| November 3, 2014 , 7:34 pm | Departed Post Office | NOVI, MI 48376 |
| November 3, 2014 , 6:48 pm | Acceptance | NOVI, MI 48376 |

## Track Another Package

Tracking (or receipt) number

[                                          ]     Track It


**USPS.COM**

Search USPS.com or Track Packages

| Quick Tools | Ship a Package | Send Mail | Manage Your Mail | Shop | Business Solutions |

# USPS Tracking™

Customer Service ›
Have questions? We're here to help.

Tracking Number: 9505511072574307675755

On Time
Expected Delivery Day: **Thursday, November 6, 2014**

## Product & Tracking Information

**Postal Product:**
Priority Mail 2-Day™

**Features:**
$50 insurance included

USPS Tracking™

## Available Actions

Text Updates

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| November 6, 2014 , 12:21 pm | Delivered | SPRING, TX 77380 |

Your item was delivered at 12:21 pm on November 6, 2014 in SPRING, TX 77380.

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| November 6, 2014 , 10:47 am | Out for Delivery | SPRING, TX 77380 |
| November 6, 2014 , 10:37 am | Sorting Complete | SPRING, TX 77380 |
| November 6, 2014 , 8:46 am | Arrived at Post Office | SPRING, TX 77380 |
| November 6, 2014 , 3:04 am | Arrived at USPS Facility | NORTH HOUSTON, TX 77315 |
| November 5, 2014 , 12:56 am | Departed USPS Facility | ALLEN PARK, MI 48101 |
| November 4, 2014 , 8:08 pm | Arrived at USPS Origin Facility | ALLEN PARK, MI 48101 |
| November 4, 2014 , 6:19 pm | Departed Post Office | NOVI, MI 48375 |
| November 4, 2014 , 5:19 pm | Picked Up | NOVI, MI 48375 |
| November 3, 2014 , 7:34 pm | Departed Post Office | NOVI, MI 48376 |
| November 3, 2014 , 6:45 pm | Acceptance | NOVI, MI 48376 |

## Track Another Package

Tracking (or receipt) number

Track It

LEGAL
Privacy Policy ›

ON USPS.COM
Government Services ›

ON ABOUT.USPS.COM
About USPS Home ›

OTHER USPS SITES
Business Customer Gateway ›

# IN THE PROBATE COURT NO. 1
# OF HARRIS COUNTY, TEXAS

In the Estate of Michael Edward Schied,
*Deceased*

David Schied,                                          Case No. 434875
    *Interested Party Plaintiff/*
    *Principal Co-Heir*

---

# MOTION
# FOR WAIVER OF FEES,
# FOR DEFAULT JUDGMENT,
# AND
# TO EXPEDITE COURT ACTION WITHIN 10 DAYS
# WITHOUT HEARING

---

## Plaintiff's Reservation of Right to a Trial by Jury is Preserved

---

David Schied – *Pro Per*
P.O. Box 1378
Novi, Michigan 48376
248-946-4016
deschied@yahoo.com

Jeannette Smith – co-beneficiary
c/o Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

Michael Merritt – *executor*
c/o David A. Munson, "*attorney*
*for the Applicant*" #24032768
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 773380
281-210-3467

---

Interested Party Plaintiff and principal co-heir to the Estate of Michael Edward Schied, older brother David Schied, does file this instant Motion based upon his undisputed previous filing which was delivered to co-beneficiary Jeannette Smith and executor Michael Merritt over four weeks ago and left blatantly without any response back.

1

# IN THE PROBATE COURT NO. 1
## OF HARRIS COUNTY, TEXAS

**In the Estate of Michael Edward Schied,**
*Deceased*

**David Schied,**                                            Case No. 434875
*Interested Party Plaintiff /*
*Principal Co-Heir*

## PROOF OF SERVICE

| David Schied – *Pro Per* | Jeannette Smith – co-beneficiary | Michael Merritt – *executor* |
|---|---|---|
| P.O. Box 1378 | c/o Robin L. Apostolakis, attorney | c/o David A. Munson, *"attorney* |
| Novi, Michigan 48376 | Gaunte, Earl, & Binney, LLP | *for the Applicant"* #24032768 |
| 248-946-4016 | 1400 Woodloch Forest Dr., Ste.575 | 2002 Timberloch Pl., Ste. 200 |
| deschied@yahoo.com | The Woodlands, Texas 77380 | The Woodlands, Texas 77380 |
| | 281-367-6555 | 281-210-3467 |

I affirm that on December 4, 2014, I mailed by certified U.S. Postal delivery a
copy of:

1) *Motion for Waiver of Fees, for Default Judgment, and to Expedite Court
   Action Within 10 Days Without Hearing*;
2) This instant *"Proof of Service"*

to each of the co-beneficiary and executor listed above through their respective
attorneys at the addresses indicated.

by:

DATED: 12/4/14

David Schied – *Pro Per*
P.O. Box 1378
Novi, Michigan 48376
248-946-4016
deschied@yahoo.com

17

# IN THE PROBATE COURT NO. 1
## OF HARRIS COUNTY, TEXAS

In the Estate of Michael Edward Schied,
*Deceased*

David Schied,
        *Interested Party Plaintiff /*
        *Principal Co-Heir*

Case No. 434875

---

# EMERGENCY MOTION
## IN DEMAND FOR IMMEDIATE HEARING
## (PRIOR TO 12/19/14 SCHEDULING CONFERENCE)
## UPON THIS INSTANT REPORT OF FRAUD IN THE COURT RECORD,
## FOR
## DECLARATORY RULING ON THE TRUTHFULNESS OF
## TEXAS PROBATE COURT CLERK KIMBERLY HIGHTOWER'S
## ASSERTATION THAT A HEARING IS REQUIRED ON PREVIOUSLY FILED
## MOTION "TO EXPEDITE COURT ACTION WITHIN 10 DAYS
## WITHOUT HEARING"
## AND
## FOR DEFAULT JUDGMENT
## IN ACCORDANCE WITH PREVIOUSLY FILED *"MOTION FOR*
## *DEFAULT JUDGMENT"* THAT WAS FOR SOME REASON NEVER
## FILED YET 'SERVED' AND BASED ON OTHER PARTIES' FAILURE
## TO PROPERLY "ANSWER" AND "SERVE" ANSWER WITHIN
## THE REQUIRED TIME GUIDELINES FOR PROPER RESPONSE

### Plaintiff's Reservation of Right to a Trial by Jury is Preserved

---

David Schied – *Pro Per*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684
NEW PHONE NUMBER
deschied@yahoo.com

Jeannette Smith – co-beneficiary
c/o Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
robin.apostolakis@geblawyers.com
281-367-6555

Michael Merritt – *executor*
c/o David A. Munson, *"attorney*
*for the Applicant"* #24032768
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380
dmunson@davidamunsonpc.com
281-210-3467

---

1

# FedEx
**Express** NEW Package US Airbill

Tracking Number: **8066 6772 3761**

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

Form ID 0200

**1 From** *Please print and press hard.*

Date: 12/16/14

Sender's FedEx Account Number: SENDER'S FEDEX ACCOUNT NUMBER ONLY

Sender's Name: David Schied    Phone: 248-247-1684    248-974-7703

Company: private person

Address: P.O. Box 1378

City: Novi    State: Michigan    Zip: 48376

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.

**3 To**

Recipient's Name: Stan Stanart — Clerk    Phone:

Company: Harris County Civil Courthouse

Address: 201 Caroline, Houston, Texas 77002

Address: P.O. Box 1525

City: Houston    State: Texas    Zip:

HOLD Weekday
HOLD Saturday

**4 Express Package Service** *To most locations.*
NOTE: Service order has changed. Please select carefully.

**Next Business Day**
- [ ] FedEx First Overnight
- [x] FedEx Priority Overnight
- [ ] FedEx Standard Overnight

**2 or 3 Business Days**
- [ ] FedEx 2Day A.M.
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

Packages up to 150 lbs.

**5 Packaging**
- [ ] FedEx Envelope
- [x] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling and Delivery Signature Options**
- [ ] SATURDAY Delivery
- [x] No Signature Required
- [ ] Direct Signature
- [ ] Indirect Signature

**Does this shipment contain dangerous goods?**
- [x] No
- [ ] Yes As per attached Shipper's Declaration
- [ ] Yes Shipper's Declaration not required
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** *Bill to:*
- [ ] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [x] Cash/Check

Total Packages: 1    Total Weight: 2 lbs.    Total Declared Value: $100.00

Rev. Date 1/12 • Part #167022 • ©2012 FedEx • PRINTED IN U.S.A. ERF

644

**Easy new Peel-and-Stick airbill. No pouch needed.**
Apply airbill directly to your package. See directions on back.

**FedEx.**    Ship    Track    Manage    Learn    FedEx Office ®

My Profile | Support | Locations | English    Search

Login

## FedEx ® Tracking

### 806667723761

| Ship date :<br>Tues 12/16/2014 | | Actual delivery :<br>Wed 12/17/2014 10:46 am |
|---|---|---|
| NOVI, MI US | **Delivered**<br>Signed for by: M.SABALA | HOUSTON, TX US |

## Travel History

| ▲ Date/Time | Activity | Location |
|---|---|---|
| 12/17/2014 - Wednesday | | |
| 10:46 am | Delivered | HOUSTON, TX |

## Shipment Facts

| Tracking number | 806667723761 | Service | FedEx Standard Overnight |
|---|---|---|---|
| Special handling section | Deliver Weekday | | |

**FedEx.**      Search

**Customer Focus**
New Customer Center
Small Business Center
Service Guide
Customer Support

**Company Information**
About FedEx
Careers
Investor Relations

**Featured Services**
FedEx One Rate
FedEx SameDay
FedEx Home Delivery
Healthcare Solutions
Online Retail Solutions
Packaging Services
Ancillary Clearance Services

**Other Resources**
FedEx Compatible
Developer Resource Center
FedEx Ship Manager Software
FedEx Mobile

**Companies**
FedEx Express
FedEx Ground
FedEx Office
FedEx Freight
FedEx Custom Critical
FedEx Trade Networks
FedEx SupplyChain
FedEx TechConnect

**Follow FedEx**

United States - English

© FedEx 1995-2015      Global Home | Site Map | fedex.com Terms of Use | Security and Privacy

https://www.fedex.com/apps/fedextrack/?tracknumbers=806667723761&cntry_code=us

**SECOND DAY OF REPEAT DELIVERY (No acknowledgment to first): URGENT RESENDIN**    Thursday, December 18, 2014 1:33 PM
**G: Wrong draft of motion sent in last email**

From: "David Schied" <deschied@yahoo.com>

To: Kimberly.Hightower@prob.hctx.net    dmunson@davidamunsonpc.com    janiofpr@yahoo.com    Susie.Rowley@Prob.hctx.net

robin.apostolakis@geblawyers.com

Cc: iamagranny3@cox.net

**1 Files    198KB    Download All**
PDF    198KB

Mot&Dem
and4Imme
dHearingo

Save

Since I have not heard anything back to the message sent out with the RIGHT digital file of the Motion delivered to the Court yesterday, I am resending it again to the Clerk and Coordinator of the Probate Court for passing along to the (thus far unnamed) Presiding Judge for this case for review prior to tomorrow morning's hearing.

Again, an acknowledgment of receipt of this resent CORRECT motion will be appreciated since these last two days of "service" of these items are made in good faith attempt to provide the favored "Electronic Service" to the attorneys of record and to the Presiding Judge of a courtesy copy, along with notice that the initial "Motion" was the wrong one so the need to provide the attached file as a replacement.

Cordially yours,
David Schied

Disclaimer: This e-mail is covered by the Electronic Communication Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged. The accompanying message and any attachments are for the sole use of the intended recipients and may contain proprietary and/or confidential information which may be privileged or otherwise protected from disclosure. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipients, please contact the sender by reply email and destroy the original message and any copies of the message as well as any attachments to the original message. Thank you for your cooperation.

--- On Wed, 12/17/14, David Schied <deschied@yahoo.com> wrote:

> From: David Schied <deschied@yahoo.com>
> Subject: URGENT RESENDING: Wrong draft of motion sent in last email
> To: Kimberly.Hightower@prob.hctx.net, dmunson@davidamunsonpc.com, janiofpr@yahoo.com, Susie.Rowley@Prob.hctx.net,
robin.apostolakis@geblawyers.com
> Cc: iamagranny3@cox.net
> Date: Wednesday, December 17, 2014, 8:24 PM
> To Probate Court Coordinator Kimberly
> Hightower, Probate Court Clerk Susie Rowley, Attorney for
> Jani Smith...Robin Apostolakis, Jani Smith, Attorney for
> Michael Merritt:
>
> Please note that in reviewing the files that I sent to you
> about three hours ago, I discovered that I had inadvertently
> sent the wrong draft of my actual "Motion..." despite that
> all of the Exhibits that I sent to you came from the
> appropriate folder from my computer. (The Motion that I sent
> to you was the one that I had saved in a different location
> on my computer when I was preparing the cover page to be
> sent to the Probate Court "coordinator" Kimberly Hightower
> as she had commanded in order for me to get authorization
> for her to schedule the hearing for Friday.
>
> As a result of that mix-up of files from yesterday, the
> "Motion" file (by the same name as that which is attached
> herein) was the WRONG (INCOMPLETED) FILE. Please note that
> the one attached has a DIFFERENT cover page and contents,
> including the appropriate dates on the cover pages and the
> appropriate information on the "Proof of Service."
>
> I ask you all to each disregard the MOTION ONLY from
> the last email and substitute this instant attachment as a
> copy of the COURT ORIGINAL that was delivered today to the
> Probate Court. Again, the "Motion" itself sent in the last
> email about three hours ago was the WRONG draft and you need
> to accept and substitute the attachment to this email for
> that previous one.. Further, please be advised that ALL
> ATTACHED ITEMS OF "EXHIBITS' ARE STILL EXACT COPIES OF WHAT
> THE COURT RECEIVED. (It was only the "motion" that was
> inadvertently sent wrongly, for which this instant email
> serves to correct that error.)
>
> The cover page of the attached, as the copy of the motion
> received by the Court today for filing is called:
>

**URGENT RESENDING: Wrong draft of motion sent in last email**                    Wednesday, December 17, 2014 8:24 PM

From:  "David Schied" <deschied@yahoo.com>

To:  Kimberly.Hightower@prob.hctx.net   dmunson@davidamunsonpc.com   janiofpr@yahoo.com   Susie.Rowley@Prob.hctx.net

robin.apostolakis@geblawyers.com

Cc:  iamagranny3@cox.net

**1 Files   198KB     Download All**
PDF    198KB

Mot&Dem
and4Imme
dHearingo

Save

To Probate Court Coordinator Kimberly Hightower, Probate Court Clerk Susie Rowley, Attorney for Jani Smith...Robin Apostolakis, Jani Smith, Attorney for Michael Merritt:

Please note that in reviewing the files that I sent to you about three hours ago, I discovered that I had inadvertently sent the wrong draft of my actual "Motion..." despite that all of the Exhibits that I sent to you came from the appropriate folder from my computer. (The Motion that I sent to you was the one that I had saved in a different location on my computer when I was preparing the cover page to be sent to the Probate Court "coordinator" Kimberly Hightower as she had commanded in order for me to get authorization for her to schedule the hearing for Friday.

As a result of that mix-up of files from yesterday, the "Motion" file (by the same name as that which is attached herein) was the WRONG (INCOMPLETED) FILE. Please note that the one attached has a DIFFERENT cover page and contents, including the appropriate dates on the cover pages and the appropriate information on the "Proof of Service."

I ask you all to each disregard the MOTION ONLY from the last email and substitute this instant attachment as a copy of the COURT ORIGINAL that was delivered today to the Probate Court. Again, the "Motion" itself sent in the last email about three hours ago was the WRONG draft and you need to accept and substitute the attachment to this email for that previous one.. Further, please be advised that ALL ATTACHED ITEMS OF "EXHIBITS' ARE STILL EXACT COPIES OF WHAT THE COURT RECEIVED. (It was only the "motion" that was inadvertently sent wrongly, for which this instant email serves to correct that error.)

The cover page of the attached, as the copy of the motion received by the Court today for filing is called:

"EMERGENCY MOTION IN DEMAND FOR IMMEDIATE HEARING (PRIOR TO 12/19/14 SCHEDULING CONFERENCE) UPON THIS INSTANT REPORT OF FRAUD IN THE COURT RECORD, FOR DECLARATORY RULING ON THE TRUTHFULNESS OF TEXAS PROBATE COURT CLERK KIMBERLY HIGHTOWER'S ASSERTATION THAT A HEARING IS REQUIRED ON PREVIOUSLY FILED MOTION "TO EXPEDITE COURT ACTION WITHIN 10 DAYS WITHOUT HEARING"
AND FOR DEFAULT JUDGMENT IN ACCORDANCE WITH PREVIOUSLY FILED "MOTION FOR DEFAULT JUDGMENT" THAT WAS FOR SOME REASON NEVER FILED YET 'SERVED' AND BASED ON OTHER PARTIES' FAILURE TO PROPERLY "ANSWER" AND "SERVE" ANSWER WITHIN THE REQUIRED TIME GUIDELINES FOR PROPER RESPONSE"

Note that the WRONG COPY that I sent to all of you about three hours ago - which you should disregard and otherwise destroy as it is NOT the right one - is captioned:

"EMERGENCY MOTION IN DEMAND FOR IMMEDIATE HEARING (PRIOR TO 12/19/14 SCHEDULING CONFERENCE) UPON THIS INSTANT REPORT OF FRAUD IN THE COURT RECORD AND FOR DECLARATORY RULING ON THE TRUTHFULNESS OF TEXAS PROBATE COURT CLERK KIMBERLY HIGHTOWER'S ASSERTATION THAT A HEARING IS REQUIRED ON PREVIOUSLY FILED MOTION "TO EXPEDITE COURT ACTION WITHIN 10 DAYS WITHOUT HEARING"

Please let me know you have received this correction and the RIGHT attachment of motion as pinned to this email. Thank you.

Cordially yours,
David Schied

Disclaimer: This e-mail is covered by the Electronic Communication Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged. The accompanying message and any attachments are for the sole use of the intended recipients and may contain proprietary and/or confidential information which may be privileged or otherwise protected from disclosure. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipients, please contact the sender by reply email and destroy the original message and any copies of the message as well as any attachments to the original message. Thank you for your cooperation.

**Sent as courtesy upon your demand to determine whether filing is an "Emergency" base**    Tuesday, December 16, 2014 12:31 PM
**d on motion title**

From: "David Schied" <deschied@yahoo.com>

To: "Kimberly (Probate Courts)Hightower" <Kimberly.Hightower@prob.hctx.net>

**1 Files    163KB    Download All**
PDF    163KB

CoverPag
eforEmerg
encyMotio

Save

Greetings Ms. Hightower and To Whomever Else It May Concern at Probate Court No. 1:

I am sending the attached cover page that we spoke about over the phone in which you told me of the following:

That in order to have an "emergency motion" filed on your Probate Court No. 1 docket, you - along with the Staff Attorney and the Judge - need to determine whether my document filing constitutes an "emergency." How this does not constitute pre-judicial decision-making and a predetermination of a filing prior to due process reading and a formal decision by the Court, I cannot imagine. Nevertheless, since you appeared only confused by my attempt to read the motion over the phone, and since you insisted that I sent to you the cover page to you by email for determination TODAY of whether you will assign a hearing date prior to Friday's scheduling of a "conference" for the purpose of SETTING TRIAL, I am sending to you the attachment in good faith that you will get back to me as promised by the end of the day today with your determination.

Please note that in reference to what I told you over the phone, I am filing this "Emergency Motion...for Declaratory Ruling..." base, in part, upon your refusal to provide me with answers to what I sent to you on 12/11/14 as shown below. In addition, I am filing this motion to report Fraud Upon the Court based upon your Court's failure to properly file my documents as otherwise "served" upon the Court, and instead filing attorney Munson's "Answer" on the docket without questioning the integrity of his documents. I contend that his documents are fraudulent and my motion contains reasoning why, along with supporting cause to believe that you and other Clerks of the court are tainting and dragging out this case - rather than to provide me with a "Default Judgment" on my earlier filings - in order to fleece my brother's estate.

As a final note since you already know that I have been balking and disagreeing with your doing favors for attorney Munson to "skip" a scheduling conference and to expedite the scheduling of a Jury Trial the premise that I am "contesting" the Will and while knowing that I am ONLY contesting the "Application" of Michael Merritt and see no reason for the continued involvement of attorney Munson beyond the review of all my Evidence and a ruling on the Default Judgment given that nobody responded to my initial filing within the required 20+3 days.....I will most certainly be attending that Friday hearing IN PROTEST and without cooperation in those proceedings, based on the reasoning I intend to present instead in this Emergency Motion.

If you deny scheduling for my Emergency Motion to be held prior to Friday's "conferencing" event, please provide:

1) The explicit reason(s) for the denial;
2) The NAMES as well as the titles of all those involved with that decision.

In any event, I wish to know if there has been a judge assigned to this case, and if so, what is that person's name.
Additionally, I wish to know the name of the "Staff Attorney" that you spoke about during our call a few minutes ago.

I shall expect to hear from you then by the end of today. Thank you for taking my call.

Note also that as I had informed you that I was not yet completed with the construction of this Motion, I reserve all right to change the wording, intent, or anything else currently being represented on the face of my motion as attached by cover page. It is still a work in progress and NOT subject to sharing with any other parties or their attorneys with interest in this case.
Cordially yours,
David Schied

Disclaimer: This e-mail is covered by the Electronic Communication Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged. The accompanying message and any attachments are for the sole use of the intended recipients and may contain proprietary and/or confidential information which may be privileged or otherwise protected from disclosure. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipients, please contact the sender by reply email and destroy the original message and any copies of the message as well as any attachments to the original message. Thank you for your cooperation.

--- On Thu, 12/11/14, David Schied <deschied@yahoo.com> wrote:

> From: David Schied <deschied@yahoo.com>
> Subject: RE: 434,875 - Schied Estate - Scheduling Conference
> To: "Kimberly (Probate Courts)Hightower" <Kimberly.Hightower@prob.hctx.net>
> Cc: "janiofpr@yahoo.com" <janiofpr@yahoo.com>, "Sharon Hay" <iamagranny3@cox.net>, "Susie (Probate Courts)Rowley" <Susie.Rowley@Prob.hctx.net>
> Date: Thursday, December 11, 2014, 10:50 AM
> Kimberly Hightower:
>
> So as I read what you have
> written below, you are claiming that your Texas Probate
> Court sets for jury trial an objection to any initial filing
> for "Application (by any individual) to Probate Will
> and for Letters Testimony (to be issued by the
> "applicant") and that a hearing MUST be schedule
> for a "Motion for Default Judgment..." on a
> previously-filed "Motion for Show Cause and to Compel
> Documents" when such "Motion for Default..."
> stipulated on the cover page a move for the Probate Court

> judge to execute such a default judgment "WITHOUT
> HEARING"?        Am I right?
>
> If I am wrong about any
> section of the above, please explain each particular section
> of the above - in detail - that I have misunderstood by
> using the following as a helpful guide for explanation:
>
> 1) So as I read what you have
> written below, you are claiming that your Texas Probate
> Court -
>
> 2) sets for jury
> trial an objection to any initial filing for
> "Application (by any individual) to Probate Will and
> for Letters Testimony (to be issued by the
> "applicant") -
>
> 3) and that a hearing MUST be schedule for a
> "Motion for Default Judgment..." on a
> previously-filed "Motion for Show Cause and to Compel
> Documents" -
>
> 4) when
> such "Motion for Default..." stipulated on the
> cover page a move for the Probate Court judge to execute
> such a default judgment "WITHOUT HEARING" -
>
> For each phrase of the content
> of the message above, please indicate a YES or NO, and if
> "NO" then please explain fully.
>
> I need this information in
> writing as I do not wish to engage in anything that is not
> fully recorded at this time for further reference as I
> understand how your Texas Probate Court is operating.
>
> If all of the above is correct
> and the answer to each section is "YES" then I
> would like to schedule such hearing for as soon as possible.
> Tomorrow perhaps.
>
> Also,
> given that you have NOT provided me with the requested links
> to the relevant Texas Court Rules, please provide me with
> the location to where I might find (from out of state) the
> location of information that governments the process by
> which hearing notices are sent out and the number of days
> required of such notice, by what method the hearing notices
> are to be provided to the Court as "proof of
> service", etc. or whether the Court provides such
> notice and service themselves.
>
> Cordially yours,
> David Schied
>
> Disclaimer: This e-mail is covered by the
> Electronic Communication Privacy Act, 18 U.S.C. Section
> 2510-2521 and is legally privileged. The accompanying
> message and any attachments are for the sole use of the
> intended recipients and may contain proprietary and/or
> confidential information which may be privileged or
> otherwise protected from disclosure. Any unauthorized
> review, use, disclosure or distribution is prohibited. If
> you are not the intended recipients, please contact the
> sender by reply email and destroy the original message and
> any copies of the message as well as any attachments to the
> original message. Thank you for your cooperation.
>
> ------------------------------------
> On Wed, 12/10/14, Hightower, Kimberly (Probate
> Courts) <Kimberly.Hightower@prob.hctx.net>
> wrote:
>
> Subject: RE: 434,875 -
> Schied Estate - Scheduling Conference
> To:
> "David Schied" <deschied@yahoo.com>
> Cc: "ianiofpr@yahoo.com"
> <ianiofpr@yahoo.com>,
> "Sharon Hay" <iamagranny3@cox.net>,
> "Rowley, Susie (Probate Courts)" <Susie.Rowley@Prob.hctx.net>,
> "David A. Munson (dmunson@davidamunsonpc.com)"
> <dmunson@davidamunsonpc.com>

**Re: Case: 434875 - Motion for Default Judgment on No Challenge to Objection of Executo**    Thursday, December 4, 2014 12:29 PM
**r and for Issue of Show Cause Order**

From:   "Jani Smith" <janiofpr@yahoo.com>

To:   "David Schied" <deschied@yahoo.com>

Cc:   "Susie (Probate Courts)"Rowley" <Susie.Rowley@Prob.hctx.net>   "David A. Munson" <dmunson@davidamunsonpc.com>

  "robin.apostolakis@geblawyers.com" <robin.apostolakis@geblawyers.com>   "Sharon Hay" <iamagranny3@cox.net>

David Schied received 30,000 from the estate back in October, so I am unclear as to why he is asking for fees to be waived. In my opinion, if he want's to put a stop to things moving forward, then he SHOULD have to pay for that himself.
Sincerely,
Jani Smith (his sister)

Sent from my iPhone

On Dec 4, 2014, at 10:18 AM, David Schied <deschied@yahoo.com> wrote:

> Dear Ms. Rowley,
>
> Please accept the attachment that has gone out in today's mail as served upon the other parties and their counsel, by this email, and by First Class Mail. Please note that the attached Motion requests for Orders to be delivered WITHOUT ORAL HEARING.
>
> Thank you.
>
> Cordially yours,
> David Schied
>
> Disclaimer: This e-mail is covered by the Electronic Communication Privacy Act, 18 U.S.C. Section 2510-2521 and is legally privileged. The accompanying message and any attachments are for the sole use of the intended recipients and may contain proprietary and/or confidential information which may be privileged or otherwise protected from disclosure. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipients, please contact the sender by reply email and destroy the original message and any copies of the message as well as any attachments to the original message. Thank you for your cooperation.

> <Mot4DefaultJudgment&toExpedite.pdf>

Dear Ms. Susie Rowley,

Please explain to me about "your"
office. Today is the first I've heard about "your" office, and I have no information about either you or your office. I was just responding to what Mr. Munson had written as his FIRST CORRESPONDENCE since his initial filing with the Court.

Are you under authority of the Probate Court?
and is Mr. Munson engaging you in off-the-record favors or "ex-parte" communications that might prejudice this case?

Cordially
yours,
David Schied

Disclaimer: This e-mail is covered by the Electronic Communication Privacy Act, 18 U.S.C. Section
2510-2521 and is legally privileged. The accompanying message and any attachments are for the sole use of the intended recipients and may contain proprietary and/or confidential information which may be privileged or otherwise protected from disclosure. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipients, please contact the sender by reply email and destroy the original message and any copies of the message as well as any attachments to the original message. Thank you for your cooperation.

On Thu, 12/4/14, Rowley, Susie (Probate Cou:ts) <Susie.Rowley@Prob.hctx.net>
wrote:

Subject: RE: Case:
434875 - Motion for Default Judgment on No Challenge to Objection of Executor and for Issue of Show Cause Order
To: "David Schied" <deschied@yahoo.com>, "David A. Munson" <dmunson@davidamunsonpc.com>, "Jani Smith" <janiofpr@yahoo.com>,
"robin.apostolakis@geblawyers.com"
<robin.apostolakis@geblawyers.com>
Cc: "Sharon Hay" <iamagranny3@cox.net>
Date: Thursday, December 4, 2014, 12:23 PM

The court cannot consider
any motions that are e-mailed directly to the Court. You must file the motion with the Clerk's office. The motion can then can be brought to our office
for consideration.

Susie
Rowley

----Original
Message----
From: David Schied [mailto:deschied@yahoo.com]

Sent: Thursday, December 04,
2014 10:18 AM
To: Rowley, Susie (Probate
Courts); David A. Munson; Jani Smith; robin.apostolakis@geblawyers.com
Cc: Sharon Hay
Subject:
Case:
434875 - Motion for Default Judgment
on No Challenge to Objection of Executor and for Issue of Show Cause Order

Dear Ms.
Rowley,

Please accept the
attachment
that has gone out in today's
mail as served upon the other parties and their counsel, by this email, and by First Class Mail. Please note that the attached Motion requests for
Orders to be delivered WITHOUT ORAL HEARING.

Thank you.

Cordially
yours,
David Schied

Disclaimer: This e-mail is covered by the Electronic Communication Privacy Act, 18 U.S.C. Section
2510-2521 and is legally privileged. The accompanying message and any attachments are for the sole use of the intended recipients and may contain proprietary and/or confidential information which may be privileged or otherwise protected from disclosure. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipients, please contact the sender by reply email and destroy the original message and any copies of the message as well as any attachments to the original message. Thank you for your cooperation.

5

## SUMMONS

**NOTICE TO THE DEFENDANTS:**

1. You are being sued.
2. You may employ an attorney.
3. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

**ISSUED:** 01/14/2015
**COURT CLERK:** Stan Stanart

\* **If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.**

## PROOF OF SERVICE

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that in regard to the above-referenced case number 434875 pertaining to the Estate of Michael Edward Schied as filed in the Harris County, Texas Probate Court No. 1 with presiding judge Loyd Wright, I issued service of the following list of documents to the Court and to the following Defendant or Co-Defendants as indicated by check mark:

☑ Michael Merritt – named *"executor"*/defendant
and David A. Munson – attorney/defendant
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 773380

☑ Jeannette Smith – co-beneficiary/defendant
and Robin L. Apostolakis – attorney/defendant
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

☑ Jeannette Smith – co-beneficiary/defendant
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

☑ Michael Merritt – named *"executor"*/defendant
and Wynde Merritt – "co-executor" by proxy
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714
713-430-6286

2

**List of Documents:**

1) This instant Summons and "Counter-Complaint" and/or "Cross-Complaint in "Citation" (Rule 99);"

2) *"Sworn and Notarized Affidavit of Interested Party Plaintiff/Co-Heir David Schied Affirming Truth in Depicted Content and Certifying the Previous Delivery of All Evidence to Co-Defendants Michael Merritt and Jannette Smith as Referenced by the Accompanying 'Counter-Complaint...' and 'Formal Joinder...' and as Referenced by the Previously-Filed 'Complaint and Brief in Support of Opposition...Motion for Order to Show Cause and to Compel Documents...' That Had Also Been Previously Delivered to Michael Merritt, Jannette Smith, and Their Respective Attorneys of Robin Apostolakis and David Munson in Early November 2014;"*

3) *"'Counter-Complaint' and/or 'Cross-Complaint' and Brief in Support of Opposition to Michael Ray Merritt's 'Application to Probate Will and for Letters Testimony' and Formal 'Joinder' of Janette Renee Smith as Co-Defendant in Case in Which Argument Has Already Been Presented By Plaintiff/Co-Heir David Schied in Favor of Probating The Will as 'Miniment of Title' So to Preserve Assets of the Estate of Michael Edward Schied;"*

4) Docket Control Order (2 pages);

5) Expert Witness Designation

6) Certificate of Service completed by *Interested Party Plaintiff/Co-Principal Heir David Schied*

\* Note that an *"original"* of all of the above documents PLUS the added documents as listed below, was also mailed via Certified Mail delivery to the Harris County "Clerk of the Court" Stan Stanart, at Probate Court No. 1 located at the address cited below:

A) *"Statement of Inability to Pay;"*
B) *"Motion for Waiver of Court Costs and Fees and for Filing Documents Without E-Filing;"*
C) Self-Addressed Stamped Envelope (SASE) and Cover Letter written by David Schied and addressed to Stan Stanart in request for time stamps and return of cover pages for all of the documents listed as #1-6 above and A-B herein.

> Harris County Clerk Stan Stanart
> Administrative Offices for Probate
> Court No. 1
> Harris County Civil Courthouse
> 201 Caroline
> Houston, Texas 77002

**Method of Service:**

I certify that I served the "*Citation*" by certified mail, return receipt requested, as authorized by Rule 106 (Tx.C.Civ.Proc.) the above-listed documents, with the intent of completing this "*Proof of Service*" with my notarized signature below, once I have received "*return service*" of the signature cards confirming delivery of my mailings.

My name is Barbara Ann Schied. I have no interest in the outcome of this case and have no blood or current marriage relationship to the *Interested Party Plaintiff/Co-Principal Heir* David Schied. My date of birth is April 6, 1965, and my preferred contact address is: 2124 Morley Street, Simi Valley, California, USA

I declare under penalty of perjury that the foregoing is true and correct.
Executed in Oakland County, State of Michigan on the 14th day of January, 2015.

✓ If box is checked then copies of the signed and returned Certified delivery confirmation cards are included with this "*Proof of Service.*"

Barbara Schied _____ x Barbara Schied
(Declarant)

The natural person, Barbara Schied ,appeared before me on 1-26-15 subscribed and solemnly swore before me on this date, in affirmation and declaration, that the statements contained above, are true and correct to the best of her knowledge.

Subscribed and sworn before me on 1-26-15 in Oakland

County, Michigan" My commission expires on 08-01-2021

acting in Oakland _____ County, Michigan.

x Elizabeth Robinson _____ Seal:
(signature of notary)

ELIZABETH ROBINSON
Notary Public - Michigan
Oakland County
My Commission Expires Aug 1, 2021
Acting in the County of Oakland

4

6

No. 434,875

| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| MICHAEL EDWARD SCHIED, | § | NO. ONE |
| | § | |
| DECEASED | § | HARRIS COUNTY, TEXAS |

ORDER GRANTING
MOTION FOR NO EVIDENCE SUMMARY JUDGMENT

On *the day*, 2015, the Court considered the MOTION FOR NO EVIDENCE SUMMARY JUDGMENT, and after reviewing the evidence and hearing the arguments, the Court finds there is no evidence of one or more of the following elements of disqualification under Texas Estates Code §304.003 as plead or objected to in the *COMPLAINT AND BRIEF IN SUPPORT OF OPPOSITION*" TO MICHAEL RAY MERRITT'S *"APPLICATION TO PROBATE WILL AND FOR LETTERS TESTIMONY"* and *"MOTION FOR ORDER TO SHOW CAUSE AND TO COMPEL DOCUMENTS"* AND FOR INJUNCTIVE, DECLARATORY AND OTHER RELIEF IN ACTIONS TAKEN THUS FAR, AGAINST PLAINTIFF'S *SURVIVORSHIP* RIGHTS, AND TO DETERMINATE THE ACTUAL NECESSITY AND DEGREE OF NEED FOR THIS COURT'S FURTHER INVOLVEMENT IN THE *"PROBATING"* OF THE REMAINING TERMS OF MICKEY SCHIED'S *LAST WILL* AND THE LAST ASPECTS OF *"ADMINISTRATION"* OF MICKEY SCHIED'S ESTATE and finds that the Motion should be **GRANTED**.

IT IS THEREFORE ORDERED that DAVID SCHIED'S *COMPLAINT AND BRIEF IN SUPPORT OF OPPOSITION"* TO MICHAEL RAY MERRITT'S *"APPLICATION TO PROBATE WILL AND FOR LETTERS TESTIMONY"* and *"MOTION FOR ORDER TO*

4

*SHOW CAUSE AND TO COMPEL DOCUMENTS"* AND FOR INJUNCTIVE, DECLARATORY AND OTHER RELIEF IN ACTIONS TAKEN THUS FAR AGAINST PLAINTIFF'S *SURVIVORSHIP* RIGHTS, AND TO DETERMINATE THE ACTUAL NECESSITY AND DEGREE OF NEED FOR THIS COURT'S FURTHER INVOLVEMENT IN THE *"PROBATING"* OF THE REMAINING TERMS OF MICKEY SCHIED'S *LAST WILL* AND THE LAST ASPECTS OF *"ADMINISTRATION"* OF MICKEY SCHIED'S ESTATE is hereby **DISMISSED.**

This judgment finally disposes of all parties and all claims and is appealable.

**SIGNED** on April 7 , 2015.

JUDGE PRESIDING

FILED
2015 APR -8 AM 10: 21
COUNTY CLERK
HARRIS COUNTY, TEXAS

5

7

D: Hello, this is David.

J: (inaudible)

D: Ok, I can barely hear ya'. I've got my volume turned up as loud as I can here. Wait a second, no. There we go, let's try that.

J: Ok, and we are here on…to clarify some things and to uh…consider some of the pleadings about…regarding the Estate of Michael Edward Schied.

D: Thank you very much. May I ask ah, um,…When you say "We are here," I'd like to know who that is and maybe the name of the court reporter in case I need to order a transcript later.

J: The Court Reporter is Don Pylant; and uh, we're here with Mr. Munson representing, I think, the proposed executor.

D: Ok. And um, is Don, uh…could you spell her last name?

J: No, it's D-o-n, Don. It's a gentleman. Uh, sometimes he's a gentleman. P-y-l-a-n-t.

D: "E" as in Edward?

J: No, uh…The last name Pylant, P-y-l-a-n-t

D: Ok.

J: "P" as in Paul.

D: Oh "P." Ok, thank you very much. I have a high frequency hearing loss and consonant sounds are sometimes a problem. Uh, thank you. Are any of the parties here at all? Is my sister represented or anything?

J: I believe she may be in the…she is in the courtroom but she's not at this point in time participating. She's sitting out in the gallery.

D: Ok, thank you.

J: Alone…..This is the only hearing we have today.

D: Yes sir, thank you.

J: And so, let me...let cut kinda' short circuit some things...Uh, you're pro se, or what we call pro se, and when you file something initially that challenges or contests or complains about someone who may be...uh...appointed under a will, the language doesn't have to be precise. It creates what we call a "contest;" meaning...you disagree that the person who is named in the will shouldn't be appointed executor. And from there it becomes a lawsuit...and it can only be resolved by settlement or a bench trial before me, or a jury trial. So when we get individuals who aren't attorneys...and...and, you spent a lot of time putting together things...uh...but we have to accept that as...that this isn't just an uncontested appointment anymore, this is a contested matter that requires the rules of...uh...discovery, rules of evidence, and uh...becomes in fact sort of like a mini-lawsuit about who should serve as executor. You're not challenging the Will, it's my understanding. When you filed...and you may want to clarify this...but what you filed challenges who should serve as executor.

D: Uh, that correct...uh...to the point that recently I had found that Texas has the...uh...Muniment of Title(?), and I'd like to find out how...and I uh, uh...understand from the Muniment of Title that you don't even have to have an executor. Uh, we don't even have to have a full-blown....uh...administration of this thing. All we do is just, uh...uh...it's kinda' like what the uh...uh Uniform Probate Code says, which is that you call upon the Court....uh...to handle a few uh...simple matters, and...and there is no complications with my brother's case...There is no debt to my knowledge. Uh, half of the Estate...uh, at least all money portion has been uh...uh...uh...except for a checking account has been disseminated. Uh...I have no paperwork of anything. That's the only thing I'm...I've been askin' for information, information, information, and nobody...everybody's just stonewalling me. And, and that's the purpose of my uh...motion for uh...uh...uh, Show Cause and for uh, uh...getting uh...to compel documents. And uh, besides that, uh...it's my understanding with

this Muniment of Title, uh...under Texas law, which is similar to...to the Uniform Code...uh...Probate Code, which basically asks the Court to just be involved on uh...the settlement certain simple issues, and that there...needs to be no executor, and that's uh...that's where I started...uh...but didn't know the name of it under Texas law until just recently when I filed this last motion...I found out it's called Muniment of Title.

J: Well there is that procedure here....and it is in it's primary...one primary uh...requirements are there are no debts for descendants of the estate and no need for administration. Uh, but the w... but the option to...choose which way to probate this matter is typically the person named in the Will. And we have what are called "suspended administration" where...(inaudible talking with someone else..."he was, I'm sorry, he was...)...We're talking about...uh...(inaudible to a man)...So you represent...

D: Uh, I'd like to...uh, uh...qualify that, that the uh...Even though Mr. Merritt...

J: Uh...let me finish....

D: Oh, yes sir.

J: Hang on...I'm just talking to...(inaudible...to Jannette Smith?)...Is this you're...(inaudible)...Ok, so you're just observing...(inaudible word)...Ok....Uh...(inaudible)...(back to phone?) Uh...yes...We could do a Muniment of Title as an option, but the person named in the Will who is appointed by the person who's passed away as the executive... uh, is typically it's their option as to how to proceed upon the advice of counsel. Uh...and I'll let Mr. Munson proceed to uh...you know, the choice of how this is being probated...But...y...yes...you're right. It's...It's typically there has to be a certain threshold of requirements to Muniment of Title. But it's also not mandatory. It can be uh...If the executor named in the Will, who ultimately gets appointed, determines that they need certain things to happen in the Estate, and they need the authority that an executor would have, then it's their choice to how to proceed in the probate. Uh...now we have a... independent

executor in Texas, is essentially someone who uh…serves after they're appointed without court supervision, except they file an inventory. So it's intended to be a very simple, non-costly process…but if…then that's kinda' where we are…uh…And I suppose there could be a discussion of options, but that's really not my call…and…the…the challenge for who is appointed…. really creates what can be a fairly expensive process to….not, you know…to get to the point where it's determined that that person can serve or not serve.

D: May I interrupt sir?

J: Yes

D: Alright, I…I have heard you a…few times here…uh, use the word "the" and "person" …singular. I don't think you've…that that doesn't indicate you have read the Will….The Will actually names a secondary individual to serve as executor if the first person finds himself…or maybe somebody finds himself not suitable…uh, in one way or another. Per the Will, which I do not contest in any way whatsoever…I'm only asking for a reinforcement of it, which _does_ say that there needs to be some paperwork, some documentation. I can't remember the name…the…the word that was used in the Will, but there needs to be some accountability for uh…the uh, you know…what…what's there…or what _was_ there. And so um…ah...There is a secondary person by the name of Clay Drummond, which was written…uh…very soon into my…my initial filing in objection to…uh…to Michael Merritt. I, my whole first file to the Court explains why I…I disagree with Michael Merritt based on his past action already to find him unsuitable and that the next person in line…I would have no problem with…uh…doing all…having all the commands that you're talking about, including making it a Muniment of Title and just stepping back. But…

J: Well…the problem…The problem with that is…because…just because you say it's so doesn't make it so. That's why we have lawsuits; and that's why it becomes a process where you have to present evidence why someone is unsuitable. You can't just state it in a pleading. Uh….If

things worked out that way then…uh…the court system would just fail altogether. There's just no way to resolve things because one person's pleadings are gonna' conflict with another person's pleadings, and there's gotta' be a way to resolve it…which is through…a lawsuit. And so, yes, you have a secondary executor but the primary appointment has to be disqualified or lawfully found to be unsuitable…or not able to serve…before you go to that secondary choice.

D: May I interrupt again?

J: It is not a matter of you writing in a pleading that you don't think somebody should serve. That is just not good enough.

D: Well, if…if you don't mind my…my interjecting again…I, I believe that what makes "good enough" is uh…is, is, due process; and uh…If something has been filed as I have filed it and something is not responded to within the uh…within the court rules period of time, which I think is 21 days plus the Monday following a three day additional period of…you know, uh…something like that…uh, and um…And *IF* one was to consider the so-called "answer" and "amended answer" of Mr. Munson, uh…those, uh…uh which were filed fully 30 days by electronic filing and *AFTER* I had noticed him on my default n…uh…uh, at the same time I was trying to c…convey something to Kimberly Hightower…that um…that I had filed a…because he had not responded and because uh…uh…Jani Smith's…uh…attorney did *not* respond to anything that I filed in my initial filing…there's…I think that the due process says that…that I'm entitled to a default judgment if I file for a motion for default judgment.

J: No, you're wrong.

D: Ok.

J: Because…ac…actually when he filed his application to appoint his client, Mr. Munson. That is the initial pleading. You filed something that had challenged the appointment of who would serve as executor. That…that's the lawsuit. Actually, Mr. Munson had n…never filed another thing, the lawsuit has been joined…and…unless you decide to nonsuit…or ya'll settle it or it

goes to a bench trial an expensive jury trial…it can't be resolved. It can be resolved by a motion for summary judgment down the road if you can prove…uh…through documentary evidence…that…as a matter of law someone shouldn't be able to serve…but otherwise, it's the…the…documents that have been filed only create a cause of action. They don't resolve anything.

D: I understand…uh…I…I comprehend what you're saying. I'm just taking a couple of notes here if you don't mind… (pause)…I would to just say that, um, I have been making every effort to do what you were talking about which is uh…to uh, find some means of uh, uh…getting uh…some kind of remedy besides making this a full-blown trial over the issue…of one single issue and that is the suitability of Michael Merritt…which, as you say, I need to prove uh…under uh…as a matter of law.

J: Well, no, you…once y…a summary judgment would be a way to prove something in the matter of law. If you get into a bench trial before just me or a jury trial, uh…with a six person jury or a twelve person jury, then you could prevai…prevail based on preponderance of the evidence…which is slightly over fifty-percent. So there are ways to…to, uh…a summary judgment is a way that through documentary evidence – paper – you can prevail…but you have prevail there as a matter of law. You have to…um…show that the other side has really no case in…in it's…can prevail over your case. I got it that…it's sort of a…layperson's viewpoint of it, but… But you uh…if you go to a trial, it's just like any other trial that you've probably heard about or…or are familiar with. In a civil matter, it's…the test is a preponderance of the evidence. So if a jury found someone to be unsuitable based upon a preponderance of the evidence…uh…and was a 5-1 or 10-2 verdict uh…then you, then you would prevail. I mean if you've got a person, someone, to agree, or me, or the jury that a particular individual shouldn't serve under the Estates Code…then you would prevail in that. I…I mean I wouldn't…I know you have…uh…reservations about who will serve. I mean… the whole point is…is that you

need to prove why that person shouldn't serve...and they would then have the opportunity to defend themselves and offer contradictory evidence.

D: Yes sir. Well, and...and Judge Wright, if um...I may...uh that uh...what you called an ans...I guess...The initial action was the application and...my...what I had filed as a Complaint and Objection and a Motion for...uh...Show Cause...uh...you...if, if I got you right...you considered that something of an answer to the initial filing. But that included a motion. And...so far, you know, I'm not gettin' service from the Court on the motion that I filed because it was a motion for Show Cause and to Compel Documents. And so, do we need to go to a summary hearing and trial before motions are heard, because I think that the...the court rules said that motions get heard first. And that's part of the...scheduling conference, I guess...uh...you know to set all that thing up months ahead of how we're going through discovery and all that other kinda' stuff. I...what I was sayin' before was I've been tryin' to...to circumvent all this myself by just communicating with my sister, but she's not...She's not talking to me one iota. And...and she hasn't been, and all I'm askin' for is documents...and...and

J: That...that's part of the discovery process. I mean you can uh...file a request uh...to answer interrogatories or request for production. Uh...There are all sorts of discovery documents that you can file to try to obtain documents...uh...that are relevant to what you...uh...what you file. A Show Cause has to be...uh...if there's an Order of Show Cause issued, which I don't believe there has been, that order is then served with the Motion for the pleading on the individuals who has to be produced to show cause, and then they appear based on that Show Cause. So really you haven't...uh...The Show Cause hasn't been done in the proper manner.

D: Well uh...

J: You have to understand you're talking to people who have uh...my staff has served under three different probate judges. I'm just a layman...and...I was a probate attorney for 27 years. So

your...your putting a lot of effort into this...and **your gonna' get heard**...and the issue you seem to be concerned about is joined. So uh...but that's where we are right now. All you've created is a lawsuit. And...uh...you can do certain things. You can have a hearing on certain days. Uh...For instance, if you file a request for production or interrogatories and they're not responded to in a timely fashion. You can do a motion to compel. And there are all sorts of things you can do. But even as a pro se person...uh...representing themselves. But...but we're just in the initial stages of a lawsuit. I mean that really where we are. Then you get a docket control order which sets out a bunch of deadlines for things to occur to completing discovery. So that's really where we are today. There's...other than me confirming with you and you uh...don't want the first person named in the Will to serve, which then creates the lawsuit that I've been referencing. I mean that's about all we can do. If...If you hadn't filed what you filed...and I'm not saying that's right or wrong...what would have happened is this would have been put on a non...uh...contested uncontested Will docket. The Will would have been admitted to probate. This person would have been then appointed, and then they would have 90 days to file an inventory of assets and they would proceed with administering the Estate under the Will...and doing what the Will told them to do. Uh...but we have...uh...contests all the time to individuals serving...Uh, but that all we ar...but that where we are right now. Uh, there's nothing summarily today that can be done. There's no default. There's no uh...There's nothing I can say definitely as to whether this person should serve or not as we sit here today.

D: That uh...I comprehend what you are saying sir. Um...I did wanna' uh...clarify something that I also heard you say, because I am listening to what you're saying. Ah, you said that the...the person uh...for the Show Cause would have to be served. Well I did serve my sister, and I served...the'll...there are only two that are involved and I served them both...

J: Well

D: ...with the Show Cause motion.

J: The service is...Your...your concept of service is different from what's required. Service on a Show Cause requires a constable...you know, an officer of the Court...uh...Harris County constable usually...or someone else substituting for that constable to take documents and go to the individual who you want served, and to personally serve it on them. You've served documents under uh...missing terms of getting it to the attorney and even the individuals. But a show cause requires somethin' personal...It's just like a lawsuit. It requires it to be handed to that person...uh...personally.

D: Alright, I'm comprehending what you're saying there and...and...

J: Let me...let me clarify, what starts a probate matter's a little different...and just under the statutes...When you file an application to probate a Will there is issued a...a citation, which you may have seen a copy of, that requires you to respond within a certain period of time through the probate if you have a...a challenge or a contest. That kinda' notice is posted at the...at the courthouse. It's uh...And so it's a notice to the general public. It's not like a constable handing you a copy of a lawsuit. So that's...and that's proper. I mean that's the way service is done in these Will matters. And so now you...you've had notice that that's occurred. You filed your pleading which is getting the most important part that you don't want that person to serve. And so we have two allegations. We have...well we have an allegation that the Will should be probated; and then we have an allegation for a...a...uh...an attempt to appoint someone under the Will to serve as executor and you've challenged through your uh...pleadings...that that person should serve. So that...that's the challenge. And each side now has the opportunity to prove their things. You can prove that uh...with evidence you can prove, you know, using the statutes and the laws of the State of Texas, you can prove – if you can – that that person shouldn't serve, and that Munson would say, or would challenge that and say "no, he should serve" and here's why. And you bring forward your evidence. He brings forward his evidence, and there's a decision by a judge or a jury...

D: I see. Um, and uh...As an alternative to all of that...uh...the...the applicant Michael Merritt, if he wanted to, could step back and withdraw his application as well. I would imagine.

J: He...he could. I mean the individuals can take...uh...whatever actions they...they want to. I mean you...you...there can be a settlement in some fashion. I don't know what becomes to that would be, and I don't know if...you know each side...all parties have to agree to the settlement.

D: I totally agree a...a...

J: And that's something that can happen. I'm just trying to tell you that...that if...it...it will be probably uh...I would say it'd be a half-day trial...to a day...and...and there would be discovery. Uh, whatever allegations you think you can prove...and Mr. Munson would...you know, do his due diligence on behalf of his client. And so, he's not...it's...it's gonna'...It would be a fairly expensive process for a small estate. Uh...but for what I'm gathering...it's essentially in the grand scheme of things a fairly small estate. It doesn't mean its small in meaning. I just means in terms of cash value, it's not...it's not a large estate. It's a...So, so that's where you are. I mean I would suggest that...that you try to...you know I know there's a lot of personal history in this. There always is in a family and...and...who should serve and...I would just suggest you try to uh...You know you also should try to approach this as a practical matter which it sounds like you have in a...in a way when you suggest Muniment of Title. I don't...I don't know if that would a...an option...uh...But...but it just gets expensive and...it...The primary basis for you to challenge somebody serving is if you don't think they will do what the Will says. And...it is in layman's terms...and if you...That's where we are. Because you just basically want to make sure that...whatever you're awarded or uh...divised and bequeathed under the Will comes to you. And that's the bottom line...That's what made in the judgment...and...you want to try to minimize debt and expenses and maximize what comes to the beneficiaries. So...I'm not trying to tell you what to do...but...but what you've done is essentially created something that precedes event of significance.

D: Well, and that's based on...as you caught it...the uh...the premise that...that I disagree with uh...and based on all the evidence that nobody's heard and nobody's looking at, and I have to go through a whole lengthy process to...to prove...Ah...because I'll only be submitting the same things that I...I've submitted before, and any discovery done on me is already in the file. Ah...so...I've mean I've been merry...been very meticulous to making sure that everything that's been associated with this case is already in the Court file. It's just making sure that the Court actually gets it filed once I send it to 'em that's what uh...seemed to be the problem.

J: Well we...we've gotten...We...We don't. Here's the way it goes now especially and the rules are more difficult actually for the pro se pleading, or can be because we have shifted to E-filing which is electronic filing...meaning we can accept paper....in certain circumstances, we can accept paper and basically try to help out pro se to advance their point of view. But specifically now we're in an electronic filing system where things, you know, file digitally and electronically; and uh...So that's...That's where...That's been a little bit of a problem. We've got, to my knowledge, what you've filed. So Mr. Munson has the allegations...uh...and ya'll just...and we'll just let him...uh...you know, absorb those allegations and see what he thinks and what his client thinks; and then ya'll 'll talk about how you want to uh...to handle this...to...to see if it can be resolved in some fashion.

D: Uh...I'm just saying there. Um...Uh, I appreciate your giving me this time also. Ah, that the a... uh...one of the two things is that um...uh...and...and I'd like to address 'em both before uh...letting any one of them be a counter...in any way...Uh, one of them is that uh...uh...you want Mr. Munson to think about the uh...this filing stuff and...and reflect on this uh...the E-filings...but I think that should be thought about for both of us because while I've been reading the Court rule, and I placed it in my most recent motion today, and that is that Mr...Mr. Munson, despite the E-filing rule that says I have to be signing something in writing in order to accept service by e-mail, uh..Mr. Munson seems to take it upon himself to serve me any way

he wants to, in email and otherwise....and I disagree with that because I made myself clear and I put that evidence in the record as well that uh...that I do not wish to be served uh...by e-mail...that uh... I don't want to take the chance of my private e-mail being spammed. I've got a lot of stuff in here and reason why I don't want to be served by email. And uh...I...I've been trying to be c...compliant with the service of everything by uh...by mail myself...and uh...and according to the Court rules I'd just like to make sure that everybody's just playing _by_ the rules instead of just doing whatever they feel like doin'. That's number one. The second thing is that uh, uh...uh...Mr. Munson does not represent my sister. And uh...I have been making every effort that I can to contact my sister, to...to leave uh, text messages uh...to uh...to work...try to get my mom...to uh to you know, to have my sister, you know, my sister is telling my mom she's gonna' be sending pictures of what she took out of the house and...and took out of state, and see...but she seems to be having this social life that just...and her busy-ness of her daily busy-ness is just...she's too busy to take care of any of this stuff. And so I can understand how all of that...You know it's not just my filing here sir that is costing this Estate. I think that everybody, all these parties named...You know Mr...Mr. Merritt could step back. He could uh, he could say, you know if he did step back, I do have th...the follow-up question of if he did step back can this still go to Muniment of Title um, uh...you know w....without him accepting the...the job of executor. Um...and uh...so there's...There's multiple parties here that I think all have responsibility to this estate of my brother's. I'm just simply sayin' based on the f...based on the evidence that...that we may have to go through a long lengthy process of discovery for me to be able to make part of the record _AGAIN_, and to formally serve it according to all the court rules of discovery and evidence and all the other kind of stuff...and then to present it ag...at trial...that uh...we can do that. That's my part. That's my responsibility. But let's take a look, you know, I'm hoping that Mr. Munson will ask his client to take a look at what...what his responsibility is to this estate, and if me as a beneficiary does not want him — based on our

past interactions – which w...was basically...It's all in the file...uh...and my sister doesn't want to take a step back and...and just provide me with documentation that I've been asking for for a long time and just be straightforward ab...about what she's taken out of the house and everything, then...Yeah, I guess we all need to...to follow due process and we'll move this thing forward r... regardless of how much is left in the Estate. You know I...I'm following through with mine...I'm just asking for everybody to just stop what they're doing and just be...put it all on the table. And if I have to go through the whole lengthy due process to do it, I guess that's what I have to do, sir.

J: Well...I...I wasn't going to criticize you for what you did uh...in terms of the contest. That happens all the time so...I'm just trying to make you understand...or help you understand that...everything that happens in a litigated matter uh...can be a cost to the Estate, which diminishes the Estate. So I'm just...That's my...It's just a caveat that everybody to think it through in these...in these battles and fights...to think through the ultimate goal, which is to maximize what you get out of the Estate. And that's really uh...an admonishment to everybody. So uh...

D: Thank you.

J: Mr. Munson uh...is here uh...and I mean he's heard you uh...I...He knows that I always tell individuals that there ought to be full disclosure. Um...and, and...that everything should be laid on the table just to see where everybody stands...um...to...to...to have everybody have the feeling that they have full knowledge of what's going on. So uh...I...I understand that you are now, after this hearing you are going to have a hearing to set up what we call a Docket Control Order. Uh...There's two ways to go and frankly, after you do the docket control order...at any point in time, with the cooperation of all the parties, you all can reach a settlement. This order, the docket control order, just gets it on a track for trial; and, it doesn't mean all the things that are said in that docket control order has to happen or uh...That all that uh...effort and expense

has to occur. It just says, "Here's your time frame. Here is your uh... calendar of events; and everybody's gonna' operate under that time frame, that calendar." And then uh...in the meantime, again the matter can be resolved at any point in time and uh...the uh...whatever the settlement is and the parties will abide by the settlement, and everybody will move on.

D: I comprehend that.

J: Ok. So...I mean we're at the early stages is what I'm trying to say of uh...of this matter. And so it can be resolved at any point in time after this date.

D: I...I...I un...see that aa...we've already been going three months now so...you know it's uh...could be a long ride or a short one, depending on uh...all parties, I guess.

J: Right. Right, well that's (chuckle) that's the way I...and many times the parties uh...spend about a month fighting over things...and they end up with an agreement that they could have made at the inception. And that's just the way, you know, that when these things become litigated and there's uh...big family issues involved and...personalities involved, that's just the way things go. So my...my goal is to always tell families....It's hard...to try to think in terms of the economics of it. And...and just get it done and move on because...and I've said this of life in general...Nothing is going to fix what's gone on between families for decades. And to...to waste time and effort and to make it...may take a large part of your life...uh...for anybody...I...my uh...my admonition is to resolve it and move on and be reasonable and...and try to uh...figure out a...way to come to a meeting of the minds.

D: Well, and I think that's what my brother had in mind by selecting a second person in mind for executor and uh...So...I'm with ya'.

J: When somebody does a Will, and and...I mean, they're the decedent and, they're the person who uh...took the time to think though their Will. And when they name somebody, it's a...again, these contests happen all the time but it's a...pretty sacred appointment, I mean it's...unless that person is really found to be unsuitable...that was what the decedent wanted and

that's what we first hope to honor. And that can change based on evidence but...but that...The fact that they named a secondary person doesn't...doesn't necessarily mean that...it doesn't impact the first appointment which is the...is the primary appointment...that's the first person the decedent thought about when they did their Will.

D: And sir, I...I might add my own caveat to that...I...I...I totally agree with everything you've been saying and I...again I want to tell you how much I appreciate your...I'm grateful to the amount of time you're taking explaining all of this when you...you're not a legal advisor here in this situation. Um...that uh...uh...I have um...I had the same feeling about that for the first month after my brother's death, but...in spite of that month...It's all in writing and it's all of my fir...my very first filing as the basis for me not wanting Michael Merritt in there and uh...It's...it's...it's straightforward; and so it's...it's...I made evidence out of it. I c...I'll resubmit it again. It's my reason. It's...It's...Other than that, I totally agree. It...it...I was willing to accept that.

J: Here's what you have to do though too, just...and I know you know this but...with along with your allegations on one day, the trial day uh...or...then everybody shows up and they have their witnesses and their documents, and they admit their evidence and their testimony and then somebody else...some third-party of judge or jury decides the outcome. And that's why the pleadings. And there is certain...when I mention summary judgment...there are certain types of pleading where you don't have to go to a jury or a judge and a trial, that you can present enough evidence uh...where you win in a se...as a matter of law. That's not...it's fairly rare that that happens. But otherwise, from that day the trial is set uh...you present all your evidence and then uh...you're get decided up. And that's how it's...that's how it's resolved by a trial. Uh, in the meantime you and Mr. Munson, and I believe your sister has an attorney, can all...I mean there should be a way to communicate and discuss how to go with the matter of resolve.

D: I woulda' thought.

J: Well, let's not. Mr. Munson's here... and I uh... Again he's heard everything I've said, uh so uh...Like I guess what it...Let it percolate. Ya'll 'll get your docket control order; and then, ya'll can continue to try to figure out ways to resolve it with the bottom line being... that as cost effectively as possible each beneficiary gets what they're entitled to. I mean that's really, in simplest terms, that's what we're trying to do...what...what the probate process is trying to do. So...everyone keep that in mind and we'll...we'll just keep...keep going until ya'll settle or try it. And I don't mind giving it an early trial date because I don't think the issue uh...of who's gonna' *serve*...is...It's gonna' cost the Estate money, but it's not a complicated process. Either the person is suitable or their unsuitable. Ah...You know, either there's valid reason they shouldn't serve or there *(sic)* not. And so that's...that's what we're trying to resolve.

D: Well it would seem to me that uh...uh...that if I gave uh...them enough time to do their own discovery and all this, that uh...it...it...it'd boil down to me just asking them if uh...You know, I would just like to make sure that what I've already filed gets heard by this Court. And I still haven't seen the detail of what I've filed yet get heard by the Court. If I need to file a...a motion for summary proceeding and incorporate by reference everything I've already put into the file then ah...you know, then...because I don't think and...and please correct me if I'm wrong but... I'm trying to imagine what...what the uh...what your judgment or ruling is going to look like after this conversation...uh...I'll...you know, uh...considering the amount of time that you've already spent uh...in, you know, whether you're going to deny my uh...my motion today for Declaratory Ruling, or whether you're going uh...I...I...I've already heard you say you're gonna' d...it sounds to me like your gonna' deny default judgment; and uh...I'm just wondering when I'm going to be getting any kind of a hearing on what I thought I was...I was...by putting it up front, putting it into the very first motion er..um...first filing that I was gonna' get somethin' started, that we were gonna' get it done, uh...that, you know, it was gonna' be so-called "*heard*" by the Court.

J: The thing you filed is denied.

D: What I filed for today.

J: Yes

D: That's what I thought, ok.

J: Motion denied...and it's not uh...An...and that's why I was sort of being general, but it...it's really not uh...Number One: I don't think the circumstances of where we are today entitle you to the relief you requested uh...i...i...It's prob'ly not in the right form. If you can prin...Did you...and again I think I've read most of it...But did you do an Affidavit?

D: Yes!

J: Ok

D: I can give you the page number.

J: You may need to refashion what you filed into what we call a "Motion for Summary Judgment" but it's premature.

D: The Affidavit's on page fourty-four.

J: Ok may...but what I'm telling you is that it's all premature. You...we are just in the early stages of a lawsuit. And so you can re-file in some fashion in the form of a "Motion for Summary Judgment" down the road which may, with affidavits, which may prevail or not prevail depending on what you're requesting and how you do it and who responds to Mr. Munson and his client. But that's a whole process in and of itself.

D: Well without sounding like a belligerent litigant sir, uh...I'd like...uh...th...You've made a denial...I haven't heard a word out of Mr. Munson in...in uh...in opposition to my claim that he...he has uh...he's just filing his...his...proofs of service on me any way he wants to, and it's not being addressed by the Court when I put it in writing and uh...and...and placed it in the context of the law and rules...court rules.

J: Well, I'll let...I'll let Mr. Munson respond to (inaudible as Mr. Munson speaks faintly for 15 seconds without Judge Wright repeating what was stated).

J: And that's the process that we have converted to – we're slowly converting to – from paper to E-filing, and so uh...You know the old way of serving...which...when you're dealing with a pro se defendant, um...again...We...We try to give latitude to pro se defendants in terms of not...you know in terms of fairness and due process. And so...the bottom line is I just want to know that you've gotten something. Uh...and so that you can respond to it...and that you do know what's going on. Uh...But he...with the E-filing system, he's entitled to serve you by your email.

D: Entitlement...uh...I...I disagree with uh...I'm sorry, your honor but...sir?

J: (inaudible for 1 second about 4 syllables)

D: I...I...I want to be served by m...mail.

J: (chuckling) Ok.

D: I...I...I'm just a uh...um...I read the E-filing law the Court rule, the local rules. I even included a copy of it, I believe, in my exhibits...that said that...that if I want to be fi...I have the right, and he doesn't have the right...counter *not* to what you...I'm sorry but what I just think that I heard just go into the Court record is that he does have the right to serve me any way he wants. He has the right to *be* served by E-mail and he can choose to do what uh...something else...but, until I file something in writing that is in the Court record – in writing – that says I accept service by E-mail...It's called "electronic service" by definition of the court rules, that until that document signed by me is in the record, that...that he has to serve it by...by the traditional method...which is, by mail.

J: So on the record, you don't want to be served by E-mail at all.

D: I don't...No...I don't...and I'll explain to you sir why, because on the day that he served his "answer" and his "amended answer" to uh...to um...to the Court by E-filing, and he tried to claim that he served it to me as well, uh...it was in response to me having *FIRST*, as a *courtesy*,

and by communicating with...with the uh...coordinator of the Court...ah...Ms. uh...Hightower, that I provided them with a copy of my recent filing that the a uh...um...that the uh...uh...uh...I provided them with a copy of this by E-mail uh...that I had just sent out that day. So he's getting his answer...even though my...my Court filing isn't going to be getting to the Court, which I *have* to do right now, um...uh...because I'm not part of the E-filing system, I *have* to send that through the Court which takes three or four days. And when I sent him a copy of that...of this uh...d...default judgment notifying him that he did not respond within the amount of time that I perceived anyway that he was supposed to file, he went ahead and filed something at that time by E-filing, which gets there before my stuff does by two or three days. (pause) And so, when we're talkin' when you wanna' have fairness and...

J: Well you gotta' file...you've gotta' follow the same rules – even if you are pro se – as anybody else...and you have to file through the Clerk's office. The Court...we're not a filing uh...entity. Probate court – we're not a conduit for filing. The files, file documents go to the Harris County Probate Clerk, which is separate and apart from the Court, and we...it...it goes to under each docket number your E-filings then go to the Court's file

D: Unhm

J: And...then...as matters are heard, they're reviewed and looked at to see what kind of relief is requested; and whether the relief can even be granted; and whether a hearing's needed. But everything you're filing should be E-filed through the Probate Clerk's office. It's not...we don't...we're not really someone who uh...the Court itself, doesn't accept filings.

D: No, I understand that and uh...and when I sent...what I sent to Ms. Hightower was only a courtesy to let her know what I was already serving <u>on</u> the Court. I...my point was that...that because he was able to serve...u...upon my notice as a courtesy...notice...that I had filed this motion for default judgment which was going to take, you know, three days to get to the Court and then another day or two – who knows – th...before it actually shows up as the "date of

filing," he was able to spontaneously uh...send...his so-called "answer," which was one page, (nervous chuckle) unsupported, but one page... (nervous chuckle)You know, you can do that...t...uh...and he did it that very afternoon. And it shows up in the Court record as...as it does right now...and that is that he E-filed it first, when that actually didn't take place. I *served* it first.

J: Well, I mean uh...I mean (chuckle). You know I can't help what the technology can accomplish. I mean he's an attorney, he's a probate attorney who's...who's uh...got experience in what he's doing. I mean I c...

D: I understand that..well...

J: He did file an answer. I'm just telling his answer is just sort of uh...I mean it's not duplicative, it's just...filed it and so that creates a...a contested matter. It's not a default situation. So I'm telling you you didn't even need to do that. He...He had already filed the "application." You responded. You were, in effect the person "answering." You said, "I don't want that person to serve" and that created the contest...that...that created the lawsuit and...and that's typical. I mean, sometimes it's more uh...I mean if a person could write a one pa...a once sentence on a napkin that said that, "I do not want Joe Blow to serve" and give it to the Clerk's office – at least it used to be that way – and that in and of itself, would contest an application in the probate.

D: I comprehend that and I thank you very much for explaining that...I...I...I was not aware of that until today. Thank you.

J: Well...and then look, uh...I'm...I'm...I mean again, I'm happy for you ta' uh...You can fight the fight...No...Don't...Don't take things as criticism. You can fight the battle. I mean it's your...it's your interest that's at stake. I'm just trying to...to make it a process where...um...Let me put it this way. Of the court system and the probate system, you should be less suspicious and less...time intensive on that process, 'cause we're not out to do anything but make things

go right. Uh...And your battle...if...if...if there continue to be one is with the parties not...not the system. We...we just follow the law. We do what we're s'pose to do. Uh...it's not perfect because, now of course you – like you say – you could be trying to file something...um...and Mr. Munson is simultaneously filing something and he E-files it and it gets to the system faster...I mean, all the things are uh...they may occur but they're not determinative of anything. I mean the fact that Mr. Munson did something ahead of you that you really did ahead of him didn't...doesn't change the ultimate outcome of things. Again, we're still sitting here with the primary thing going on is "who is gonna' serve as executor." I mean it's as simple as that.

D: I...I'm very grateful...

J: It's who ultimately is gonna' serve...and uh...either contested or uncontested. And if it stays contested then we keep goin' down a path until it gets resolved.

D: And my sister can just sit back and watch the whole thing unfold and...and it'd just be a uh...and...and if Michael Merritt wants ta...to...you know...uh...keep his foot in the door and...and...I'm just asserting the reasons why...It's all in writing...why I don't feel like *my* interests are...are being observed and, in fact, I sh...I already sent you the evidence as well in my first filing that my sister's attorney is claiming that the Will uh...is...is uh...NOT valid, that I have NO rights, and...and my sister is a...basically...if I...if I'm to get anything from *her* – because she's in charge of this money – then um...then I mean basically, my brother's Will uh...and what he...he wrote on...on my behalf as the beneficiary that nobody's got any...I don't have any interest in this thing. You know, I'm trying to find out whether I do have any rights, and so...you know, there's a lot...it's...it's not just the administration of this...It's whether I have any rights at all because what I'm seeing from my sister and her attorney is that I have no rights, that I should be just groveling here at everybody's feet and accepting whatever handouts are given to me, and – whether they're given to me by the uh...the executor if he feels like it and my sister if she feels like it, and that um...uh...I have no rights! So I just uh...

J: I would...

D: I'd like to estab...have the Court establish whether I have any rights here.

J: Well your rights are gonna' flow from the Will and what it says and what assets come through probate. There are non-probate assets, which pass by beneficiary designation and account...agreements...if they're in that fashion, and there are probate assets which the uh...the executor oversees and distributes pursuant to the Will. So, I..I...to be honest with you, I don't know how all the assets are held, or who's asserting what. Um...I would...I would suggest uh...I mean I think you're a very bright individual, but I would suggest that it would be worth the money for you to get local probate counsel to represent you...and to get this thing resolved. But um...because w...we're gonna' do...you know...If you filed some things that can be legitimately acted upon or heard or considered, we're gonna' do that. But I think you're much better served, um...having counsel here represent you; and it probably would more quickly resolve things...than the path you've taken.

D: Well...

J: You could then – I don't know what you do for a living – but then you could focus on what...what...you...really...do and like rather than have all your time consumed by this.

D: Well, that'd pro'bly be uh...be just like my sister. She's so busy she can't even respond to anything that I'm doing. Um...but uhuh...I...I appreciate this um...and...and all your time in explaining all of this. I certainly can't uh...you know, if I'm asking for waiver of fees on...on uh the things uh that I'm filing, I...I certainly can't a be affording uh...I haven't work in pro'bly the past four years except as a substitute teacher and that's on "on-call" so...uh, yeah...It...I would like to be able to make myself on call. Today I...I had to turn down any opportunity for work just to make sure I had this. Uh so, uh butta', you know, I'm not getting calls every day and um, uh...I'm...you know...This is um...this is all I got to work with. So I...I think that uh...the...recommendation is well...well received. Uh...I appreciate that insight, uh but I think

I'm gonna' have to stick with the *pro se* platform and um...hope that uh...uh...between Mr. Munson, and my sister and h...and her attorney that uh maybe they can wonder whether or not I have any rights, because again, I'm going to be uh...pushing forward to find out whether or not I have any rights in this matter of my own brother's death. I was eighteen months separated from him, and I w...lived with him, you know, closely for the first six years before my sister was even born. So, you know, and...and...

J: Well, without commenting on what transpired between everybody, I'm going to...I...I...and I have...I am just advising Mr. Munson and your sister's attorney to just uh...make full disclosure to you of what the Estate consists of, what is going on, and uh...assets and how things are...are uh...owned and handled...and...and then as quickly as possible, and then everybody can hopefully sit down somehow and figure out a way to resolve this.

D: Nori...just have Michael Merritt step back and...and uh... let my...and have my sister call me up and...and let's just work details on...on the three items that are left...a house, a vehicle, and a banki...and a checking account...that's paying for the cost of the house.

J: How uh...and I mean I'm sure that'll be part of the consideration.

D: Thank you sir.

J: Let's see uh...again, one way or the other how this can be resolved so that people ultimately get or maximize what they're entitled to under the law.

D: Yes, sir.

J: Under the Will and under the law....So uh...You'll pro'lly get another call about docket control order shortly.

D: Ok

J: And then ya'll...and really all that is...is a couple pages of dates of discovery, when motions for summary judgment can be filed...when the trial date is...and uh...It's...it's just the operative document that you follow as you go through the lawsuit process. And a' course, again, any

time before that – and again hopefully with the disclosures that...and you becoming comfortable with what you know, ya'll can figure out a way to resolve it long before that.

D: Very good.

J: All right.

D: Thank you very much for your intervention.

J: Thank you, Mr. Schied. Take care.

D: Yes sir, you too.

8

# IN THE PROBATE COURT NO. 1
## OF HARRIS COUNTY, TEXAS

**In the Estate of Michael Edward Schied,**
*Deceased*

**David Schied,**                                           Case No. 434875
*Interested Party Plaintiff /*
*Principal Co-Heir*

vs

**Michael Merritt (named "*executor*") and Wynde Merritt ("*co-executor*" by**
**Janette Renee Smith**                              **proxy)**
**Robin Apostolakis**
**David Munson**

                 **Co-Defendants**

---

## AFFIDAVIT OF INDIGENCE AND STATEMENT OF INABILITY TO PAY COURT COSTS AND FEES ON APPEAL OF PROBATE COURT RULING

| | | |
|---|---|---|
| David Schied – *Sui Juris* | Jeannette Smith – co-beneficiary | Michael (*named executor*) and |
| P.O. Box 1378 | and Robin L. Apostolakis, attorney | Wynde Merritt (*executor by proxy*) |
| Novi, Michigan 48376 | Gaunte, Earl, & Binney, LLP | and David A. Munson |
| 248-347-1684 | 1400 Woodloch Forest Dr., Ste.575 | 2002 Timberloch Pl., Ste. 200 |
| | The Woodlands, Texas 77380 | The Woodlands, Texas 77380 |
| | | ~~281 210 2467~~ |
| April 30, 2015 | Jeannette Smith – co-beneficiary | Michael Merritt and Wynde Merritt |
| | 203 McNair St. | 8526 Hot Springs Dr. |
| | Pea Ridge, Arkansas 72751 | Houston, Texas 77095 |
| | 479-451-8692 | 281-855-2714 |
| | | 713-430-6286 |

WHEREFORE, *Interested Party Plaintiff / Principal Co-Heir* David Schied

relies upon Texas Rules of Appellate Procedure 20.1(a)(2) ("*Establishing*

*indigence by Affidavit*") which states:

> "*A party who cannot pay the costs in an appellate court may proceed without advanced payment of costs if: a) A party files and affidavit of indigence in compliance with this rule; b) the claim of indigence is not contestable; c) the party timely files a notice of appeal.*"

In accordance with the above-cited rule, I, David Schied am providing the

following information in compliance with Texas Rules of Civil Procedure:

# AFFIDAVIT

1. I am a private American national citizen of the United States of America; privately residing, and privately domiciling outside of a federal district and within a non-militarily occupied private state not subject to the jurisdiction of the United States.

2. I have been domiciled in Michigan since 2003 when, during that year it was discovered that I had been a <u>government crime victim</u> of the Harris County criminal court in **fraudulently issuing a "*Early Termination Order of the Court Dismissing the Cause*"**, pursuant to <u>Section 5(c) of Article 42.12</u>, which was supposed to have included a "*withdrawal of plea*," a "*dismissal of indictment*," and a "*set aside of judgment*" on a probated sentence deemed to effectively provide a "*clean slate*" in 1979 but **which was not actually ever implemented by the State of Texas and instead was maintained as a "*disposition*" of "*conviction*" and with a "*status*" of "*probation*" for the subsequent 25 years,** until it was determined otherwise by the Michigan Court of Appeals in 2006 that such "*conviction*" had remained throughout this time until 2003, even though the Texas Governor Mark White had also provided a "*Full Pardon and Full Restoration of Civil Rights*" in 1983 [despite that Texas Attorney General Dan Morales had opined (DM-349) in 1995 that **anyone receiving such a set aside was not eligible for a pardon for "*lack of an***

2

_object"_ **to pardon**, and despite that Texas Attorney General John Cornyn had opined (JC-0396) in 2001 that **the term "_'conviction' does not include an adjudication guilt or an order of deferred adjudication that has been subsequently: a) expunged; or pardoned under authority of a state or federal official._"]

3. As a result of the discovery of the irreversibility of this crime against me, and against the general public by fraud of the State of Texas and/or by the State of Michigan, as implied by the 2006 Michigan Court of Appeals decision in the case of "_David Schied v. Sandra Harris and the Lincoln Consolidated School District_," I lost my entire past life savings, all of my future retirement savings, and my career as a public schoolteacher, being doomed since 2003 to a future of relying upon private charities and state government assistance for sustaining myself and my family until and through this present day.

4. In 2010, the financial losses had forced me into the circumstance of divorce because I could no longer support my learning disabled wife. At that time, I also was compelled to return to school and to borrow tens of thousands of dollars in federal funding to sustain myself and my dependent child. In 2013, upon finding myself nearly $80,000 in student debt, I terminated my schooling and was compelled to live exclusively from charitable donations and state funding, to include food stamps and state-funded insurance coverage.

5. As of the writing of this instant testimonial by Affidavit, I continue to be financially assisted by the State of Michigan in supporting my dependent son as he completes his final year of K-12 experience in public schools under qualification for the free/reduced lunch program.

6. As a result of this long-term victimization by the state(s) of Texas and/or Michigan, I was compelled at the onset of the instant case on appeal to file, at the lower Harris County Probate Court, a motion and sworn Affidavit stating my "*Inability to Pay*" as required under Texas courts general Rule 502.3; and as a result of such filing, I was granted the ability to file all of my lower court documents without payment of court costs and fees, and indeed carried out such numerous filings without payment of court costs and fees.

7. The granting of all of my previous filings with the lower Harris County Probate Court were based upon the following statement, which remain in effect today:

   a) The Statement: "*I am unable to pay court fees;*"

   b) A copy of my 2013 W2 earnings as a Michigan substitute schoolteacher ("Exhibit #1"), which reflects total earnings for 2013 as $2184 as no income tax filings have needed to be made, or have been made, since around 2010 for lack of income.

   c) A copy of the State of Michigan's Department of Human Services notice demonstrating that I still qualify for the state's "*Medicaid*" and

4

"*Food Assistance Program*" because of my extremely low level of income.

8. Additionally, in update, I submit the following in compliance with the statutory requirements of <u>Texas Rules of Appellate Procedure 20.1(b)</u>:

    a) The nature of my employment when I can get employment, is as a substitute teacher/educator. Notably, I will not be receiving any payments at all during the summer months in which the primary filings for this instant case on Appeal will be submitted and for which fees are otherwise charged by the Court. To date, I have received payments for my labor amounting to no more than $980 (nine hundred eighty dollars) since January 1, 2015. I do not expect my income level to change substantially in September looking forward for the remainder of this calendar year.

    b) I have no spouse, and I have no rightful access to the income of my divorced ex-spouse, per the terms of a Michigan court Order of Divorce.

    c) I continue to own no real property.

    d) I have little to no available cash or money on deposit in any bank.

    e) I hold no other assets of any significant worth.

    f) I have one dependent child to whom I am the biological father.

    g) All three credit bureaus reflect student loan and credit card debts that are outstanding and not being paid, with varying amounts totaling over $80,000.

5

h) Monthly expenses include month-to-month payments for rent and utilities amounting to around $900 per month.

i) I am unable to obtain any type of loan to pay court costs.

j) No legal services are being provided, on a contingency basis or otherwise.

k) No attorney, judge, benefactor, good Samaritan, or other entity has offered to pay for or advance court costs.

l) I have no money or credit card to secure or advance costs of electronic filing if there are mandatory costs for such type of filings; and in fact, I relied upon Texas rules governing my right as a litigant without attorney representation, and as an out-of-state filer, to abstain from electronic filing, as clearly shown in the lower court record that I depended entirely upon service of all documents to other parties and to the Probate Court by United State Postal Service.

9. In accordance with the written requirement of Rule 21.1(c)(1) that "*a separate affidavit and proof of current indigence*" be filed in the trial court, as "*prior filing of affidavit of indigence in the trial court pursuant to Texas Rules of Civil Procedure 145 does not meet the requirements*" of the appellate rules, I have provide the attached two "*exhibits*" in support of this instant "*Affidavit of Indigence*:"

a) "Exhibit #1" – Most recent payroll check dated 4/22/15 reflecting payment of $49 for labor performed from 3/29/15 to 4/11/15.

b) Exhibit #2 – State of Michigan Department of Human Services "*Notice of Case Action*" reflecting "*Food Assistance Program*" Benefit Summary as approved for David Schied in the amount of $94 per month.

10. With respect to the Appendix for the Brief on Appeal, as cited under Rule 38.5(d), a party with the "*inability to pay*" must also state, as applicable, whether or not they believe they have the skills necessary to prepare an appendix IF THE PROCEEDINGS ARE ELECTRONICALLY RECORDED. I therefore must state the following herein:

a) that while I believe some of the trial court record was "*electronically recorded*," the majority of the documents held in the trial court records were of my own filing in hard-copy paper documents served to the Court and to the co-defendants, including a "*Counter-Complaint...and Joinder*..." and an "*Interlocutory Appeal*" – as well as a plethora of other motions – **for which I believe I was unlawfully denied due process of hearing or non-hearing address by Judge Loyd Wright before he held an unlawful hearing and subsequently dismissed the very first "*Complaint*" filing <u>with 19 Exhibits of Evidence</u> in that record, that he went on the court record to misconstrue as a simple "*objection*" to "Application of Michael Merritt;**

7

b) that by fraudulent means of written filings and oral assertions, attorney David Munson and probate court judge Loyd Wright acted in concert to carry out and allow for proceedings to continue in **gross neglect of my having asserted and reasserted my right under Texas court rules to engage the Probate Court and the co-defendants *in pro per* and from out of state through traditional methods of "*service*" by the United States mail as opposed to electronically, while attorney Munson continually misrepresented to the Court that he had, in fact, served me when no such service had taken place in accordance with Texas court rules, and while judge Loyd Wright conveniently disregarded these matters and went forth to unlawfully dismiss the case using only "*color of law*."**

c) Per the above statements, I cannot state with any degree of certainty that the "*case [was] recorded electronically*" or that it was not.

d) Thus, whether the case files were recorded "*electronically*" or not, I wish to assert that even if I do happen to have the proper "*equipment*" for filing an Appendix, I *may* not be skilled enough to do so rightfully. Nevertheless, I will attempt to do so if for no other reason but to account for the plethora of documents I personally admitted to the official court record at the trial court level – inclusive of mounds of evidence that were NEVER acknowledged or addressed by the so-called "*judge*" Loyd Wright when dismissing my single

8

(first) filing under claim that it presented *"no evidence"* when, in fact, that filing alone had contained **19 itemized exhibits that were never addressed by the Court despite being directly referenced and included in subsequent filings that were also similarly ignored by the lower Court.**

e) In short, I wish to file an Appendix but I wish not to be penalized for the attempt because I am both indigent and perceive myself as unskilled in the constructing of an Appendix in accordance with Texas appellate rules.

11. I believe that this case was dismissed against me based upon numerous **individuals participating in concerted actions of *"fraud upon the court"*** and/or by "judge" Loyd Wright interpreting my actions somehow as *"noncompliance with local court rules"* while denying me notice of such noncompliance and **denying me a reasonable opportunity to cure the noncompliance**, as is otherwise the standard procedure in both state and federal courts, particularly with regard to *"pro se"* litigants filing from out-of-state and without an attorney.

12. As the submission of this sworn and notarized Affidavit also accompanies the submission of my *"Notice of Appeal on Interlocutory and Final Judgment Matters and Request for Designation of Additional Item(s) to be Included in the Official Court Record and Notice of Inaccuracies in the Trial Court "Docketing" Record in Need to Correct Dates of "Filing" and Document*

9

*Captions,*" all statements made in that accompanying document are incorporated herein by reference, and this *Affidavit* attests the truthfulness and accuracy of those statements as submitted in sworn statements under penalty of perjury.

13. The accompanying *"Notice of Appeal....Notice of Inaccuracies in the Trial Court 'Docketing' Record in Need to Correct Dates of "Filing" and Document Captions"* also contains reference to a 24-page HEARING TRANSCRIPT, which is identified herein as "Exhibit #4." The following are submitted as statements of FACT about the contents of that hearing transcript, submitted herein under Oath of truthfulness:

a) The transcript is a verbatim account of what transpired during a recorded telephone hearing before the Harris County Probate Court No. 1 on 12/19/14 with "Judge" Loyd Wright presiding.

b) The truthfulness and accuracy of this verbatim account stem from a tape recording of the telephone hearing that is meant to support the verbatim contents of this transcript.

c) The recording of this hearing event on 12/19/14 was witnessed by a third person available and willing to testify as to both the authenticity of the recording and to the accuracy of the transcript contents.

10

d) The transcript is significant Evidence to this instant case now on Appeal because it demonstrates the degree to which Loyd Wright conveyed certain assurances of due process and certain explanations in guarantee of forthcoming events that he subsequently failed to uphold.

e) The hearing transcript is self-evident in showing that Loyd Wright has committed certain misrepresentations and fraud upon the Court by his action to dismiss this case, and while also presenting evidence of preferential treatment toward the opposing part(ies) and issuing unjust conditions upon *Interested Party Plaintiff/Principal Co-Heir* David Schied as a *"pro se"* and *"forma pauperis"* with regard to *"service"* of process of court documents.

f) Additional details are in the *"Notice of Appeal....Request for Designation of Additional Items...*" as to why the Texas Court of Appeals should grant *Affiant* David Schied the right to admit this document as a "supplement" to the *"Clerk's Record"* and the *"Court Reporter's Record"* by reference in the Appendix of Exhibits to considered by the Court of Appeals in adjudicating this instant matter on appeal.

14. All of the statements above in this Affidavit are fully supported by evidence and are thus irrefutable.

11

I hereby swear and affirm that the above statements, set forth in numbered paragraphs and including subparagraphs, to the best of my knowledge and belief, are truthful and correct.

4/30/15
Date

David Schied

STATE OF MICHIGAN
COUNTY OF OAKLAND

On this 30TH day of April, 2015, before me appeared David Schied,

in Oakland County, in the State of Michigan, to me known to be the person

described in and who executed the foregoing instrument.

NOTARY PUBLIC

ANTHONY BARBOSA
NOTARY PUBLIC - MICHIGAN
WAYNE COUNTY
MY COMMISSION EXPIRES AUG. 17, 2019
ACTING IN OAKLAND COUNTY

MY COMMISSION EXPIRES

12

9

In the Estate of Michael Edward Schied,
*Deceased*

David Schied,                                    Case No. 434875
   *Interested Party Plaintiff /*              *"Judge"* Loyd Wright
   *Principal Co-Heir*

  *vs*

Michael Merritt (named *"executor"*) and Wynde Merritt (*"co-executor"* by
Janette Renee Smith                                    proxy)
Robin Apostolakis
David Munson
   *Co-Defendants*
_____/

## GRIEVANT DAVID SCHIED'S *"MEMORANDUM OF LAW"*
### IN SUPPORT OF
## GRIEVANT'S PREVIOUSLY FILED *"INTERLOCUTORY APPEAL"* AND *"APPEAL"*
## WITH *QUESTIONS OF LAW*
### PERTAINING TO
## WHETHER JUDICIAL *"LEGISLATION"* IS CONSTITUTIONAL;
### AND
## WHETHER JUDICIAL *INDEPENDENCE* AUTHORIZES *"BAD"* BEHAVIOR;
### AND
## WHETHER *"SUBSTANTIVE"* EVIDENCE CAN BE *"PROCEDURALLY"* STRICKEN;
### AND
## WHETHER EVIDENCE OF A *"PATTERN & PRACTICE"* OF GOVERNMENT
## *COERCION* CONSTITUTES *TREASON* AND/OR *"DOMESTIC TERRORISM"*

---

David Schied (hereinafter *"Grievant"*), being one of the People[1] and having

established this case as a *suit of the sovereign*[2] acting in his own capacity, herein

---

[1] PEOPLE. *"People are supreme, not the state."* [*Waring vs. the Mayor of Savannah*, 60 Georgia at 93]; *"The state cannot diminish rights of the people."* [*Hertado v. California*, 100 US 516]; Preamble to the US and Michigan Constitutions – *"We the people ... do ordain and establish this Constitution...;"* *"...at the Revolution, the sovereignty devolved on the people; and they are truly the*

i

accepts for value the oaths[3] and bonds of all the officers of this court, including

attorneys. Having already presented his causes of action to this Texas *"Appellate"*

---

*sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves..."* [*Chisholm v. Georgia* (US) 2 Dall 419, 454, 1 L Ed 440, 455, 2 Dall (1793) pp471-472]: *"The people of this State, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the King by his prerogative."* [*Lansing v. Smith*, 4 Wend. 9 (N.Y.) (1829), 21 Am. Dec. 89 10C Const. Law Sec. 298; 18 C Em.Dom. Sec. 3, 228; 37 C Nav.Wat. Sec. 219; Nuls Sec. 167; 48 C Wharves Sec. 3, 7]. See also, *Dred Scott v. Sandford*, 60 U.S. 393 (1856) which states: *"The words 'people of the United States' and 'citizens' are synonymous terms, and mean the same thing. They both describe the political body who, according to our republican institutions, form the sovereignty, and who hold the power and conduct the Government through their representatives. They are what we familiarly call the 'sovereign people', and every citizen is one of this people, and a constituent member of this sovereignty."*

[2] *McCullock v. Maryland*, 4 Wheat 316, 404, 405, states *"In the United States, Sovereignty resides in the people, who act through the organs established by the Constitution,"* and *Colten v. Kentucky* (1972) 407 U.S. 104, 122, 92 S. Ct. 1953 states; *"The constitutional theory is that we the people are the sovereigns, the state and federal officials only our agents."* See also, *First Trust Co. v. Smith*, 134 Neb.; 277 SW 762, which states in pertinent part, *"The theory of the American political system is that the ultimate sovereignty is in the people, from whom all legitimate authority springs, and the people collectively, acting through the medium of constitutions, create such governmental agencies, endow them with such powers, and subject them to such limitations as in their wisdom will best promote the common good."*

[3] OATHS. Article VI: *"This Constitution, and the laws of the United States... shall be the supreme law of the land; and the judges in every State shall be bound thereby; anything in the Constitution or laws of any State to the contrary notwithstanding... All executive and judicial officers, both of the United States and of the several States, shall be bound by oath or affirmation to support this Constitution."*

Court as a *court of record*[4], *Grievant* hereby proceeds according to the course of Common Law[5].

Notice is also provided herein that **I DO NOT CONSENT to the reference of Grievant David Schied as a corporate fiction in ALL CAPS of lettering as** *"plaintiff"* ("DAVID SCHIED, plaintiff"), **nor do I consent** to the mischaracterization of *sui juris* Grievant David Schied as operating in a *"pro per"* or *"pro se"* capacity. **Note that all *"summons"* were issued with notice to all co-Defendants that Grievant David Schied is *"sui juris."***

Notice is also provided herein that **I DO NOT CONSENT** to any court with a proven proclivity toward contributing to the *domestic terrorism* being carried out,

---

[4] *"A Court of Record is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial"*. [*Jones v. Jones*, 188 Mo.App. 220, 175 S.W. 227, 229; *Ex parte Gladhill*, 8 Metc. Mass., 171, per Shaw, C.J. See also, *Ledwith v. Rosalsky*, 244 N.Y. 406, 155 N.E. 688, 689].

[5] COMMON LAW. – According to *Black's Law Dictionary* (Abridged Sixth Edition, 1991): *"As distinguished from law created by the enactment of legislatures [admiralty], the common law comprises the body of those principles and rules of action, relating to the government and security of persons and property, which derive their authority solely from usages and customs of immemorial antiquity, or from the judgments and decrees of the courts recognizing, affirming, and enforcing such usages and customs." "[I]n this sense, particularly the ancient unwritten law of England."* [1 Kent, Comm. 492. *State v. Buchanan*, 5 Har. & J. (Md.) 3G5, 9 Am. Dec. 534; *Lux v. Ilaggin*, G9 Cal. 255, 10 Pac. G74; *Western Union Tel. Co. v. Call Pub. Co.*, 21 S.Ct. 561, 181 U.S. 92, 45 L.Ed. 765; *Barry v. Port Jervis*, 72 N.Y.S. 104, 64 App. Div. 268; *U. S. v. Miller*, D.C. Wash., 236 F. 798, 800.]

hand-in-hand with state and county government imposters, as <u>usurpers</u> of *The*

*People's* power and authority.

*"Silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading. . ."* <u>*U.S. v. Tweel*</u>, **550 F.2d 297, 299. See also** <u>*U.S. v. Prudden*</u>, **424 F.2d 1021, 1032;** <u>*Carmine v. Bowen*</u>, **64 A. 932**

# TABLE OF CONTENTS

Questions Presented...........................................................................xi

Discussion..........................................................................................1

Neither Congress Nor State and.or Federal Judiciaries Can
Legislate and Then Adjudicate Their Own Legislation
to Override the *Substantive* Need to Maintain *Full Faith
and Credit* Toward the Laws of All Other States....................2

In an Article III Capacity, *"Harris County Probate Court No. 1"*
Cannot Enlarge Its Article III Jurisdiction Through the
Application of *"Court Rules"* Without Violating the
"Separation of Powers" Doctrine.......................................10

The Probate Court's *"Pattern and Practice"* of Cherry-Picking and
Applying Procedure to Substantively Affect the Outcome of
Grievant's Case Can Be Found to Be Intentional Violations
of Grievant's Individual, State and Federally Guaranteed Rights...........16

Conclusion.........................................................................................22

Affidavit of Truth..............................................................................26

# TABLE OF AUTHORITIES

## FEDERAL

Art. I § 8, cl.9 (U.S. Constitution)..................................................................10

Art. III, § 1 (U.S. Constitution)........................................1, 9-11, 15, 20

Art. III, § 3, clause 1 (U.S. Constitution)........................................20

Bill of Rights (U.S. Constitution)................................................7, 10

Due Process Clause (U.S. Constitution)..................................................1

Federal Judiciary Act of 1789, ch. 20, 1 Stat. 92...........................7, 12

Rules Enabling Act of 1934 (*Act of June 19, 1934*).................1-5, 8-9, 12, 15

Rules of Decision Act of 1789.............................................................12

Separation of Powers (Clause of the U.S. Constitution)........................7

Supremacy Clause (U.S. Constitution)..................................................1

Thirteenth Amendment.......................................................................1

*Act of June 25, 1948 c. 646, 62 Stat. 991*...................................23-24

Title 18 U.S.C. §4...........................................................................24

18 U.S.C. §2331..................................................................10, 20, 26

18 U.S.C § 3771...............................................................................14

28 U.S.C. § 1652 (1982).....................................................................12

28 U.S.C. §2071...........................................................................6, 24

28 U.S.C. §2072.........................................................1, 6, 14-15, 24-25

Title 28 of the United States Code.................................................23-24

*American Ins. Co. v. Canter, 26 U.S.*
*(1 Pet.) 511 (1828)*..........................................................................8, 11

*Antoine v. Byers & Anderson, Inc.*,
- U.S. -, -, 113 S.Ct. 2167, 2171, 124 L.Ed.2d 391 (1993).....................9

*Bi-Metallic Co. v. Colorado*,
239 U.S. 441, 36 S. Ct. 141,60 L. Ed. 372, 1915 U.S....................11

*Burns v. Reed*,
U.S., 111 S. Ct. 1934, 1946, 114 L. Ed. 2d 547 (1991)....................9

*Davidson Bros. Marble Co. v. Gibson*,
213 U. S. 10, 213 U. S. 18.................................................................5

*Erie Railroad v. Tompkins*,
304 U.S. 64 (1938)......................................................................4, 12

*Forrester v. White*,
484 U.S. 219, 229-30, 108 S. Ct. 538, 545-46, 98 L. Ed. 2d 555 (1988)...........9

*Glidden Company v. Zdanok*,
370 U.S. 530 (1962)..................................................................2, 10-11

*Hanna v. Plumer*,
380 U.S. 460, 471 (1965).................................................................16

*Hudson v. Parker*,
156 U. S. 277, 156 U. S. 284................................................................5

*Meek v. Centre County Banking Co.*,
268 U. S. 426, 268 U. S. 434.................................................................5

*Northern Pipeline Co. v. Marathon Pipeline Co.*,
458 U.S. 50 102 S. Ct. 2858 (1982).................................................7-8

*O'Donoghue v. United States*
289 U.S. 516 (1933).........................................................................11

*Sibbach v. Wilson*,
312 U.S. 1 (1941)..........................................................................................1, 5-6

*Venner v. Great Northern Ry. Co.*,
209 U.S. 24, 209 U. S. 35............................................................................5

*United States v. Tillamooks*,
329 U.S. 40; 341 U.S. 48............................................................................11

*United States v. Will*,
449 U.S. 200, 217 218 (1980)......................................................................8

*Willy v. Coastal Corp.*
503 U.S. 131 (1992)................................................................................1, 6

Federal Rules of Civil Procedure....................................................14-15, 23-24

Federal Rules of Criminal Procedure, Rule 3.......................................................13

Federal Rules of Criminal Procedure, Rule 4.......................................................14

Local Court Rules for the Eastern District of Michigan...............5, 8, 10, 14, 23

Statutes at Large..............................................................................................25

## MICHIGAN

Article I, §24 of Constitution.......................................................................13

MCL 18.351..............................................................................................13

MCL 750.10..............................................................................................13

MCL 761.1..............................................................................................13

MCL 764.1(a)...........................................................................................14

MCL 764.1(b)...........................................................................................14

MCL 767.3............................................................13

MCR Rule 6.101......................................................13


**TEXAS**

Article I, §30 of the Texas Constitution..........................13

Texas Rules of Civil Procedure..................................24

**OTHER**

Bone, Robert. *Mapping the Boundaries of a Dispute: Conceptions
of Ideal Lawsuit Structure From the Field Code to the
Federal Rules*, 89 Colum. L. Rev. 1, 21 n.42 (1989)................3

Burbank, Stephen. *The Rules Enabling Act of 1934* (1982)
pp. 1018-1197...........................................3, 9, 16

Carrington, Paul. *Substance and Procedure in the Rules Enabling
Act*. Duke Law Journal. (Vol. 1989; No. 2; April)............4, 12, 15

Cook, Walter, *"Substance" and "Procedure" in the Conflict
of Laws*, 42 Yale L.J. 333, 335-336 (1933)........................16

Cordero, Richard. *Exposing Judges' Unaccountability and
Consequent Riskless Wrongdoing*................................22-24

Fields, Gary, and Emshwiller, John. *As Criminal Laws Proliferate,
More Are Ensnared* (7/23/11) Wall Street Journal................22

Fletcher, George. *Parochial Versus Universal Criminal Law*.
Journal of International Criminal Justice (Vol. 3) (2005).........18-20

Fletcher, George. *Rethinking Criminal Law* (Oxford: Oxford
University Press, reprinted 2000)..............................20

Fullerton, Maryellen. *No Light at the End of the Pipeline: Confusion
Surrounds Legislative Courts*. 49 Brook L. Rev. (1983).........3, 6, 11

Main, Thomas. *The Procedural Foundation of Substantive Law*.
Washington University Law Review, Vol. 87 (2009)........3-4, 16-17, 23

Martin, Michael. *Inherent Judicial Power: Flexibility Congress
Did Not Write Into the Federal Rules of Evidence.* 57
Tex. L. Rev. Vol. 2; pp.167-202. (Jan. 1979)......................19

Mishkin, *Some Further Last Words on Erie-The Thread*,
87 Harv. L. Rev. 1687 (1974)..................................9

Redish, Martin and Murashko, Dennis. *The Rules Enabling Act and
the Procedural-Substance Tension: A Lesson in Statutory
Interpretation*, 92 Minn. L. Rev. 26 (2008)......................16

Risinger, Michael. *"Substance" and "Procedure" Revisited:
With Some Afterthoughts on the Constitutional Problems
of "Irrebuttable Presumptions*,*" 30 UCLA L.Rev.
at 190, 201 (1982)..........................................16

Scott, *Actions at Law in the Federal Courts*, 38 Harv. L. Rev. 1,
3-4 (1924)..................................................3

Silberman, Linda. *Judicial Adjuncts Revisited: The Proliferation
of Ad Hoc Procedure*. 137 Univ. of Penn. L. Rev. (1989)
pp. 2131-2178...............................................2

Weaver, Justice Elizabeth and Schock, David. *Judicial Deceit:
Tyranny and Secrecy at the Michigan Supreme Court*..............20-21

Weinstein, Jack. *After Fifty Years of the Federal Rules of Civil
Procedure: Are the Barriers to Justice Being Raised?*
University of Pennsylvania Law Review. Vol. 137..............2-3

**INDEX OF EXHIBITS** – (There are no exhibits submitted)

# QUESTIONS PRESENTED

Question #1:

**_"Does a Texas Probate Court judge's failure to observe state and/or interstate laws and court rules governing the judicial obligation to "litigate the merits" of a controversy and/or to investigate a litigant's (Grievant Schied's) criminal 'complaints' – and does the selective application "judicial discretion" against that same litigant in response to a fellow State BAR of Texas member's 'Motion' to Dismiss" Grievant's civil claims and criminal allegations and Evidence against the judge's peer group of other attorneys – constitute a violation of the Rules of Decision Act (June 25, 1948, Ch. 646, 62 Stat. 944) as codified in 28 U.S.C. § 1652"_** (*"The laws of the several states, except where the Constitution or treaties of the United States or acts of Congress otherwise require or provide, **shall be regarded as rules of decision in civil action in the courts of the United States**, in cases where they apply."*)

Grievant Schied answers *"absolutely."*

Appellees would answer *"no."*

Question #2:

**_"Is the Texas judiciary barred under the Rules of Decision Act (1948) and the Rules Enabling Act (1934) from using Article I ('legislative') rulings to limit or 'abridge' substantive state and federally granted rights as was done recently when "judge" Loyd Wright issued his 'Order' to summarily 'dismiss' the substantive claims and/or criminal allegations, and Evidence that Grievant Schied had entered into the Court of Record in support of Grievant's "complaint" and/or "counter-complaint" that were factually based upon clear Evidence of theft from the Michael Edward Schied estate and based upon the clear 'appearance' corruption and racketeering by the Probate Court presiding "judge" Loyd Wright?"_**

Grievant Schied answers *"absolutely."*

Appellees would answer *"no."*

Question #3:

*"Is the federal judiciary barred from both legislating and adjudicating its own legislation using a Texas judge acting administratively and being thus subject to Article I limitations – on an issue concerning allegations of "bad" and/or criminal behavior against that same Texas judge and his peer group of other Texas State BAR attorneys – as was done in context of "Judge" Loyd Wright summarily and substantially dismissing the incriminating Evidence of Grievant's filings – by granting attorney's David Munson's "Motion for No Evidence Summary Judgment" without adjudicating the 'merits' of the controversy?*

Grievant Schied answers *"absolutely."*

Appellees would answer *"no."*

Question #4:

*"Does the Texas judiciary have any obligation to 'independently' investigate and/or adjudicate controversies against the infringement of rights by government when the judiciary itself – though being constitutionally 'independent' is also lawfully 'bound' to constitutional guarantees under Article III – is the entity being charged with that unconstitutional behavior?*

Grievant Schied answers *"absolutely."*

Appellees would answer *"no."*

## DISCUSSION

As the history of this case is documented in Grievant's previously filed *"Motion for Interlocutory Appeal"* and subsequent *"Claim and Brief on Appeal..,"* there are a certain number of Constitutional fixtures that *"trump," "nullify,"* or otherwise predicate *"limits"* upon Congress' delegation of rulemaking authority by the judiciary as set forth by the *Rules Enabling Act of 1934*. Those fixtures include, but are not limited to, the <u>Supremacy Clause</u> and <u>Due Process Clause of the Constitution</u>; the <u>Thirteenth Amendment</u>, and the Act's own restrictions as codified by <u>28 U.S.C. §2072</u> which states, in relevant part:

> *"[T]he Supreme Court of the United States shall have the power to prescribe by general rules . . . the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law. **Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant.**"*
>
> Bold emphasis added

Notably, in *Willv v. Coastal Corp*. 503 U.S. 131 (1992) and *Sibbach v. Wilson*, 312 U.S. 1 (1941). Pp.134-135, the Supreme Court further clarified that, ***"the Rules must be deemed to apply only if their application will not impermissibly expand the judicial authority conferred by Article III."*** (Bold emphasis)

1

## NEITHER CONGRESS NOR STATE AND/OR FEDERAL JUDICIARIES CAN LEGISLATE AND THEN ADJUDICATE THEIR OWN LEGISLATION TO OVERRIDE THE *SUBSTANTIVE* NEED TO MAINTAIN *FULL FAITH AND CREDIT* TOWARD THE LAWS OF ALL OTHER STATES

It is well known that for decades the distinction between *"constitutional"* and *"legislative"* courts *"has been productive of much confusion and controversy."* <u>Glidden Company v. Zdanok</u>, 370 U.S. 530 (1962).

Such confusion is enhanced by the fact that, though purportedly employed in an Article III Court of Record, any judge [6] using *procedural motions* to summarily *"strike"* or *dismiss* substantive Allegations and Evidence of the infringement upon a litigant's constitutionally guaranteed rights – without *litigating the merits* [7] of

---

[6] *"[T]he existing system has been made functional by improvising with an adjunct judiciary, which does not have the status, tenure, and/or accountability of Article III judges."* Magistrates do not receive Article III lifetime tenure; instead, they *"are appointed for an eight-year term pursuant to statutory procedures."* Silberman, Linda. *Judicial Adjuncts Revisited: The Proliferation of Ad Hoc Procedure.* 137 Univ. of Penn. L. Rev. (1989) pp. 2131-2178. (*See* p. 2133).

[7] *"The proponents of the <u>Rules Enabling Act</u> were not interested in uniformity for its own sake; **they saw uniformity as a tool for streamlining litigation and for arriving promptly at an assessment of the merits**....Thomas Shelton initially spoke about uniformity as a means toward homogenizing procedure, but by 1918 he had made clear that he valued uniformity for its **ability to make procedure the mere conduit of the merits** – 'a clean pipe, an unclogged artery, a clear viaduct, or a bridge.' William Howard Taft's agenda was not uniformity per se, but 'expedition and thoroughness in the enforcement of public and private rights in our courts, thus cheapening the cost of litigation by simplifying judicial procedure and expediting final judgment. Roscoe Pound thought procedure should be 'mere etiquette,' **never interfering with the direct consideration of the merits. This is hardly the kind of thinking that insists on procedural uniformity for its own sake regardless of the consequences for the merits."* Weinstein, Jack. *After Fifty Years*

2

that controversy[8] constitutes a *common law trespass*[9] – **and is doing so without**

**"*the essential attribute of judicial power reserved of Article III courts.*"[10]** (Bold

emphasis added)

---

*of the Federal Rules of Civil Procedure: Are the Barriers to Justice Being Raised?*
University of Pennsylvania Law Review. Vol. 137; pp. 1901-1923.

[8] *"The legislature cannot, to be sure, constitutionally give power to the courts to make laws covering **substantive** rights. The making of such laws is a legislative and not a judicial function. **The courts may not make substantive law except in so far as the decision of an actual controversy serves as a precedent for the determination of subsequent controversies, if, indeed, this process can be called making and not merely pronouncing or discovering law.** In the Senate bill, it is expressly provided that **the rules of the Supreme Court shall not affect the substantive rights of any litigant.**"* Scott, *Actions at Law in the Federal Courts,* 38 Harv. L. Rev. 1, 3-4 (1924) as cited by Stephen B. Burbank in *The Rules Enabling Act of 1934* (1982) pp. 1018-1197. (*See* p.1080)

[9] Notably, **common law offenses constituting constitutional violations and crimes, not being limited to "*tort*" and "*trespass,*" are at the time of this writing being levied against the attorneys and the lower court probate judge by Grievant David Schied.** As such, any action taken by or on behalf of the Texas Court of Appeals, if it is indeed acting under within its Article III scope of jurisdiction, can and should explain their actions in terms of impact upon "*trespass, case and trover*" in order to address its potential for impacting "*substantive law.*" [(See Main, Thomas. *The Procedural Foundation of Substantive Law.* Washington University Law Review, Vol. 87 (2009) p. 6 in reference to Robert G. Bone, *Mapping the Boundaries of a Dispute: Conceptions of Ideal Lawsuit Structure From the Field Code to the Federal Rules,* 89 Colum. L. Rev. 1, 21 n.42 (1989).] **Clearly, the Probate "*judge*" Loyd Wright failed to do so when issuing his "*order*" granting summary dismissal of this instant case now on appeal, without any reasoning or explanation whatsoever.**

[10] Fullerton, Maryellen. *No Light at the End of the Pipeline: Confusion Surrounds Legislative Courts.* 49 Brook L. Rev. (1983). *See* Fullerton's footnote #116, pp.225-226 in which the author discusses the "*plurality's*" ruling in view that "*neither federal magistrates nor administrative agencies exercised 'the essential attributes of judicial power.'*"

Causing an even further muddling of the issue is that the dichotomy between substantive law and procedural law *"was neither time- nor battle-tested when it was codified as a foundational precept of our contemporary jurisprudence."*[11] **The fact is that procedure is embedded in substantive law**[12]**, such as that found in state statute(s)**[13]**, which take precedence in the absence of Congressional legislation to the contrary of those state statute(s).**[14] (Bold emphasis)

---

[11] Main, Thomas. *The Procedural Foundation of Substantive Law*. Washington University Law Review, Vol. 87 (2009) p. 3. See also p.7, *"[S]ubstantive law was subsumed within the procedural form."*

[12] *"The perception that parallel court systems were applying substantially similar substantive rules of law under different procedural schemata led inevitably to the ultimate merger of law and equity. The merger of law and equity, on one hand, and the emergence of a substance-procedure duality, on the other, thus presented interlocking narratives: a purely procedural merger of Law and Equity purported to leave the grand substantive jurisprudence of both systems intact."* See again, Main. *The Procedural Foundation of Substantive Law*, p. 8.

[13] Again, see Main's *The Procedural Foundation of Substantive Law* p.3.

[14] *"Erie [Railroad v. Tompkins, 304 U.S. 64 (1938)] called attention to the constitutional restrictions on federal lawmaking with respect to rules governing* ***decisions in cases brought in federal court to enforce state-created rights.*** *Congress was given limited substantive powers and responsibilities under Article I; substantive rights created in the exercise of those powers can, of course, be enforced in state as well as federal courts, unless Congress provides for exclusive jurisdiction in one of the forums. But in matters not controlled by the laws it creates under Article I that are brought to federal courts for resolution, Congress only has an undefined power over procedure in federal courts, which is implied from its Article III powers to create such courts.* ***These constitutional powers find one of their bounds in a distinction between matters of substance and procedure."*** Carrington, Paul. *Substance and Procedure in the Rules Enabling Act*. Duke Law Journal. (Vol. 1989; No. 2; April) pp. 281-327 in discussion of the redundancy of the second sentence of the *Rules Enabling Act of 1934*.

Essentially, the Supreme Court also upheld in *Sibbach v. Wilson & Co., Inc.*, 312 U.S. 1 (1941) that,

> *"There **are other limitations upon the authority to prescribe rules** which might have been, but were not, mentioned in the [Rules Enabling Act of 1934 (i.e., the Act of June 19, 1934)] for instance, **the inability of a court, by rule, to extend or restrict the jurisdiction conferred by a statute.**"* [15]

Therefore, the legal *appeal*[16] raised by Grievant in this case is in regard to the extent that *"judge"* Loyd Wright and his peer group of attorneys have utilized –

---

[15] Here, the Supreme Court was citing *Hudson v. Parker,* 156 U. S. 277, 156 U. S. 284; *Venner v. Great Northern Ry. Co.,* 209 U.S. 24, 209 U. S. 35; *Davidson Bros. Marble Co. v. Gibson,* 213 U. S. 10, 213 U. S. 18; *Meek v. Centre County Banking Co.,* 268 U. S. 426, 268 U. S. 434.

[16] See the lower *probate* court filing of Grievant's **a)** *"Motion for Declaratory Ruling on the Degree of Legitimacy of Actions Taken in Effort to Construct a 'Joinder' of Other Named 'Co-Defendants' to be 'Added to This Case by 'Pro Per' and 'Forma Pauperis' Petitioner and If Such Action if Ruled 'Insufficient' Then for This Court to Take Such Action Necessary to Ensure by 'Order' That the 'Clerk' of the Court 'Properly' Provide the Appropriate Number of Copies and 'Service' to These Named 'Co-Defendants' of the Documents Already in the Court's Possession for This Past Month (as Provided by Rule 99, Tex.R.Civ.Proc.)"* See also the lower probate court filing of Grievant's **b)** *"Motion for Default Summary Judgment and Order to Terminate Application of Michael Merritt and to Compel Documents by Failure of Defendants to 'Answer' Counter-Complaint by Monday Following 20-Days After Being Properly 'Served' and If Default Summary Judgment and Order Are For Any Reason 'Denied,' to Instead Provide Waiver of Fees and Costs to David Schied in Order to Comply with the Order of This Court Compelling Mediation on or Before 2/27/15"* and Grievient's accompanying **c)** *"Motion for Order to Show Cause and to Compel Documents" and for Injunctive, Declaratory and Other Relief in Actions Taken Thus Far Against Plaintiff's Survivorship Rights; and to Determine the Actual Necessity and Degree of Need for This Court's Further Involvement in the 'Probating' of the Remaining Terms of Mickey Schied's Last Will and the Last Aspects of 'Administration' of Mickey Schied's Estate"*.

5

in a documented *pattern and practice* and *under color of law* – the *court rules* [17] to overstep and/or to undermine their Article III status as judges, and/or to (perhaps intentionally and criminally)[18] exceed and/or subvert the independent judicial authority otherwise allocated to the United States Supreme Court by Congress under Article I.[19]

See 28 U.S.C. §2071 which reads, in relevant part:

*"(a) The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. **Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title.***"

28 U.S.C. §2072 thus also reads, in relevant part:

*"**(b) Such rules shall not abridge, enlarge or modify any substantive right.** All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."*

The answer to the above-referenced *"appeal"* of Grievant then should be

---

[17] See again, *Willy v. Coastal Corp*. 503 U.S. 131 (1992) and *Sibbach v. Wilson*, 312 U.S. 1. Pp.134-135 stating, **"the Rules must be deemed to apply only if their application will not impermissibly expand the judicial authority conferred by Article III."**

[18] Grievant Schied maintains that the Evidence with which he *"objects"* and thus *"appeals"* in the lower court ruling to *"dismiss"* Grievant's substantive filings presents a *"pattern and practice"* of contemptuous and obstructionist acts by both of the Texas BAR attorneys Munson and Apostolakis and the probate court *"judge"* Loyd Wright as all being *"officers of the Court"* who have sworn an Oath to uphold their state constitutions and the Constitution of and for the United States as the Supreme Law of the Land.

[19] *"The terms 'article I court' and 'legislative courts' are generally used interchangeably...and refer[s] to all systems of adjudication that Congress establishes, but does not endow with the guarantees of judicial independence specified in Article III."* Fullerton, Maryellen. *No Light at the End of the Pipeline: Confusion Surrounds Legislative Courts*. 49 Brook L. Rev. (1983)

simple: If the Harris County Probate Court #1 operating in Houston is operating as an Article III *constitutional* court, the instant *controversy* over Grievant's numerous sets of filings – submitted by Grievance as Evidence against not only the named co-Defendants/Appellees, but also against **Loyd Wright** himself as the so-called "*judge*" that **presented at least the _appearance of misconduct_ by dismissing all of Grievant's filings without** *litigating the merits* – must be to *judicially* resolve the issues *independently*, in the proper and objective **context** of the **Facts** as Grievant had originally presented them [20]; and with the proper deference toward the **substantive** rights of the litigant(s) as guaranteed by the _Bill of Rights_ [21] and the _Separation of Powers_ design [22] that is mandated by the U.S.

---

[20] The Texas Court of Record clearly shows that Grievant's consisted of numerous filings that were each submitted with some form of sworn or notarized "_Affidavit of Truth_" making the documents, if undisputed in content by contradictory Evidence or other form of sworn conflicting testimony such as a by another Affidavit, *prima facie* Fact(s) admissible as Evidence.

[21] Importantly, Loyd Wright's "_Order Granting Motion for No Evidence Summary Judgment_" blatantly violates the Due Process Clause and other constitutional guarantees of the *Bill of Rights* (Amendment VII) which states, *"In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved..."*

[22] Under a *Separation of Powers* analysis, the inquiry is whether one branch (i.e., in this case the federal judiciary) has performed a function assigned to another branch. Generally, Congress has dealt with the need for judicial independence by assigning judicial matters to Article III courts as established under the _Judiciary Act of 1789_ for federal District and Circuit courts. Separation of Powers requires, *"[a] Judiciary free from control by the Executive and Legislature is essential if there is a right to have claims decided by judges who are free from potential domination by other branches of government."* _Northern Pipeline Co. v. Marathon_

7

Constitution itself, as is also set forth in the *Rules Enabling Act of 1934* as follows:

> "*[T]he Supreme Court of the United States shall have the power to prescribe by general rules . . . the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law. **Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant.**"*

Essentially, the only way in which any judge of even Texas' highest

court could possibly "*establish and ordain*" [23] the Rules upon which it also

administrates is if that court were conducting the *business of the court* in

Article I jurisdiction [24] and as an Article I court.[25] For a Probate Court judge

---

*Pipeline Co.*, 458 U.S. 50 102 S. Ct. 2858 (1982) citing *United States v. Will*, 449 U.S. 200, 217 218 (1980).

[23] This quote is derived from the famous preamble that recognizes that it was the *sovereign* people themselves that authored the Constitution, by conflating the act of writing with the process of ratification: "*We the People of the United States, in Order to form a more perfect Union . . .do ordain and establish...*"

[24] Congress has also established tribunals known as "*Article I*" or "*legislative*" courts that are not "*independent*" and are otherwise staffed by judges that are not entitled to lifetime tenure and irreducible salaries "*during good behavior.*" The Supreme Court first recognized Congress' inherent power under Article I in *American Ins. Co. v. Canter*, *26 U.S. (1 Pet.) 511 (1828)*, which substantiated **the creation of *territorial* courts created by article I, as not being part of the independent federal judiciary:**

> "*These Courts, then, are not constitutional Courts, in which the judicial power conferred by the Constitution on the general government, can be deposited. They are incapable of receiving it. They are legislative Courts, created in virtue of the general right of sovereignty which exists in the government, **or in virtue of that clause which enables Congress to make all needful rules and regulations, respecting the territory belonging to the United States....**The powers of the territorial legislature extend to all rightful objects of legislation, **subject to the restriction that their laws shall not be inconsistent with the laws and constitution of the United States.**"*

(Bold emphasis)

or magistrate to have done this is, by default, to have surrendered sovereign status and *"independence"* under Article III [26]; **and for the judges (and magistrate) to have waived their judicial immunity** [27] as Article I *"administrative"* or *"legislative"* judges (and magistrate); or worse, by being seditious *usurpers* of government fiduciary positions, as *domestic terrorists,* which Mr. Schied now alleged as he has also claimed to have properly

---

[25] When an Article I court acts *legislatively* it does not, at the same time, also act *constitutionally* with the endowment of guarantees of judicial independence specified in Article III. Conversely, when an Article III Court, judge *legislates*, as it appears to be doing when applying *court rules* written by the judiciary against litigants in ways described by Grievant Schied to *"dismiss"* substantive Evidence of history and laws from the official Court *"of record"*, the judge and the Article III Court are violating the *Separation of Powers* doctrine.

[26] *The statutory limitations [of the Rules Enabling Act of 1934] were intended to confine the power of the Court itself, a fact that requires that the Court ever be open to the reconsideration of past interpretation on sufficient demonstration that it has erred in ascertaining the statute's meaning.* Burbank, Stephen. "*The Rules Enabling Act of 1934*" (1982) pp. 1018-1197. (*See* pp. 1101-1102) Also, where *"the limits are being imposed on the courts themselves . . . the judicial constraints to act in accordance with legislatively imposed limits should be even stronger in order to counter the inherent tendency of any institution to extend its own reach and power."* See Mishkin, *Some Further Last Words on Erie-The Thread*, 87 Harv. L. Rev. 1687 (1974).

[27] *"The Supreme Court has distinguished judicial acts to which absolute immunity necessarily attaches and* **administrative acts for which such immunity is not available."** See *Forrester v. White*, 484 U.S. 219, 229-30, 108 S. Ct. 538, 545-46, 98 L. Ed. 2d 555 (1988). *"Judicial acts are those involving the 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'"* *Antoine v. Byers & Anderson, Inc.,* - U.S. -, -, 113 S.Ct. 2167, 2171, 124 L.Ed.2d 391 (1993) at 2171 [quoting *Burns v. Reed*, U.S., 111 S. Ct. 1934, 1946, 114 L. Ed. 2d 547 (1991) (Scalia, J., concurring in part and dissenting in part)]. **"Administrative acts are, among others, those 'involved in supervising court employees and overseeing the efficient operation of a court.'"** *Forrester,* 484 U.S. at 229, 108 S. Ct. at 545.

submitted Evidence to this Texas Court of Appeals' *Court of Record* revealing such usurpations in *"pattern and practice"* by Loyd Wright and his cohorts of attorneys and clerks.[28]

## IN AN ARTICLE III CAPACITY, THE *"HARRIS COUNTY PROBATE COURT NO.1"* CANNOT ENLARGE ITS ARTICLE III JURISDICTION THROUGH THE APPLICATION OF *"COURT RULES"* WITHOUT VIOLATING THE *"SEPARATION OF POWERS"* DOCTRINE

*"Tenure that is guaranteed is the badge of an Article III Court."* Thus, *"[j]udges of the Article III courts work by standards and procedures which are either specified in the Bill of Rights or supplied by well-known historic precedents...."* This narrow scope of Article III jurisdiction serves the Framers' mandate of maintaining a *separation of powers* and safeguarding the independence of the judicial from the other branches, by confining the activities of Article III courts to cases and controversies *"of a Judiciary nature."*[29]

Meanwhile, *"[t]he power given Congress in Art. I § 8, cl.9 'to constitute Tribunals inferior to the supreme Court', plainly relates to the 'inferior Courts' provided for in Art. III, § 1 [30]; it has never been relied on for establishment of any*

---

[28] As also found on the FBI's website, 18 U.S.C. §2331 defines *"domestic terrorism"* as acts that appear to be intended to influence or coerce a civilian population or the policy of government.

[29] See *Glidden Company v. Zdanok*, 370 U.S. 530 (1962).

[30] Notably, *U.S. Const. Art. I*, which specifies the powers of Congress, make no reference to *"legislative courts."*

*other tribunals."* <u>*Glidden v. Zdanok*</u>, *370 U.S. 630, 643 (1962). Nevertheless,*

*relying on its inherent power under article I, Congress has acted on a number of*

*occasions to establish "legislative courts," which are not part of the judicial*

*branch of the federal government."*[31]

> *"Article III courts are law courts, equity courts, and admiralty courts — all specifically named in Article III. They sit to determine 'cases' or 'controversies.' But **Article I courts have no such restrictions. They need not be confined to 'cases' or 'controversies' but can dispense legislative largesse.** See* <u>*United States v. Tillamooks*</u>, *329 U.S. 40; 341 U.S. 48* **Their decisions may affect vital interests; yet like legislative bodies, zoning commissions, and other administrative bodies they need not observe the same standards of due process required in trials of Article III 'cases' or 'controversies.'** *See* <u>*Bi-Metallic Co. v. Colorado*</u>, *239 U.S. 441, 36 S. Ct. 141, 60 L. Ed. 372, 1915 U.S.. That is what Chief Justice Marshall meant when he said in American Ins. Co. v. Canter, 1 Pet. 511, 545-546, that an **Article I court (in that case a territorial court) could make its adjudications without regard to the limitations of Article III. On the other hand, as the Court in* <u>*O'Donoghue v. United States*</u>, *supra, at 546, observed, Article III courts could not be endowed with the administrative and legislative powers (or with the power to render advisory opinions) which Article I tribunals or agencies exercise."** See* <u>*Glidden Company v. Zdanok*</u>, 370 U.S. 530 (1962) – Justice Douglas, dissenting

---

[31] *"The Supreme Court first recognized this power in* <u>*American Ins. Co. v. Canter*</u>, *26 U.S. (1 Pet.) 511 (1828), which upheld **the creation of territorial courts that were not part of the independent federal judiciary created by article I: These Courts, then, are not constitutional Courts**, in which the judicial power conferred by the Constitution on the general government, can be deposited. **They are incapable of receiving it.** They are legislative Courts, created in virtue of the general right of sovereignty which exists in the government, or in virtue of that clause **which enables Congress to make all needful rules and regulations, respecting the territory belonging to the United States**."* Fullerton, Maryellen. <u>*No Light at the End of the Pipeline: Confusion Surrounds Legislative Courts*</u>. 49 Brook L. Rev. (1983). (*See* <u>footnote #1</u>.)

The *Erie Railroad v. Tompkins* ruling in 1938 brought the *Rules of Decision Act of 1789* [32] under intense focus, making apparent that *"[t]he laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."* Thus, though the *Rules Enabling Act of 1934*, enacted by Congress, awarded the Supreme Court the power *"to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure of the district courts,"* [33] it was clear that **no such rule can be applied *"to the extent, if any, that it would defeat rights arising from state substantive law as distinguished from state procedure."*** (Bold emphasis added)

In the instant case, *David Schied v. Michael Merritt, Wynde Merritt, Janette Smith, Robin Apostolakis, and David Munson"* Grievant Schied herein makes amply clear – throughout the period of his filing of the documents targeted by the conspiracy of attorney David Munson and *"judge"* Loyd Wright to deprive Grievant of his due process and other rights – that Grievant relies upon the Texas counterpart to the following Michigan legislation (and Michigan Court Rule) as

---

[32] *See* Section 34 of the *Federal Judiciary Act of 1789*, ch. 20, 1 Stat. 92 [codified as amended at 28 U.S.C. § 1652 (1982)].

[33] *"This first sentence of the Act was a delegation of some federal law-making power created by Article III, which authorizes Congress to establish lower federal courts."* Carrington, Paul. *Substance and Procedure in the Rules Enabling Act*. Duke Law Journal. (Vol. 1989; No. 2; April) *See* p. 286.

well as <u>Article I, § 24 of the Michigan Constitution</u>, and <u>Article I, §30 of the Texas Constitution</u>, governing crime victims' rights, as **both a *substantive* and a *procedural* guide** for how ***any judge*** should treat formal criminal **accusations** – **signed by sworn Affidavit of truthfulness** as a ***"complaint"*** – giving ***"reasonable cause to believe a crime or crimes have been committed,"*** by that judge initiating an immediate investigation and providing an *Order* for an arrest warrant on such an *"indictment"*:

a. **MCL 18.351**-[Crime Victim's Compensation Board (definitions)] which defines a *"<u>Crime</u>"*: *"(c) 'Crime' means an act that is 1 of the following: (i) A crime under the laws of this state or the United States that causes an injury within this state. (ii) An act committed in another state that if committed in this state would constitute a crime under the laws of this state or the United States, that causes an injury within this state or that causes an injury to a resident of this state within a state that does not have a victim compensation program eligible for funding from the victims of crime act of 1984, <u>chapter XIV of title II of the comprehensive crime control act of</u> 1984, Public Law 98-473 98 Stat. 2170."*

b. **MCR Rule 6.101** (Rules of the Court) holds that. ***"A complaint is described as a written accusation that a named or described person has committed a specified criminal offense.*** *The complaint must include the substance of the accusation against the accused and the name and statutory citation of the offense. (B)(Signature and Oath)* ***The complaint must be signed and sworn*** *to before a judicial officer or court clerk.....* "[34]

c. **MCL 761.1** and **MCL 750.10** describes an ***"indictment"*** *as* ***"a formal written complaint or accusation written under Oath affirming that one or more crimes have been committed and names the person or persons guilty of the offenses".***

d. **MCL 767.3** holds that at the least. ***"The complaint SHALL give probable cause for any judge of law and of record to suspect that such offense or offenses have been committed...and that such complaint***

---

[34] This rule also corresponds near exactly with the wording of <u>Federal Rules of Criminal Procedure, Rule 3.</u>

***SHALL warrant the judge to direct an inquiry into the matters relating
to such complaint".***

e. **MCL 764.1(a)** holds that, ***"A magistrate SHALL issue a warrant upon
presentation of a proper complaint alleging the commission of an
offense and a finding of reasonable cause to believe that the individual
or individuals accused in the complaint committed the offense"***

f. **MCL 764.1(b)** calls for an *"arrest without delay".*[35]

Notably, the protection of crime victims from *"accused"* is constitutionally

guaranteed right under both the Michigan Constitution and the Texas Constitution,

as well as Title 18, § 3771 of the United States Code. 18 U.S.C § 3771 specifically

defines *"crime victim"* in relevant part as follows:

> *"The term "crime victim" means a person directly and proximately
> harmed as a result of the commission of a federal offense..."*

Nevertheless, Harris County Probate Court #1 judge Loyd Wright

disregarded such criminal violations of Grievant's rights by the Appellees'

attorneys; and he instead administratively granted Defendants and their attorneys

*"Motion for No Evidence Summary Judgment;"* and **while applying no reasoning

whatsoever behind that decision.** Grievant subsequently raised his written

*"appeal"* to that administrative action by Wright, citing that **it was not Grievant**

---

[35] This Michigan law also corresponds with the wording and intent of the Federal
Rules of Criminal Procedure, Rule 4, which states in relevant part: *"If the
complaint or one or more affidavits filed with the complaint establish probable
cause to believe that an offense has been committed and that the defendant
committed it, the judge must issue an arrest warrant to an officer authorized to
execute it."*

14

who was to be "*bound*" but the judge himself who was "*bound*" by the violations in his own *unconstitutional* and *criminal* actions. (Bold emphasis)

Loyd Wright was acting in his *individual* capacity and not in his *judicial* capacity when he "*abridged*" Grievant's substantive rights as a litigant; doing so intentionally despite Wright's previous numerous assurances that Grievant would be provided due process and be going through a "*full-blown lawsuit*" all the way to a jury trial. **(See again "*Exhibits #5 and #6*" as the 12/19/14 hearing transcript and sworn and notarized Affidavit of authenticity and accuracy for verbatim accounts of "*judge*" Wrights clear reassurances.)**

**By taking such action, Loyd Wright effectively also "*enlarged*" and "*expanded*" the enunciated Article III rights of the Harris County Probate Court itself, causing a *substantive* [36] encroachment of the federal judiciary, both against state rights and against the *limitations* imposed upon the federal District Court under Article III by Congress.[37]** (Bold emphasis added)

---

[36] "*The presence of the second sentence [i.e., as found in the Rules Enabling Act as codified in 28 U.S.C. §2072 pertaining to the 'substantive rights of any litigant']* more likely is a reflection of Congress's awareness that **the terms 'substance' and 'procedure' are not mutually exclusive. Indeed,** the seemingly redundant usage implies that the meanings of **these terms are purposive and contextual...**"

[37] Again, importantly, Congress had made it clear, "**By shielding substantive rights from abridgment and modification, the first sentence of the [Rules Enabling Act of 1934] expresses constitutional principles that derive from Article III.**" Thus, the District Court "**cannot make substantive rules by any means other than writing opinions in 'cases or controversies,' without taking leave of its role as defined by Article III.**" This is because "**it [is] obvious that the Court**

15

## THE PROBATE COURT'S "*PATTERN AND PRACTICE*" OF CHERRY-PICKING AND APPLYING PROCEDURE TO SUBSTANTIVELY AFFECT THE OUTCOME OF GRIEVANT'S CASE CAN BE FOUND TO BE INTENTIONAL VIOLATIONS OF GRIEVANT'S INDIVIDUAL, STATE AND FEDERALLY GUARANTEED RIGHTS

"*Today...a Federal Rule of Civil Procedure is not a valid procedural rule under the Rules Enabling Act if it abridges, enlarges or modifies a substantive right.*"[38] Inevitably, the distinction that separates <u>substance</u> and <u>procedure</u> is not only vexing but consequential. It appears that wherever the line is drawn between the two depends upon the purpose for drawing that line.[39] "*But of course flexibility cannot be achieved without severely compromising the values of predictability and uniformity.*"[40] "*Thus, this jurisprudence is largely ad hoc because the categories of*

---

*cannot promulgate rules creating rights bearing on behavior external to it without fully taking leave of its assigned function in the constitutional scheme.*" *See* again, Carrington, p. 287.

[38] See Thomas Main, referring generally to Martin H. Redish and Dennis Murashko, *The Rules Enabling Act and the Procedural-Substance Tension: A Lesson in Statutory Interpretation*, 92 Minn. L. Rev. 26 (2008) and Stephen B. Burbank, *The Rules Enabling Act of 1934*.

[39] See again Main, referring to Walter Wheeler Cook, *"Substance" and "Procedure" in the Conflict of Laws*, 42 Yale L.J. 333, 335-336 (1933) (arguing that the line between substance and procedure could only be drawn with knowledge of the purpose of the line-drawing). See also, *Hanna v. Plumer*, 380 U.S. 460, 471 (1965) ("*The line between substance and procedure shifts as the legal context changes.*")

[40] Again Main, referring to Risinger, Michael. *"Substance" and "Procedure" Revisited: With Some Afterthoughts on the Constitutional Problems of "Irrebuttable Presumptions*," 30 UCLA L.Rev. at 190, 201 (1982) (suggesting that one commentator's functional definition is another's "*linguistic relativism*" or the "*abdication of analysis*").

*substance and procedure were not fully formed when codified and have not been crystalized since.*"[41]

As Thomas Main explains, *"procedure is substance"* because procedure has the power to change the outcome of cases. ***"No procedural decision can be completely neutral in the sense that it does not affect substance."***[42]

Conversely, as also explained by Main, *"substantive law...is constructed with a specific procedural apparatus in mind to vindicate the rights created or the responsibilities assigned by that substantive law."* Yet, substantive law is not *"trans-procedural"* unless *"the rights and responsibilities assigned are could be fulfilled and realized in any procedural system."*[43]

Thomas Main suggests a *hybrid* approach to the resolve of the above perplexities involved with the procedure being inherently substantive, and substance being inherently procedural. Main simply suggests that current doctrine

---

[41] *See* Main, *supra*, p.16.

[42] Main, p.17-20, (*"All informed observers of the litigation process should already understand [this]....When the discovery rules were adopted in 1938 they were expected to make a trial less about sport and ambush, and more about truth and evidence."*) Also, when *"scholars have analyzed the substantive capacity of numerous procedural devices and doctrines...[they have reported that the bulk of]* **procedural reforms have intentionally, relentlessly and successfully weakened civil rights and discrimination laws....This is dangerous because procedural reforms can have the effect of denying substantive rights without the transparency, safeguards and accountability that attend public and legislative decision-making."** (As stated by Rep. John Dingell at a Regulatory Reform Act Hearing in 1983, *"I'll let you write the substance...you let me write the procedure, and I'll screw you every time."*) (Bold emphasis)

[43] Main, *supra*, pp. 20-21

and procedures of the instant "*(federal) forum*" be "*bound up*" with state-created rights to substantially "*intertwine the rule with the basic right of recovery.*"

Another analysis applied to this "*procedure-substance*" in deciding upon this the type of scenario as that presented by Grievant's allegations of a *pattern and practice* involving the judiciary themselves, might also be to consider – given that no procedural decision can be completely neutral of its control over substantive consequences – the motives and the methodology used by the judges who are subjectively exercising their discretion on where to "*draw the lines*" in the application of procedural rules.

Such an analysis is comprehensively discussed by Columbia University Law School professor George P. Fletcher in his article, "*Parochial Versus Universal Criminal Law.*"[44] Fletcher's article centers on **treason** and his analysis, in so many ways, pitches the self-interest (or "*parochial*") of the government against the protection of the ("*universal*") interests of the people at large (in the English-speaking world).[45]

---

[44] *Journal of International Criminal Justice (Vol. 3)* (2005), pp.20-34

[45] Because much of Fletcher's analysis about "*universal*" law concentrates upon "*serious crimes of concern to the international community as a whole,*" which do not constitute assaults against individual or national "*sovereignty*" of Americans, for purposes of this instant "*Memorandum of Law*...", it should suffice to state simply that **such "*universal*" crimes are, "*by and large...[w]hat we would describe in the common law as wrongs in themselves...not wrong by force of the [written laws] that define them.*"** Additionally, **Fletcher provides a convenient summary of the difference between "*parochial*" law and "*universal*" law, while**

Fletcher begins with the maxim, *"nullen crimen sine lege"* (*"no crime without law"*), which is presented with the reminder that *"[t]he legislation might come in many forms,"* and ***"to advise potential offenders of the criteria of liability to restrain judges in their exercise of discretion*** *and to seek a measure of uniformity and* ***equality in the prosecution of offenders."*** The article explores what actions might be exercised by states (and the people intrinsically *"establishing and ordaining"* the state) in the expression of their *"sovereignty."*[46] The analyses presented in that article is constitutionally relevant since it points out that *"the first memorable statute to define a crime in English history addressed the subject of treason."*

**Not so coincidentally, the first crime to be referenced by the Constitution of the United States – and giving cause for the disqualification and removal** (of the President) **from government office – is Treason** (followed by Bribery, and *"other high Crimes and Misdemeanors"*). Just as importantly,

---

**accentuating a call to action that is already recognized by most civilized nations:** *"Parochial crimes reflect self-interest, while universal crimes express a commitment to justice for all persons. [The English Crown sought to protect its own interests by punishing traitors.] The same is true of all legal cultures that punish treason –* ***punishing traitors is a way of securing the state's stability and survival."*** See Fletcher, *supra*, p.25. (Bold emphasis added)

[46] *"[P]owers were distributed among branches of the government that were equal among themselves and subject only to the sovereignty of "the people," who had delegated their powers through the Constitution. "* Martin, Michael. *Inherent Judicial Power: Flexibility Congress Did Not Write Into the Federal Rules of Evidence.* 57 Tex. L. Rev. Vol. 2; pp.167-202. (Jan. 1979)

**"Treason"** was even given its own section (**"Section 3"**) of the <u>Constitution</u> by the Founding Fathers, falling under <u>Article III</u> in reference to **"The Judicial Branch."** The American Constitution defines *treason* against the United States as consisting only **"in levying War against [the United States], or in adhering to their Enemies, giving them Aid and Comfort."**[47] (Bold emphasis added)

---

[47] See <u>US Constitution, Art. III, s.3, clause 1</u>. Also note that this definition aligns in certain ways with the statutory definition of "*domestic terrorism*" as found in a previous footnote: <u>18 U.S.C. §2331</u> defines "*domestic terrorism*" as **"acts that appear to be intended to influence or coerce a civilian population or the policy of government."** Note that, **"[a]s defined here [by Fletcher (p.21)], treason appears to be an offence committed first in the heart, by 'adhering to the enemy'."** Fletcher added, "*This subjective element was supplemented by a requirement of an overt act.*" [See generally G. P. Fletcher, <u>Rethinking Criminal Law</u> (Oxford: Oxford University Press, reprinted 2000), pp. 207-213.] "*Even when nationals owe a duty of loyalty to the mother country, the bearers of that duty might have strong moral reasons for rejecting it. Americans know this well, for those who signed the Declaration of Independence all committed treason against the Crown. They were loyal neither in their hearts nor in their deeds.*" Fletcher. "*Parochial Versus Universal Criminal Law*" (p.22) Fletcher additionally noted that though "*[t]reason has remained on the books in all Western countries, but it is invoked less and less often and treated as a suspect crime that reflects the climate of local political interests.*" Grievant Schied concurs with this finding; however, **Grievant asserts that such "*local political interest*" rests with numerous state and federal judges themselves who are protecting their own personal interests and their "*conflict of*" interests by their associations with others, particularly with their peer group of other judges and attorneys as all members of the Texas State BAR – or as another example, the State BAR of Michigan – under supervision of what has been, in Michigan's case and perhaps Texas' case, otherwise deemed a "*thoroughly corrupt and broken*" judiciary. (This statement comes from Grievant Schied's personal relationship with the late Justice Elizabeth Weaver, in which she had invited Grievant to her home for an extensive discussion on this topic as the basis of her book, "*Judicial Deceit: Tyranny and***

20

Considered historically as a *"parochial crime,"* **treason** constituted a moral wrong that **could *only* be perpetrated by those otherwise expected to have openly professed their Oath and allegiance to protecting the stability of the existing (government) power.** In other words, *"outsiders are not bound by the same [such] duties of loyalty."* **Therefore, *"domestic"* nationals, particularly those employed in government and endowed with fiduciary governmental power,** not foreigners, **can and do commit acts of treason.**

Grievant Schied maintains that this would stand true when the criminal (and/or *"coercive"*) acts – **even when left unpunished and/or covered up by *"discretionary"* acts of the state and/or of the federal judiciary** – are substantively committed, either overtly or procedurally *"under color of law"* against the *person* (against a *"class"* of people, or against the populace at large), against the policies and laws of the *state*, or against the policies and laws of the federal United States. (Bold emphasis added)

*Unnecessary Secrecy at the Michigan Supreme Court"* co-authored by former newspaper reporter/editor, *cold-case* investigator and documentary filmmaker, and university professor, Dr. David Schock.) **Grievant's preliminary research shows that similar complaints about the brokenness of the Texas judiciary are equally prevalent; just no insiders or whistle-blowers have written a book on the subject yet.** (Bold emphasis added)

## CONCLUSION

Acts of the lower Probate Court judge, acting in his *individual* capacity and by the "*patterns and practices*" documented by Grievant, as having emanated from that lower court in tandem with the unlawful behaviors of the Appellees as attorneys David Munson and Robin Apostolakis, have presented reasonable questions about judicial legitimacy. Some of that documentation has prompted questions for abstract research analysis. Other of this documentation has led to rational questioning and speculation that can be appropriately attributed to a tortuous criminal spectrum of judicial misconduct that ranges from malicious *abuse of discretion*, to routine *deprivations of rights under color of law*, to the commission of *treasonous acts of domestic terrorism* by Loyd Wright, the clerks of the court employed by Stu Stanart acting in cooperation with the aforementioned Appellees and attorneys acting as "*officers of the court.*"

Whatever theories are developed respective of these state government activities, these theories are no more or less as varied and befuddling as the actions of a host of other judges throughout the nation, and as more notably depicted by Michigan's former "*chief*" Justice Elizabeth Weaver when blowing the whistle on the criminal corruption of the highest offices of Michigan's judicial system.

What we also do know as FACT is that, according to the research of Dr. Richard Cordero of *Judicial Discipline Reform* in New York City, 98.82 % of the

9,466 formalized "*judicial misconduct*" complaints – at least against federal judges – filed in the 12-year period between 1996 and 2008 were dismissed without even an investigation. Moreover, by that same research, up to 100% of complainants' petitions for a review of those summary dismissals of complaints were denied by each of the all-judge judicial councils for the thirteen (13) federal Judicial Circuits throughout this nation. To put this in another perspective, astoundingly, in the 225 years since the creation of the federal judiciary in 1789 until 2014, only eight (8) judges had been impeached and removed from the bench.[48] Compare that to one (1) in every thirty-one (31) adults in America being under some type of criminal correction supervision at the year end of 2008.[49]

The acts depicted by Grievant Schied's court documents, as well as the "*judicial misconduct*" complaints intermeshed in those filings and referenced above, give rise to even further questioning about the true nature and general character of the Texas judiciary, as well as the Texas Rules of Civil Procedure and various "*local*" Court Rules that are being only arbitrarily used **and abused** as the

---

[48] Cordero, Richard. *Exposing Judges' Unaccountability and Consequent Riskless Wrongdoing*. A full report to include all these statistics from Dr. Cordero's research can be found at: **http://judicial-discipline-reform.org/frontpage/OL/DrRCordero-Honest_Jud_Advocates.pdf**

[49] Fields, Gary, and Emshwiller, John. *As Criminal Laws Proliferate, More Are Ensnared*, published on 7/23/11, by the Wall Street Journal stating that, according to a 2008 study, there were then an estimated 4,500 crimes listed in the federal statutes. *See* the link to that WSJ article, located at: **http://www.wsj.com/articles/SB10001424052748703749504576172714184601654**

procedural guide for the substantive decisions and conduct [50] of the Texas probate

"*judge*" Loyd Wright, and perhaps all of the Texas judiciary.[51]

Title 28 of the United States Code makes amply clear in its own *disclaimer*[52]

that what is written for the "*Judiciary and Judicial Procedure*" may not be entirely

of a legislative construction. The Texas Rules of Civil Procedure definitely are not.

As a matter of practice and by authorization of Congress under 28 U.S.C. §§ 2071

and 2072, federal rules are drafted by committees of the Judicial Conference of the

---

[50] Cordero's research, as well as this "*Memorandum of Law*," focus on the behavior of judicial officials and other *officers of the court* who ignore the application of state and federal laws and court rules that should otherwise apply to *cases and controversies* that pertain to criminal malfeasance, misfeasance, and other obstructions of government obligations and failures of duties in office. This is particularly as these allegations target the peer group of these judicial officials as fellow Texas State BAR member attorneys. Title 18 U.S.C. §4 ("*Misprision of Felony*") is but one of those federal laws not being properly applied.

[51] The judicial branch has the constitutional function of deciding controversies. "*That function is performed by determining the "facts" involved in the controversies and applying the "law" (from whatever source) to the facts so determined. If evidence rules are framed so that the facts that courts are allowed to determine are not relevant to the resolution of the issues raised by the substantive rules governing controversies between parties, then courts cannot decide those controversies as they are required to do.*" See Martin, *supra*, p.183.

[52] Congress' legal disclaimer is the deliberate reference to the "*Legislative Construction*" found under the "*Historical and Statutory Notes*" located in the *frontal matter* section of **Title 28** which states: "*Section 33 of Act of June 25, 1948 c. 646, 62 Stat. 991, provided that, 'No inference of a legislative construction is to be drawn by reason of the chapter in Title 28, Judiciary and Judicial Procedure, as set out in Section 1 of this Act, in which any section is placed, nor by reason of the catchlines used in such title.*"

United States [53], approved by the Judicial Conference and then submitted to the Supreme Court for adoption. The Texas judiciary likely employs a similar process.

Importantly, **Title 28, as well as the other titles found in the Fed. R.Civ.Proc., were created within a *"continuum of existing laws,"* specifically those found in the *Statutes at Large* [54]** which both preceded and take *substantive* precedence over federal procedures as earlier outlined. Hence, there is conditional significance of 28 U.S.C. § 2072(b) requiring, *"Such rules shall not abridge, enlarge or modify any substantive right."*

Judges then, are required to apply such rules under context of those Statutes at Large at the federal level, while also acting under superseding state laws in the absence of Congressional legislation on the *"cases"* and *"controversies"* before the Court. To do otherwise is to transform the Court's Article III status and jurisdiction into that of an Article I *"legislative"* court. Similarly, the status of the judge transforms from *"judicial"* decision-making to *"legislative"* and/or *"administrative"* decision-making, **resulting in the consequential waiver of**

---

[53] From its creation in 1922, the Judicial Conference of the United States was formally known as the Conference of Senior Circuit Judges, reflective of the consistency of membership entirely of judges.

[54] As also found under the *"Historical and Statutory Notes"* **in the *frontal matter* section of Title 28:** *"Section 2(b) of Act [of] June 25, 1948, c. 646, 62 Stat. 985, provided that: 'The provisions of Title 28, Judiciary and Judicial Procedure, of the United States Code, set out in section 1 of this Act, with respect to the organization of each of the several courts therein provided for and of the Administrative Office of the United States Courts,* **shall be construed as continuations of existing law,** *and the tenure of judges...."*

25

*"judicial immunity."* When found as a *"pattern and practice,"* such violations of federal and state laws are deemed to force or *"coerce"* civilian populations, resulting also in an unconstitutional and unlawful coercion of constitutionally recognized governmental policy. This is precisely what the Constitution refers to by *"treason,"* and what <u>18 U.S.C. §2331</u> legally defines *"domestic terrorism."* (Bold emphasis added)

---

## AFFIDAVIT OF TRUTH

I declare under penalty of perjury that the forgoing is true to the best of my knowledge and belief. If requested, I will swear in testimony to the accuracy of the above if requested by a competent court of law and of record.

Respectfully submitted,

David Schied
P.O. Box 1378
Novi, Michigan 48376
248-974-7703

12/16/15   David Schied (all rights reserved)

26

10

Exhibit #2

# IN THE PROBATE COURT NO. 1
## OF HARRIS COUNTY, TEXAS

**In the Estate of Michael Edward Schied,**
*Deceased*

**David Schied,**
*Interested Party Plaintiff /*
*Principal Co-Heir*

*vs*

**Michael Merritt (named "*executor*") and Wynde Merritt ("*co-executor*" by proxy)**

**Janette Renee Smith**
**Robin Apostolakis**
**David Munson**

*Co-Defendants*

Case No. 434875

## PROOF OF SERVICE

| | | |
|---|---|---|
| David Schied – *Sui Juris*<br>P.O. Box 1378<br>Novi, Michigan 48376<br>248-347-1684 | Jeannette Smith – co-beneficiary<br>and Robin L. Apostolakis, attorney<br>Gaunte, Earl, & Binney, LLP<br>1400 Woodloch Forest Dr., Ste.575<br>The Woodlands. Texas 77380<br>Jeannette Smith – co-beneficiary<br>203 McNair St.<br>Pea Ridge, Arkansas 72751<br>479-451-8692 | Michael (*named executor*) and<br>Wynde Merritt (*executor by proxy*)<br>and David A. Munson<br>2002 Timberloch Pl., Ste. 200<br>The Woodlands, Texas 77380<br>Michael Merritt and Wynde Merritt<br>8526 Hot Springs Dr.<br>Houston, Texas 77095<br>281-855-2714 |

I affirm that on April 30, 2015, I mailed by <u>certified</u> U.S. Postal delivery copies of all of the following listed documents to the Harris County Clerk Stan Stanart of the Harris County Probate Courts at 201 Caroline, 6th Floor in Houston, Texas 77002; and, each of the documents marked by asterisk (*) were sent to each of the parties listed above by regular First Class mail.

* 1) *Notice of Appeal on Interlocutory and Final Judgment Matters*;
* 2) *Request for Designation of Additional Items to Be Included in the Official Court Record;*
* 3) *Notice of Inaccuracies in the Trial Court Docketing Record in Need to Correct Dates of "Filing" and Document Captions;*
  4) *Affidavit of Indigence and Statement of Inability to Pay Court Costs and Fees on Appeal of Probate Court Ruling* (including a sworn and notarized "*Affidavit*")

Also part of this "Exhibit #2" is the cover page and notarized page

5) Accompanying "exhibits" number 1, 2, and 3 (being four pages in total) in support of *Affidavit of Indigence and Statement of Inability to Pay...* ";
6) Accompanying "exhibit" #4 (being 24 pages in total) captioned as "*Transcript of Proceedings Recorded on Audio on 12/19/14 in Harris County (Texas) Probate Court No. 1 with Judge Loyd Wright Presiding*";
7) This instant "*Proof of Service*"

by: _____

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

2

Exhibit #3

# IN THE PROBATE COURT NO. 1
# OF HARRIS COUNTY, TEXAS

In the Estate of Michael Edward Schied,
*Deceased*

David Schied,
   *Interested Party Plaintiff /*
   *Principal Co-Heir*

  *vs*

Michael Merritt (named *"executor"*) and Wynde Merritt (*"co-executor"* by
Janette Renee Smith                               proxy)
Robin Apostolakis
David Munson
      *Co-Defendants*

Case No. 434875
*"Judge"* Loyd Wright

---

## NOTICE OF APPEAL
## ON INTERLOCUTORY AND FINAL JUDGMENT MATTERS
## and
## REQUEST FOR DESIGNATION OF ADDITIONAL ITEM(S)
## TO BE INCLUDED IN THE OFFICIAL COURT RECORD
## and
## NOTICE OF INACCURACIES IN THE TRIAL COURT "DOCKETING" RECORD
## IN NEED TO CORRECT DATES OF *"FILING"* AND DOCUMENT CAPTIONS

---

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

Jeannette Smith – co-beneficiary
and Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

Michael (*named executor*) and
Wynde Merritt (*executor by proxy*)
and David A. Munson
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380
281-210-3467

Jeannette Smith – co-beneficiary
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

Michael Merritt and Wynde Merritt
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714
713-430-6286

Herein is notice that *Interested Party Plaintiff/Principal Co-Heir* David

Schied is appealing the *Order Granting Motion for No Evidence Summary*

1



**FIRST COURT OF APPEALS**
301 Fannin Street
Houston, Texas 77002-2066

OFFICIAL BUSINESS
STATE OF TEXAS
PENALTY FOR
PRIVATE USE

RE: Case No. 01-15-00466-cv



U.S. POSTAGE >> PITNEY BOWES

ZIP 77002 **$ 000.48⁰**
02 1W
0001372104 JUN 11 2015

Style: David Schied
v. Michael Ray Merritt, Wynde Merritt, Jeannette Smith

The case was filed in this Court on May 20, 2015. To date, our records show that **Appellant** has neither established indigence nor paid the $195 appellate filing fee. *See* TEX. R. APP. P. 5.

Unless appellant pays the appellate filing fee on or before July 13, 2015, the Court may dismiss the appeal. *See* TEX. R. APP. P. 42.3

T. C. Case # 434,875                Christopher A. Prine, Clerk of the Court, Clerk

David Schied
P.O. Box 1378
Novi, MI   48376

David Schied
P.O. Box 1378
Novi, Michigan 48376
248-347-1684
deschied@yahoo.com

6/12/15

Attn: Mr. Christopher Prine, Clerk of the Court
c/o Court of Appeals for the First District of Texas
301 Fannin Street
Houston, Texas 77002-2066

Re: 1) Timely filing of completed *Brief on Appeal...*; 2) Request for time-stamped copies
returned via SASE

Dear Mr. Prine,

Enclosed you will find TWO copies (one bound and the other unbound) of the instant filing of
"*Brief on Appeal...*"

Please note that there is no "*Appendix of Exhibits*" or any number of exhibits are being submitted
since I have carefully designated the names of all the filings in the lower court, which I have
requested be sent to the Appellate court for review, along with added designation of the
Transcript of Oral Hearing on 12/19/14 that I submitted earlier with my "*Notice of Appeal...*" and
accompanying documents. I have noted somewhere in the Rules of Appellate Procedure that in
the event that I wish to submit my own transcripts of a proceeding, then I will be entitled to get a
copy of the Court's transcript for that date (at no charge) so that all parties to this action may be
furnished with that Court copy for comparison. Please let me know, as a litigant without an
attorney and with the inability to pay costs and fees, how I may get that court transcript, indeed
copies of any and all lower court transcripts for this case.

Please note that my "*Certification of Compliance*" with maximum word count is at the last page
of the "*Brief on Appeal...*"

Enclosed you will also find my "*Certificate of Service*" showing that I served all of the named
co-appellees with the following documents:

1) Cover Page, Table of Contents, Statement of Jurisdiction, Index of Authorities, and body
   documents totaling 46 pages consisting of "*Brief on Appeal of Harris County Probate
   Case With Evidence of Deprivation of Rights to Due Process Under Color of Law, and
   Denial of Equal Treatment by Judge Loyd Wright of Litigant Without An Attorney*".

2) This "Certificate of Service"

**As always, attached to this letter is a Self-Addressed Stamped Envelope (SASE) with extra
copies of the cover pages of the "*Brief on Appeal...*" and the "*Certificate of Service*". Please
"*time-stamp*" and return them at your earliest convenience.**

1

# IN THE TEXAS COURT OF APPEALS

**In the Estate of Michael Edward Schied,**
                    *Deceased*

**David Schied,**                                    Case No. 434875
    *Interested Party Plaintiff/*
        *Principal Co-Heir*

        *vs*

**Michael Merritt (named "*executor*") and Wynde Merritt ("*co-executor*" by**
**Janette Renee Smith                                    proxy)**
**Robin Apostolakis**
**David Munson**
            *Co-Defendants*

## CERTIFICATE OF SERVICE

June 12, 2015
                <u>Co-Defendants and Known Counsel</u>

<u>Appellant:</u>

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

Jeannette Smith – co-beneficiary
and Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

Michael (*named executor*) and
Wynde Merritt (*executor by proxy*)
and David A. Munson
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380
281-210-3467

Jeannette Smith – co-beneficiary
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

Michael Merritt and Wynde Merritt
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714
713-430-6286

I hereby certify that on 6/20/15 I sent by U.S. Post Office delivery to the Texas Court of Appeals, as well as to the above named five named co-appellees (Michael Merritt, Wynde Merritt, Jannette Smith, David Munson, and Robin Apostolakis) at the addresses also indicated above, individual copies of the following documents:

1) Cover Page, Table of Contents, Statement of Jurisdiction, Index of Authorities, and body documents totaling 46 pages consisting of "*Brief on Appeal of Harris County Probate Case With Evidence of Deprivation of Rights to Due Process Under Color of Law, and Denial of Equal Treatment by Judge Loyd Wright of Litigant Without An Attorney*"

2) This "Certificate of Service"

Respectfully submitted,

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

JUN 15 2015

CHRISTOPHER A. PRINE
CLERK_____

# IN THE TEXAS COURT OF APPEALS

In the Estate of Michael Edward Schied,
*Deceased*

David Schied,                                    Case No. 434875
*Interested Party Appellant /*
*Principal Co-Heir*

vs

Michael Merritt (named "*executor*") and Wynde Merritt ("*co-executor*" by
Janette Renee Smith                                              proxy)
Robin Apostolakis
David Munson

*Co-Appellees*

## BRIEF ON APPEAL OF HARRIS COUNTY PROBATE CASE WITH EVIDENCE OF DEPRIVATION OF RIGHT TO DUE PROCESS UNDER COLOR OF LAW, AND DENIAL OF EQUAL TREATMENT BY JUDGE LOYD WRIGHT OF LITIGANT WITHOUT AN ATTORNEY

## *NO* ORAL ARGUMENT IS REQUIRED

June 12, 2015                          Co-Appellees and Known Counsel

Appellant:

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

Jeannette Smith – co-beneficiary
and Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

Jeannette Smith – co-beneficiary
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

Michael (*named executor*) and
Wynde Merritt (*executor by proxy*)
and David A. Munson
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380
281-210-3467

Michael Merritt and Wynde Merritt
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714
713-430-6286

11

Exhibit #1

# IN THE PROBATE COURT NO. 1
# OF HARRIS COUNTY, TEXAS

In the Estate of Michael Edward Schied,
                                    *Deceased*

David Schied,                                    Case No. 434875
     *Interested Party Plaintiff /*
     *Principal Co-Heir*

     *vs*

Michael Merritt (named *"executor"*) and Wynde Merritt (*"co-executor"* by
Janette Renee Smith                                              proxy)
Robin Apostolakis
David Munson

                    *Co-Defendants*

## AFFIDAVIT OF INDIGENCE AND STATEMENT OF INABILITY TO PAY
## COURT COSTS AND FEES ON APPEAL OF PROBATE COURT RULING

| | | |
|---|---|---|
| David Schied – *Sui Juris*<br>P.O. Box 1378<br>Novi, Michigan 48376<br>248-347-1684 | Jeannette Smith – co-beneficiary<br>and Robin L. Apostolakis, attorney<br>Gaunte, Earl, & Binney, LLP<br>1400 Woodloch Forest Dr., Ste.575<br>The Woodlands, Texas 77380 | Michael (*named executor*) and<br>Wynde Merritt (*executor by proxy*)<br>and David A. Munson<br>2002 Timberloch Pl., Ste. 200<br>The Woodlands, Texas 77380 |
| April 30, 2015 | Jeannette Smith – co-beneficiary<br>203 McNair St.<br>Pea Ridge, Arkansas 72751<br>479-451-8692 | Michael Merritt and Wynde Merritt<br>8526 Hot Springs Dr.<br>Houston, Texas 77095<br>281-855-2714<br>713-430-6286 |

WHEREFORE, *Interested Party Plaintiff / Principal Co-Heir* David Schied

relies upon Texas Rules of Appellate Procedure 20.1(a)(2) ("*Establishing*

*indigence by Affidavit*") which states:

> "*A party who cannot pay the costs in an appellate court may proceed without advanced payment of costs if: a) A party files and affidavit of indigence in compliance with this rule; b) the claim of indigence is not contestable; c) the party timely files a notice of appeal.*"

In accordance with the above-cited rule, I, David Schied am providing the

following information in compliance with Texas Rules of Civil Procedure:

12

# CASE:
# 01-15-00466-CV

**DATE FILED:**

05/20/2015

**CASE TYPE:**

INTERLOCUTORY

**STYLE:**

DAVID SCHIED

**V.:**

MICHAEL RAY MERRITT, WYNDE MERRITT, JEANNETTE SMITH

**ORIG PROC:**

NO

**TRANSFER FROM:**

**TRANSFER IN:**

**TRANSFER CASE:**

**TRANSFER TO:**

**TRANSFER OUT:**

**PUB SERVICE:**

## APPELLATE BRIEFS

| DATE | EVENT TYPE | DESCRIPTION | DOCUMENT | |
|------|-----------|-------------|----------|---|
| 06/15/2015 | BRIEF FILED - ORAL ARGUMENT NOT REQUESTED | APPELLANT | BRIEF | [ PDF/29.22 MB ] |

## CASE EVENTS

| DATE | EVENT TYPE | DESCRIPTION | DISPOSITION | DOCUMENT |
|------|-----------|-------------|-------------|----------|

| Date | Event | Party | Detail | Document | Format |
|---|---|---|---|---|---|
| 09/28/2015 | NOTICE FILED | APPELLANT | | CORRESPONDENCE | [ PDF/8 MB ] |
| 09/02/2015 | MOTION TO DISMISS FILED | APPELLEE | | EXHIBIT A | [ PDF/1.62 MB ] |
| | | | | EXHIBIT B | [ PDF/1.16 MB ] |
| | | | | EXHIBIT C | [ PDF/4.13 MB ] |
| | | | | MOTION | [ PDF/87 KB ] |
| 08/19/2015 | RECORD SENT | APPELLEE | | | |
| 08/10/2015 | MOTION FILED | APPELLANT | | MOTION | [ PDF/36.25 MB ] |
| 08/10/2015 | DOCUMENT FILED | APPELLANT | | CORRESPONDENCE | [ PDF/3 MB ] |
| 08/10/2015 | CERTIFICATE OF SERVICE FILED | APPELLANT | | CERTIFICATE OF SERVICE | [ PDF/2.03 MB ] |
| 08/05/2015 | AMENDED BRIEF DUE | APPELLANT | | | |
| 07/08/2015 | REPORTERS RECORD DUE | COURT REPORTER | | | |
| 07/06/2015 | REPORTERS RECORD FILED | COURT REPORTER | | NOTICE | [ PDF/64 KB ] |
| 06/30/2015 | LETTER FILED | APPELLANT | | LETTER | [ PDF/6.03 MB ] |
| 06/23/2015 | DOCUMENT FILED | | | | |
| 06/23/2015 | ORDER ENTERED | | ISSUE SUA SPONTE ORDER | ORDER ISSD | [ PDF/178 KB ] |
| | | | | NOTICE | [ PDF/74 KB ] |
| 06/17/2015 | EXTENSION OF TIME TO FILE REPORTERS RECORD DISPOSED | COURT REPORTER | MOTION OR WRIT GRANTED | NOTICE | [ PDF/69 KB ] |
| 06/16/2015 | DOCKETING STATEMENT FILED | APPELLANT | | LETTER | [ PDF/14.04 MB ] |
| 06/15/2015 | BRIEF FILED - ORAL ARGUMENT NOT REQUESTED | APPELLANT | | BRIEF | [ PDF/29.22 MB ] |

| | | | | | |
|---|---|---|---|---|---|
| 06/15/2015 | LETTER ISSUED BY THE COURT | | | NOTICE | [ PDF/62 KB ] |
| 06/15/2015 | INDIGENT STATUS FOR COSTS OF APPEAL CONFIRMED | | | | |
| 06/11/2015 | LETTER FILED | APPELLANT | | LETTER | [ PDF/32.48 MB ] |
| 06/11/2015 | PAST DUE COURT FEE NOTICE | APPELLANT | | NOTICE | [ PDF/101 KB ] |
| 06/10/2015 | COURT FEE DUE | APPELLANT | | | |
| 06/10/2015 | DOCKETING STATEMENT DUE | APPELLANT | | | |
| 06/08/2015 | CLERKS RECORD FILED | APPELLANT | | NOTICE | [ PDF/75 KB ] |
| 06/08/2015 | RECORD DUE | | | | |
| 06/04/2015 | EXTENSION OF TIME TO FILE REPORTERS RECORD FILED | COURT REPORTER | | EXTENSION | [ PDF/202 KB ] |
| 05/20/2015 | CASE BEGAN IN COURT OF APPEALS | | | NOTICE | [ PDF/130 KB ] |
| 05/20/2015 | NOTICE OF APPEAL RECEIVED | APPELLANT | | LETTER OF ASSIGNMENT  NOTICE | [ PDF/2.70 MB ]  [ PDF/85 KB ] |
| 05/12/2015 | NOTICE OF APPEAL FILED IN TRIAL COURT | | | | |
| 04/07/2015 | JUDGMENT SIGNED BY TRIAL COURT JUDGE | | | | |

## CALENDARS

| SET DATE | CALENDAR TYPE | REASON SET |
|---|---|---|
| 08/05/2015 | STATUS | AMENDED BRIEF DUE |
| 08/10/2015 | MOTION | MISCELLANEOUS MOTION |
| 09/02/2015 | MOTION | MOTION TO DISMISS |

## PARTIES

| PARTY | PARTYTYPE | REPRESENTATIVE |
|---|---|---|
| MERRITT, WYNDE | APPELLEE | DAVID ALLEN MUNSON |
| MERRITT, MICHAEL RAY | APPELLEE | DAVID ALLEN MUNSON |
| SCHIED, DAVID | APPELLANT | DAVID SCHIED |
| SMITH , JEANNETTE | APPELLEE | ROBIN L. APOSTOLAKIS |

## TRIAL COURT INFORMATION

**COURT:**

PROBATE COURT NO 1

**COUNTY:**

HARRIS

**COURT JUDGE:**

HONORABLE JUDGE PROBATE CT #1

**COURT CASE:**

434,875

**COURT REPORTER:**

DON PYLANT

**PUNISHMENT:**

13

# IN THE FIRST COURT OF APPEALS
## OF THE STATE OF TEXAS IN HARRIS COUNTY

**In the Estate of Michael Edward Schied,**
*Deceased*

**David Schied,**
    *Interested Party Plaintiff /*
        *Principal Co-Heir*

    *vs*

**Michael Merritt (named "*executor*") and Wynde Merritt ("*co-executor*" by Janette Renee Smith          proxy)**
**Robin Apostolakis**
**David Munson**
        *Co-Defendants*

Case No. 434875
*"Judge"* **Loyd Wright**

_____

## AFFIDAVIT OF TRUTH
### AUTHENTICATING ACCURACY OF AUDIO TRANSCRIPT, CRIME REPORT, AND OTHER DOCUMENTS PROVING *"DOMESTIC TERRORISM"* BEING CARRIED OUT THROUGHOUT THE COURT SYSTEM OPERATING IN THE STATE OF TEXAS

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

Jeannette Smith – co-beneficiary
and Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

Jeannette Smith – co-beneficiary
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

Michael (*named executor*) and
Wynde Merritt (*executor by proxy*)
and David A. Munson
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380
281-210-3467

Michael Merritt and Wynde Merritt
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714
713-430-6286

1

# AFFIDAVIT OF TRUTH
## AUTHENTICATING ACCURACY OF AUDIO TRANSCRIPT, CRIME REPORT, AND OTHER DOCUMENTS PROVING *"DOMESTIC TERRORISM"* BEING CARRIED OUT THROUGHOUT THE COURT SYSTEM OPERATING IN THE STATE OF TEXAS

State of Michigan )
                   ) SS
County of Oakland )

Be it known to all Parties of interest that I, David Schied, do hereby swear to the following as being true and correct under penalty of perjury:

1. I am a natural man of sound mind and body and acting in my own capacity.

2. I am a private American national citizen of the United States of America, private residing and privately domiciling outside of a federal district and within a nonmilitary occupied private state not subject to the jurisdiction of the United States.

3. I am submitting this "*Affidavit of Truth*", along with other documents referenced below with statements therein to be incorporated verbatim as if written herein.

4. I am filing my documents, to the best of my knowledge and belief, in the Texas Court of Appeals duly organized and operating in accordance with Article III of the U.S. Constitution, with stated causes of state action for only a jury to decide in a court of record.

5. I am filing the following into the Court of Record along with this instant "*Affidavit of Truth Authenticating Accuracy of Audio Transcript...*" which are all being submitted as fully verifiable and accurate to the best of my belief:
   a) *Transcript of Recorded Phone Conversation Between Appellant David Schied and State of Texas' First Court of Appeals Clerk Christopher Prine on 12/1/15*;
   b) Sworn and notarized "*Statement in Report of State and Federal Crimes (Crime Report)*" dated 12/18/15 and signed by David Schied;
   c) *Transcript of Proceedings Recorded on Audio on 12/19/14 In Harris County (Texas) Probate Court No. 1 with Judge Loyd Wright Presiding* ("*Exhibit #7*" to the "*Response*" filings referenced below);
   d) *Grievant David Schied's Response in Opposition and Denial to Janette Smiths and Robin Apostolakis' 'Motion to Dismiss' Based Upon Criminal Fraud Upon the Lower Court and the Texas Court of Appeals and Refusal of Either Court to Properly Respond to Interlocutory and Final Judgment Appeals or to Even Honor Previous Notices and Requests for Designation of Additional Item(s) to be Included in the Official Court Record or to Correct Documented Inaccuracies in the Trial Court 'Docketing' Records*;
   e) *Grievant David Schied's 'Memorandum of Law' in Support of Grievant's Previously Filed 'Interlocutory Appeal' with Questions of Law Pertaining to Whether Judicial 'Legislation' is Constitutional; and Whether Judicial Independence Authorizes 'Bad'*

2

*Behavior; and Whether 'Substantive' Evidence Can Be 'Procedurally' Stricken; and Whether Evidence of a 'Pattern and Practice" of Government Coercion Constitutes Treason and/or 'Domestic Terrorism';*

f) All documents and Exhibits referenced by and/or accompanying the above filings captioned as, Grievant's "*Response in Opposition and Denial...*" and "*Brief in Support" of Response in Opposition and Denial to Janette Smith's and Robin Apostolakis' 'Motion to Dismiss' Based Upon Criminal Fraud Upon the Lower Court and the Texas Court of Appeals and Refusal of Either Court to Properly Respond to Interlocutory and Final Judgment Appeals or to Even Honor Previous Notices and Requests for Designation of Additional Item(s) to be Included in the Official Court Record or to Correct Documented Inaccuracies in the Trial Court 'Docketing' Records*".

6. Based upon the Evidence cited in the above submission of documents, I believe that I have also been criminally victimized by the named co-conspirators acting *under color of law* and government functionary position and title *to deprive me of* my *constitutional guarantees and inalienable rights* by way of *fraud and a conspiracy to defraud using simulated legal process.*

I declare under penalty of perjury that the forgoing is true to the best of my knowledge and belief. If requested, I will swear to the above in testimony if requested by a competent court of law and of record.

Respectfully submitted,

Dated: 12/18/15 (all rights reserved)

---

## ACKNOWLEDGEMENT

STATE OF MICHIGAN )
)
COUNTY OF OAKLAND)

On this 18 day of December, 2015, David Schied appeared to me known or identified to me to be the person described in and swore before me to the truthfulness of the forgoing instrument.

_____  9/25/2021
NOTARY PUBLIC                MY COMMISSION EXPIRES

KELSEY ANN WALIVAARA
NOTARY PUBLIC - MICHIGAN
OAKLAND COUNTY
MY COMMISSION EXPIRES 09/25/2021
ACTING IN OAKLAND COUNTY

# IN THE FIRST COURT OF APPEALS
## OF THE STATE OF TEXAS IN HARRIS COUNTY

**In the Estate of Michael Edward Schied,**
*Deceased*

| | |
|---|---|
| **David Schied,** <br> *Interested Party Plaintiff/* <br> *Principal Co-Heir* <br><br> *vs* | **Case No. 434875** <br> *"Judge"* **Loyd Wright** |

**Michael Merritt (named "*executor*") and Wynde Merritt ("*co-executor*" by**
**Janette Renee Smith**                                 **proxy)**
**Robin Apostolakis**
**David Munson**
                *Co-Defendants*

## Transcript of Recorded Phone Conversation
### Between Appellant David Schied and State of Texas' First Court of Appeals Clerk Christopher Prine on 12/1/15

David Schied – *Sui Juris*
P.O. Box 1378
Novi, Michigan 48376
248-347-1684

Jeannette Smith – co-beneficiary
and Robin L. Apostolakis, attorney
Gaunte, Earl, & Binney, LLP
1400 Woodloch Forest Dr., Ste.575
The Woodlands, Texas 77380
281-367-6555

Jeannette Smith – co-beneficiary
203 McNair St.
Pea Ridge, Arkansas 72751
479-451-8692

Michael (*named executor*) and
Wynde Merritt (*executor by proxy*)
and David A. Munson
2002 Timberloch Pl., Ste. 200
The Woodlands, Texas 77380
281-210-3467

Michael Merritt and Wynde Merritt
8526 Hot Springs Dr.
Houston, Texas 77095
281-855-2714
713-430-6286

1

David Schied: Calling Christopher Prine. Texas Court of Appeals.

Shamika (last name unknown): (Unintelligible for 1 second; sounds like *"Circuit court"*). This is Shamika. How can I help you?

David: Hi Shamika you said?

Shamika: Yes.

David: Hi. Uh, yes, my name's David. I would like to speak with Christopher Prine please.

Shamika: Ok, may I connect the case on appeal?

David: Pardon me?

Shamika: Is it ok to conne...connect the case on appeal?

David: Well, that's what I'm cal... uh, calling about because uh...uh...I went to the website and uh, did not uh see a lot of information there.

Shamika: Ok. Um, something that I can assist you with?

David: W...Well actually uh, I uh...I've spoken with uh, Mr. Prine before; so I would like to uh...see if he could assist me personally. Um, u...uh...I've got his name; I know how it's spelled. I don't know your last name. I...I'd prefer to just deal with the people that I know.

Shamika: Ok, and your name sir?

David: My name's David Schied.

Shamika: Ok, can I get your case number?

David: Uuhhhh yeeeaaahh. It's hard to tell on this first one because you put your stamp right over the number. Uh, it looks like a number zero one, dash one five, dash zero zero, four six six, c as in cat, v as in victor.

Shamika: Ok, hold on one moment.

2

David: Thank you.

Shamika: Um, hm.

Music and some paper shuffling (from 1 minute 23 seconds)

Shamika: Hello, sir?

David: Hi.

Shamika: Ok, um. Chris is not available at the moment. Um...

David: Oh, ok. Uh, could...hold on just a moment, I lost a sheet of paper. I'm gonna' need to get...since he's not on the line...I'll need to get uh, the correct of your name...Let me get a sheet of paper again. I lost the other one. Um...

Shamika: (unintelligible – 1 second) Hold on one second, sir.

David: You said your name was Shamika?

Shamika: Yes. Shamika. Hold on one moment sir.

Music (1 minute 41 seconds) followed by ringing phone (5 seconds)

Christopher Prine: This is Chris. Can I help you?

David: Hi, Mr. Prine?

Chris: Yes.

David: Hi. This is David Schied. Uh, it's been uh...probably about six months since we last spoke. I'm...I'm calling you from Michigan.

Chris: Ok.

David: Uh...Shamika happened to say you weren't in but I'm glad that you answered the phone. Maybe she found some new news out there but um...

Chris: It uh...rings to my cell phone, so....(unintelligible)

3

David: Oh, ok. Well, uh, I don't if you're in the office or not but uh...I would like to talk with you about the case that I filed um...I have a uh...I, I have a case on in the Court of Appeals, and...

Chris: Uh huh...

David: (continued) in your District there...We...we've spoken about it about it before. Um...Ah...I just went online ah...It's been uh...six months since uh...I made my last...my filing of uh...appeal...and...

Chris: (unintelligible inquiry – 2 syllables sounds like "with us?")

David: ...the only thing I found at the Court of Appeals was my document listed as having been filed on June...I don't know...in the middle of June sometime, and um...and it's uh...it's...There's nothing else there...and um and that...that raises a couple of red flags. One...a...uh...Nothing's been done by the Court of Appeals...

Chris: Let me...let me get my...let me get to my desk and I'll get to (unintelligible - sounds like "know all of this").

David: Ok, thank you.

(Silence – three seconds)

Chris: Hold on just a second.

David: Sure.

(Silence – one minute)

Chris: Ok, what's your case number?

David: Well...and...uh...well I gave...I gave the case number 01-15-00466-cv but as...

Chris: K...

David: ...I'm looking at the correspondence that you sent to...you sent to me from your office, there's a uh...and what I've been referencing on my filing is uh...T period C period case number 434875. I was wondering...

Chris: That's a trial court number.

David: ...if that's. That's a what?

Chris: Trial court...

David: That's a what?

Chris: Trial court number. Trial court number.

David: Trial court number. Ok, thank you.

Chris: David Schied versus Michael Ray Merritt...

David: Uh...y...yeah...Uh...There was uh...Yeah, Michael Ray Merritt...Uh, the last time uh...I received anything it was Michael Ray Merritt, Wynde Merritt, and Janette Smith.

Chris: Janette...uh huh. Uh...

David: And, the...what I just...

Chris: The last thing we have, you filed a...a...der let's see...

David: I filed two petitions....August 10th.

Chris: Yeah and they filed a Motion to Dismiss...

David: I...

Chris: Uh...

David: ...never received anything.

Chris: Yeah, that ra...I don't know. I can't tell you about that. Uh...It's on our website there though...

David: Well, I...

Chris: (unintelligible two syllables)

David: ...just went to the website and the only thing I found filed there was a...uh...was my...appeal. It was one document that was listed on the website.

5

I even took a screen shot picture of it to make sure that I properly documented what I found.

(David to another person..."Can you stop? And other person: "What?" David: I have a phone call.)

David: They filed a motion to dis...uh...who is 'they' and wha...when was this filed? And where?

Chris: Uh, it was filed September 2nd.

David: September 2nd?

Chris: Um hum.

David: Uh...and...what are you have as...as my filings...uh...uh and who was it that filed that?

Chris: (unintelligible two syllables) Robin Apostopwaqit...

David: Ok. Robin Apostolakis I think....Um...

Chris: Hold on just a sec...

David: Alright...I never received that. I think they're s'posed to uh...serve it properly.

Chris: Yeah, that...you know.....
David: And, and...actually I think...

Chris: They said they sent to your P.O. Box 1378 Novi, Michigan 48376.

David: I never received it any...any such thing.

Chris: (unintelligible – sounded like "Ok, I think you need a little fur...I don't now...") I'm looking at our website.

David: Yeah.

Chris: It's got all the motions. It has the Motion to Dismiss on the website. It has their exhibits. The top document is just the brief, and you're the only one that's filed a brief. You've got to go below that to Case Events to see all the

6

other things that have been filed. And you filed something Nov...September 28th...some kind of a notice...

David: Uh..ah...I...I...hold on just a moment...I'm gonna' get...I'm...I'm away from the phone...Uh...Oh...Oh your absolutely right. I didn't scroll down far enough on there, I didn't have...

Chris: Yeah.

David: ...a chance to look at all that, but...Um...uh...maybe we could just kind of briefly...uh...I...I don't have the computer right in front of me...

Chris: Sure. Sure.

David: Um...if uh...I uh...had filed something to notify the court that I was going to be out of town from uh...mid-October to mid-September thirty days...

Chris: Uhhh, I think that's what that top pleading...that top uh...document on the computer is.

David: Ok. Do you have...a...a file number?

Chris: File date was uh...September 28th.

David: Ok that was uh...9-28-15 and...

Chris: That's the last thing that...that's the last thing we have from you.

David: Ok.

Chris: You asked for a 30 day stay of proceedings.

David: Stay of proceedings. Correct. Ok.

Chris: Uh huh.

David: And um...and so...what a...what you're telling me is that after I had uh...That was September...

Chris: No.

David: 28th and you're saying they filed something on September 2nd and...

7

Chris: Yes.

David: ...sent it to me? They did not.

Chris: That what they...that's what the document said. Yeah.

David: Ok. Um. I will try to get that information, but I have not received that uh...I would assume that I'm only supposed to um...supposed to have a certain amount of time to respond?

Chris: Yeah. Yeah, 'cause the court's gonna' do something with it...uh...uh...(unintelligible; sounds like "wunjulee") We usually wait days; obviously we've waited longer. If you want to look at it. If you're gonna' file something...you know...You might want to send a letter saying "Hey I'm gonna' file something, I wasn't served with it...whatever...you think your position is going to be. It doesn't...it's not filed on behalf of uh...Mr. Merritt. It's filed on those other people.

David: Ok, it's filed on behalf of...of which one...?

Chris: (unintelligible two syllables) Robin Apost...ti...lo...

David: Yeah, it's uh...filed on behalf of herself?

Chris: Ah, those two people. That's what it is.

David: And...wha...who was the other one?

Chris: Um...Robin and uh...Janette.

David: Janette, ok....And Janette...Ok, and that's the only thing that's been filed in this case?

Chris: Um...Looks like it.

David: So nobody is...is filing a response to my...appeal except to just dismiss it?

Chris: That's all that's there so far.

David: And the interesting thing is that there's no uh...in the lower court...trial court...Robin Apostolakis neve...has uh...not even got an appearance. Nor...

Chris: (unintelligible one syllable)

8

David: Nor does uh...ah...you know...uh...is there any kind of...re...a filing from Robin Apostolakis or Janette Smith.

Chris: Yeah, I think that's probably what they're saying. 'Hey, we shouldn't be part of this suit. I think that's what they're saying.

David: W...(quick laugh)...That...that the whole...the whole...well...I'm not gonna' argue my case here, but um...ah...I'd like to know what happened to my Petition for Designation of Additional Items?

Chris: Ah, did you file with the trial courts?

David: Ah, I filed that with uh...I've got the ta...Court of Appeals' stamp on it...your name on...

Chris: You have ta...You have to file in the trial court. They're the ones that do the items, so...

David: They're what?

Chris: You have to file that with the trial court clerk.

David: Ah...is there a reason why you did not notify me that or return my filings and with that notice...

Chris: Parties...that...where the rules say who you're s'pose to file it with...and parties often give the court a courtesy copy so we know you're trying to get additional ones...

David: Ok, so y...you...

Chris: It's not unusual for a tru...for a party to file a copy with us.

David: Ok, so um...could you tell me what rule number that is, please?

Chris: Uh...try to look under preparing record, requesting of records.

David: I'm sorry?...........A request for....I didn't hear that.

Chris: Ah one second...I'm...

9

David: Ok sure. (pause 5 seconds) I would have thought that I'm finished with the trial court. That's why I'm in the Court of Appeals.

Chris: You don't...we don't have the records. They have the records.

David: Ah, well that...that goes back to other filings that I made for you. We'll...

Chris: Well ah...

David: ...We'll get into that momentarily.

Chris: Ok. (25 second pause) Ah, it's under Rules 34 and 35, tarap.

David: Ok uh...

Chris: (unintelligible three syllables)

David: Rule 34 and 35, and what was that you said after it?

Chris: Dah, Texas Rules of Appellate Procedure.

David: Oh, ok...alright...got it. Ok and that says any petitions that I have for uh...for uh...for Designation of Additional Items, and for uh...Notice to Correct the Record, those had to be filed at the lower court? Not the...

Chris: Yeah.

David: ...Court of Appeals.

Chris: Yes.

David: Ok...

Chris: Hold on just a second please. Hold on...

(phone ring followed by Chris Prine talking to someone else, "Uh...pretty much the same. Yes....")

David: Ok...

(Chris Prine continued on the phone, "On three it goes in Jenny's office...they have uh um...Four, I don't know...We can put it on three on our

side...[unintelligible about six syllables]...yeah, yeah...so it's pretty much the same.)

David: Are you talk...Was all that a conversation with David Schied....I

Chris: Ok, sorry about that. Alright. Sorry. I had another call and I had to answer real quick. Go ahead.

David: Oh, oh, ok. Well, I appreciate your c...

Chris: You'll have to ask the trial court to get it. If they don't...and then if...you know it sounds like the court reporter's records you're looking for too or something. You have to arrange with the court reporter...You have to pay the court reporter for the records. Pay the clerk for the records.

David: Well, I've already established that I am a uh...forma pauperis litigant.

Chris: Ok, you do that in the trial court and the trial court sustained...sustained your Affidavit?

David: Uh...You know...see...one of the things that I'm having a problem with at the trial court is they didn't...th...this judge didn't do anything for a ye...for a year...or a half a year...except just dismiss...and uh...and uh...He did hold a hearing...The thing...and even though all of my documents were being accepted...No, I didn't ever get an 'order' even though I filed the motion and I filed all the pa...the proper paperwork for forma pauperis standing...a waiver of fees and all that stuff uh...

Chris: Yeah we (unintelligible but sounds like "did know you made it up here") so you just have to uh...make a request...and the county clerk will file what you're looking for hopefully...and the court reporter will file what you're looking for....

David: Well, see I've already taken all of those steps. And...and I've...and I...

Chris: I don't know if you have or not. We do have a clerk's record. We do have a reporter's record filed.

David: You sent me the clerk's record. And...

Chris: Um-hum.

11

David: ...and I notified you that if...if...and...uh...notified them that this record was inaccurate.

Chris: Ok.

David: And I and I...

Chris: And we...we also sent an order...let's see...telling you to file...to file an Amended Brief thirty days after the recorders record was filed. And then...

David: W...W...Wait...

Chris: ...and that (unintelligible but sounds like "would apply") to your brief.

David: I'm sorry, I just interrupted you by accident. Say it again.

Chris: Yeah. There was an order entered June 23rd that you needed to file an Amended Brief once the court reporter's record was filed. I don't show that you filed that Amended Brief. So the parties aren't going to respond until you file that Amended Brief.

David: Is there a reason why I have to um...if I've already filed a brief, why would I have to file an Amended Brief if nothing's changed?

(five second pause)

Chris: You need to let us know you're not going to.

David: Well, wouldn't the fact that I just don't...I have to let you know...I must let you know that...that I'm not filing an Amended Brief?

Chris: I'm reading the order, it says...'If appropriate (unintelligible, sounds like "subject") may file an Amended Brief...' (keeps on reading so unintelligible)...

David: If appropriate 'may'...did I just....excuse me...I...I'd just like to stop you because I don't have that 'order' right here in front of me. I could take about fifteen minutes to...

Chris: I'm going to have to ask that we stop the conversation here. You're going to have to read everything we sent you 'cause...(unintelligible as he continued talking as David interrupted)

David: Didn't you just say 'may'? Didn't you just say 'may'?

Chris: (unintelligible as he continued talking)

David: If your reading something...

Chris: Sir, hold on.

David: Yeah.

Chris: Sir, stop for a second. Stop. The final paragraph says Appellees' brief, if any, will be no later than thirty days after the filing of Appellant's Amended Brief. So if we don't know you're not gonna' file one, their not...then their brief is not due. So their brief's not due unless you say, "I'm not gonna' file an amended brief." Cause the order said...that theirs' was due thirty days after you DO file one. It didn't say you don't have to. You can...you know...you would think something in the recorder's record or some of these other records you're looking for would be necessary for you prevail on appeal. So the thing that you filed looking for more records, it seems that you would want to amend your brief to include those...unless they're filed with the court. Then maybe not. They're not...(unintelligible five syllables).

(Incoming call on David's cell phone "beep")

David: Well so...

Chris: The recorder's record is a...is a default hearing that was held on December 19th, 2014.

(Incoming call on David's cell phone "beep")

Chris: You need to go back to the whole record. You need to see...make sure you've got it or didn't do what you need...then get back with the court reporter if you need additional transcripts. And back with the clerk if you need additional documents. But that thing you filed...(cleared throat and stopped talking)

David: I'm not getting...

Chris: (unintelligible three syllables of interruption)

David: ...any responses out of the uh...the...the lower court. What do I do if I am not permitted to talk with the clerks and if I'm not permitted to talk with the

13

court reporter...that they have disregarded and do not do anything with my uh...the letters that I send to the lower court; and if I...uh...if my filings with the lower court ah...were...were never honored by the judge and...and never responded to in any way by the judge? This is all the basis of my appeal. Now...

Chris: Then you think all...all your letters to the court are in their records somehow. We do have the transcript (unintelligible but sounds like "once we") have that other transcript. We have that. That came in on uh...(unintelligible as he only continued after David cut in...)

David: You...you only have...you only have one transcript; but um...but I...there's an indication in the lower court record there was two hearings.

Chris: Then you need to ask for that other uh...that other hearing.

David: Well, who do I ask when I just got through saying that the lower court does not respond to my letters; they do not respond to my phone calls; they do not respond...if I was to burp into the phone...

Chris: There's nothing in our records...There's nothing...There's nothing in our records to show that. You have to build your record in the trial court to show the Court of Appeals.

David: Well bot...well I am showing the Court of Appeals, and that's the whole basis of my Petition and all the things that I've been filing with the Court of Appeals. But the Court of Appeals, as you just got through saying, says that I have to keep going back to the lower court.....So see you're pointing me back to a place that I've already been showing you...

Chris: There's nothing attached; there's nothing attached. (Talking over David.)

David: ...what you just got through saying that I need to be showing you.

Chris: There's nothing attached to that document that shows you've done at the Court of Appeals. Go down to the trial court to get this stuff.

David: There's nothing?

Chris: Not in that forty-nine pages. There's no exhibits, no copies of letters you've sent, phone records. You do nothing...uh...to show that you've made this request to the trial court. (Six second pause) And in your prayer...(pause)

14

David: I'm...wait a second. Am I supposed to spend my uh...uh...Amended Brief...when I'm limited in the number of words, the number of characters, and the number of pages, I'm supposed to spend my pages and my stuff in my Amended Brief explaining all the stuff that's happening at the lower court instead of the case itself? (pause) If this is post...

Chris: One of the...One of the things you asked for was the December 19th transcript. That was filed. Ok. I'm looking at the last pages...(pause)

David: I'm just asking you. Am...am I supposed to, in an Amended Brief, be placing all...all...

Chris: Sir, (unintelligible 5 syllables of interruption) I can't...I can't it...I cannot tell you...(David interrupts)

David: ...post order. It sounds to me like that's the conditions that you are laying out. That if I don't do that...

Chris: No sir, I'm telling you the...I said you just need to follow the Texas Rules of Appellate Procedure...all the time.

David: And I thought that I had been.

Chris: Ok, well...

David: I thought I had been doing it so meticulously that...that uh...there's...there's no other alternative but to respond to me. And when I don't get the response...see that gets very frustrating for me because I'm trying to do everything right and you guys aren't responding. Instead of...you just keep my stuff. I sent you a Petition for Additional Items and Correcting the Dates of the Filing and the Document Captions. I sent the uh...Petition and Motion and Affidavit of Notice of Incorrect Record and Need to Correct by Addition of Names David Munson and Robin Apostolakis as co-appellees. And...what did you guys do. You just kept it. You didn't communicate with me whatsoever.

(8 seconds of no response)

David: (continued) What do you think about that?

Chris: Is there anything else I can help you with in this matter?

15

David: Well, I'd like to have those documents if you aren't going to use them. I did not send courtesy copies to you. I'd like those sent back to me.

Chris: T..then you can send a letter asking for any documents you want returned.

David: You want a letter? What's wrong with me talking to you personally?

Chris: Because everything has to be in writing for anything to happen.

David: Ok, I've been placing everything in writing. J...How much time do I need to...to place in writing all the a....reiteration of all the things I've placed in writing? (pause and no answer) You can help me to answer that question.

(no answer – long pause 9 seconds)

David: Mr. Prine?

Chris: How can I help you?

David: Well ah...here's what I'm gonna' do. I'm going to send a copy to you of everything I send to the lower court so we'll all be on the same page, ok?

Chris: Then you need to it in the form of a "Motion to Compel" with all the backing documentation on why you believe the trial court won't help you.

David: Ok.

Chris: The (unintelligible but sounds like "less steps") you've taken. The steps you've taken. (unintelligible but sounds like "no in other words") The one transcript is here. Ah, we cannot order the title of the document to be changed. You have to have an evidentiary hearing at the trial court to do that. We don't have evidentiary hearings at the appellate court.

David: And, well...see, I'm in Michigan. So is...is this an evidentiary hearing where I'm supposed to, as a forma pauperis litigant, come down there to appear?

Chris: (unintelligible but sounds like "It all") depends on what you want. I just know you had some language in there you wanted documents to be refiled or captions to be retitled or something; but then, I don't know that how that works in your case but I'm...

David: I'm not sure that...I kinda thought I asked a 'yes or no' about an evidentiary hearing...ah...did you just change the subject or are we answering the question?

16

Chris: Wait, no I...I'm....It's up to you on what relief you need. I mean if.....you have to ah...in the transfer there's a way to correct the record which was our (unintelligible but sounds like "adjust to send it back to the trunk") trial court for a hearing. If we do that...If you don't...if they let you appear by phone (unintelligible but sounds like "that's a talk") but I can't tell you if they're gonna' let you appear by phone. I don't know what their policy is.

David: I...well...

Chris: (unintelligible two syllables) TRAP rules tell you everything you need to know.

David: Well...and I'm jotting down as much as I can. In fact, I'm recording the call just to make sure I don't lose anything. (pause) So I want to thank you very much for...for...abab...doing whatever you did. I'll have to play this over and over again just to figure it out; and I'm gonna' make sure that every last thing that you said gets addressed. And I'm gonna' put it in writing. I'm gonna' make sure you get a copy and...and I'll just hope that...that you don't run to somebody there and they decide that they're gonna' pull some action; or that somebody in the lower court decides that they're gonna' make some kinda' somethin'....do somethin' to dismiss everything that I've done to make me say take this to a federal court and name everybody as a d...defendant. (pause) But I'll have to do whatever I'll have to do because I have to follow all the rules right? You guys just don't seem to do that. (pause) And even when I send you stuff you don't...you don't send it back saying...you know...'thank you' 'kiss my butt' or anything. You just keep it and...and you just make me think that I've done...that everything's fine....And I don't understand why you do that.

Chris: (unintelligible interruption about four syllables followed by pause) When someone files a document with us, we keep it unless it's a wrong cause of action. Your case isn't here...cause it's in w...We do have a cause of action, we keep it. I...I don't know what else...

David: You keep it even when there's no cause of action?

Chris: No, if there's....if they even have a cause of action. Your case is, your 15466-cv. (unintelligible 3 syllables as David begins talking)

David: Well, this...Why are you keeping my petitions but not acting on it?

(pause – 4 seconds)

17

Chris: I..I...you know...I don't act on anything. The judges do that, so I can't tell you...w...why the judges did or didn't do or...maybe...(unintelligible...4 syllables followed by "trial court" followed by 4 syllables while David tries to break in).

David: Well, then, well seeing have no...y...y...y...You're giving the appearance to me on a recorded line anyway that the lower...that...that...ah...the Court of Appeals is not doing anything with my Petition. And you're saying that I actually should have sent those to the lower court. And so...

Chris: (unintelligible sounds like "That's how records...")

David: I'm sorry what?

Chris: Yes, that's how records are filed, by request to the trial court to send the records to the Court of Appeals. And the court reporter.

David: Well, I've already done that and you sent to me on...on a CD all the files that they sent you and I looked at that very carefully and I wrote to you to say that you got...that you don't have all the files.

Chris: And that's when you need to ask for a supplemental record with the court...with the county court clerk.

David: And I did that through w...in uh...through the Petition...Uh, uh...the county cler...Ok...so...When I sent you the wrong stuff, given that I'm a forma pauperis litigant and I can't p...afford all the costs of this, will you please send back the petitions that I sent to you that you are not utilizing?...so that I can redirect those to the right place since you guys aren't giving that courtesy.

Chris: Yeah and please just send me a letter in writing of all the documents you want to be returned to you. Or you can also print it off the website and send it to the trial court that way.

David: Ok. Well I will look....

Chris: (unintelligible 2 syllables) on the website.

David: Ok. I will look over all of that and I appreciate your time and uh I will...

Chris: I appreciate your frustration. It's not an easy process. It's hard ah...to find your way through it but...we just try to follow the best we can and treat all

18

the parties the same and not...and not guide anybody on how to do things. I mean that...that's not...our job was just to take your documents, refer you to the rules if there's something the rules can help you with...but we can't advocate or...or help one way or the other anybody. We're just (unintelligible but sounds like "puttin' this say in" followed by a short pause and three more syllables).

David: Well let me ask you this: If...if I have...a criminal allegation...against anybody of your court...or of the lower court...

Chris: Ah huh...

David: ...Would you please tell me, and provide me the name and contact information for that person or department?

Chris: Of who you report it to? Or what?

David: Yes.

Chris: I assume you go to the district...Harris County District Attorney.

David: You don't know...ah...ah...you're in the legal system, and you are the clerk of the court and you don't know who criminal allegations go to?

Chris: I...I just told you who I thought you should go to.

David: Ok. But you think it you don't know it.

Chris: Well I...I...you know...ahuh...(pause and then stated something unintelligible when David began talking)

David: I'm just asking how much you know as ...as the county...as the clerk for the Court of Appeals, the hi...you know the second to highest court in all of Texas. Ah...I'm just asking if you know it or just think it and you wonder.

Chris: I...I can't...I've not had to file criminal claims so I don't know.

David: Interesting.

Chris: District Attorney is the one who prosecutes all criminal actions in Harris County.

David: Ok, and...and...are you located...? Yeah you are in Harris County. You're right there on Fannin Street right?

Chris: Right, right.

David: Ok. Alright.

Chris: And that district attorney for Harris County is Devon, D-E-V-O-N Anderson.

David: Alright. Thank you very much. I'll get busy. Got a lot of work ahead. Things to do. I'm sure you do too. Have a good day.

Chris: You have a good afternoon.

14

Confidential

ORDER OF THE COURT DISMISSING THE CAUSE

THE STATE OF TEXAS
VS. NO. 266491
SCHIED, David Eugene

IN CRIMINAL DISTRICT COURT NO. 183rd
OF HARRIS COUNTY, TEXAS

It appears to the Court after considering the recommendation of the defendant's probation officer, and other matters and evidence to the effect that the defendant has satisfactorily fulfilled the conditions of probation during a period of over one-third of the original probationary period to which he was sentenced. Therefore the period of probation is terminated.

It is therefore the order of the Court that the defendant be and he is hereby permitted to withdraw his plea of guilty, the indictment against defendant be and the same is hereby dismissed and the Judgment of Conviction be hereby set aside as provided by law.

Probation Officer: _____

Entered this _____ day of _____ A.D. 19___ _____ Judge Presiding

STATE OF TEXAS
COUNTY OF HARRIS

I, Ray Hardy, District Clerk of Harris county,
Texas, do hereby certify that the foregoing is a
true and correct copy of the original record, now
in my lawful custody and possession, as appears of
record in Vol. _17_, Page _185_, Minutes of said
court on file in my office.

Witness my official hand and seal of office, this

_3-7-83_

RAY HARDY, DISTRICT CLERK
Harris County, Texas

By _____ Deputy

15

## CERTIFICATION OF CRIMINAL HISTORY RECORD INFORMATION

STATE OF TEXAS

COUNTY OF TRAVIS

Pursuant to the authority contained in Rule 902, Sections 1 and 4, Texas Rules of Evidence, and Subchapter F, Chapter 411, Texas Government Code, I, Baerbel Cleveland, Section Supervisor, Access and Dissemination Bureau, Crime Records Service, Texas Department of Public Safety, do hereby certify I am the deputy custodian of the criminal history record information of Crime Records Service of the Texas Department of Public Safety. I further certify that there is no record on file with the search criteria which was supplied, for the following:

TEXAS CRIMINAL HISTORY RECORD

SCHIED, DAVID

DOB: ██1957  SSN: █████7754



In Testimony Whereof, I hereunto set my hand and affix the seal of the Texas Department of Public Safety. Done at my office, in Austin, Texas on this 15th of February, 2008.

*Baerbel Cleveland*

Baerbel Cleveland
Section Supervisor
Access and Dissemination Bureau
Crime Records Service
Texas Department of Public Safety

---

**EXHIBIT**

**I**

2:08CV10005-PDB-RSW

16

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

No. 09-cv-11307

David Schied, *"pro se"*                     Hon. John Corbett O'Meara
On behalf of "STUDENT A"
*Plaintiff*

*V.*

SCOTT SNYDER – in his individual and official capacity;
LYNN MOSSOIAN – in her individual and official capacity;
KENNETH ROTH – in his individual and official capacity;
RICHARD FANNING JR – in his individual and official capacity
HARVALEE SAUNTO – in her individual and official capacity;
DONNA PARUSZKIEWICZ – in her individual and official capacity;
MARY E. FAYAD – in her individual and official capacity;
SUSAN LIEBETREU – in her individual and official capacity;
DONALD S. YARAB – in his individual and official capacity;
CATHERINE D. ANDERLE - in his individual and official capacity;
ARNE DUNCAN – in his official capacity;
                    *Defendants*

---

## AFFIDAVIT OF EARL HOCQUARD

---

STATE OF MICHIGAN      )
                       ) SS
COUNTY OF LIVINGSTON   )

> **SWORN AFFIDAVIT**
>
> by:    Earl Hocquard

EARL HOCQUARD, being first duly sworn, states that:

1. I have personal knowledge of the facts contained herein.
2. If sworn as a witness, I can testify completely to the facts contained in this Affidavit.
3. I was born in the United States and, as a person, I have resided here my whole life as a citizen of this country.
4. I hold a Master of Arts degree in Counseling Psychology. I am also an ordained nondenominational Christian minister.
5. In mid-to-late December 2008, I sent a letter to the Lincoln Consolidated School District (LCSD) requesting a copy of David Schied's public personnel file under the *Freedom of Information Act*.

1

6. A few weeks later, in response to my FOIA request, Assistant Superintendent of Administrative Services for the Northville Public Schools sent back a package addressed to me at my home containing the employment records of Michigan schoolteacher David Schied.

    a) I have attached a copy of the outer envelope sent via U.S. postal delivery – "Priority Mail" – by the Northville Public Schools in reply to my FOIA request. **(Exhibit A)**

    b) The package I received was clearly a response to my FOIA request.

    c) I have attached a cover letter, dated January 13, 2009 that was enclosed along with the employment records in that postal package. I found the correspondence confusing if not intentionally deceptive.

7. There was a two-page cover letter sent in accompaniment of the one-quarter inch (1/4") thick package of employment documents regarding David Schied. **(Exhibit B)**

    a) The letter was written by DAVID C. BOLITHO.

    b) It contained six paragraphs citing at least <u>four</u> reasons why my FOIA request was being "*DENIED*" by the Northville Public School District.

    c) The "reasons for denial" included reference to the 13(1)(a) and 13(1)(d) of the *Freedom of Information Act*, and to § (380).1230, §(380).1230a, and §(380).1230g of Michigan's *Revised School Codes* pertaining to the "*exemption from disclosure*" of criminal history information.

8. I inspected the contents of the envelope for the first time at my office in Wayne County; and I have maintained all documents in the envelope, in the order in which I had found them packaged together and forwarded to me by the Northville Public School District administrative offices.

9. I have maintained that package in my own possession and the contents of that envelope have never been left outside of my own personal possession at my professional counseling office.

10. Upon inspection of the envelope contents, I found near the top of the stack of copied documents a copy of a Texas court order written as an "*Agreed Order of Expunction*". **(Exhibit C)**

    a) The court Order, time-stamped "2004 Sept.27" was an 8-page document referencing the "*expunction*" of criminal history.

    b) I noted that "Item #1 of this court Order specifically states, "...*all release, dissemination or use of records pertaining to such arrests and prosecution is PROHIBITED*".

    c) I further noted that "Item #7" of the document additionally held that Mr. David Schied "*may deny the occurrence of the expunged arrest and prosecution AND THIS EXPUNCTION ORDER*".

11. I have shared the contents of this package with Mr. David Schied as his dependent child is my counseling client; and I am aware that he has named various administrators of the Northville Public Schools as having acted maliciously in the past to obstruct him from employment as a schoolteacher. I am also aware of the negative impact that such action has had upon his ability to support is dependent wife and child, and in impeding his ability to provide for the

2

ongoing costs of the counseling services that this family needs in the aftermath of earlier offenses by the Northville Public Schools' administration.

12. I am aware that the Northville Public Schools has been engaged in previous civil litigation in which Evidence has shown that the administrators of this school district are well aware that Mr. Schied's criminal history in Texas was SET ASIDE in 1979, was PARDONED in 1983, and with the remaining arrest record EXPUNGED in 2004.

13. By reference to the very State and Federal statutes provided to me by Northville Public Schools' assistant superintendent David C. Bolitho, I have come to believe that, by my receipt of these documents through the U.S. Postal Service, I have been inadvertently involved as a witness to a CRIME against Mr. David Schied as perpetrated by David Bolitho.

14. **I believe that Mr. Schied may therefore be a crime victim as based upon the following statutes provided by Mr. Bolitho himself on behalf of the Northville Public Schools administration**:

    a) Under **MCL §15.243(1)** of Michigan's ***Freedom of Information Act* (Act 442 of 1976)**, a public body such as a SCHOOL DISTRICT may exempt from disclosure any *"(a) information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy"*; and *"(b) Investigating records compiled for law enforcement ;purposes...insofar....as disclosure as a public record would...(ii) Deprive a person of the right to a fair trial or impartial administrative adjudication...(or)...(iv) Constitute an unwarranted invasion of personal privacy."*

    b) **MCL 380.1230, MCL 380.1230(a)** and **MCL 380.1230(g)** (*Revised School Codes*) – *"The governing body of a public school... or an employee of a district, public school academy...SHALL NOT DISCLOSE ...a report (containing criminal history information) ....or divulge its contents .....to any person who is not directly involved in evaluating the applicant's qualifications for employment or assignment.... A representative of the individual's employer who receives a copy of a report, or receives results of a report from another source...SHALL NOT DISCLOSE the report or its contents or the results of the report to any person outside of the employer's business or to any of the employer's personnel who are not directly involved in evaluating the individual's qualifications for employment or assignment. A person who violates this subsection is guilty of a misdemeanor punishable by a fine of not more than $10,000.00."*

    c) **MCL 380.1230(b)** (*Revised School Codes*) – *"[Criminal history] information ...shall be used by a school district... only for the purpose of evaluating an applicant's qualifications for employment in the position for which he or she has applied. Except as otherwise provided by law, a board member or employee of a school district, local act school district, public school academy, intermediate school district, or nonpublic school SHALL NOT DISCLOSE the information to any person, other than the applicant, who is not directly involved in the process of evaluating the*

3

*applicant's qualifications for employment. **A person who violates this subsection is guilty of a misdemeanor punishable by a fine of not more than $10,000.00.***"

d) **MCL 722.622(q)** (Michigan's *Child Protection Law*) – "*'Expunge'* means to physically *remove* or *eliminate* and *destroy* a record or report.*"

e) **MCL 780.623** (Michigan's *Set Aside Law*) – "...*a person, other than the applicant, who knows or should have known that a conviction was set aside (pardoned or otherwise "expunged")....and who divulges, uses, or publishes information concerning a conviction set aside under this section is **guilty of a misdemeanor** punishable by imprisonment for not more than 90 days or a fine of not more than $500.00, or both.*"

f) **Article 60.06(b)** (of *Texas Code of Criminal Procedures*) – *Information on an individual that consists of an identifiable description and notation of an arrest, detention, **indictment**, information, or **other formal criminal charge and a disposition of the charge, including sentencing, correctional supervision, and release that is collected and compiled by the Department of Public Safety and the Texas Department of Criminal Justice** from criminal justice agencies and maintained in a central location **is not subject to public disclosure...**"

g) **Article 55.03** (Tex. Code of Crim. Proc.) – "***When the order of expunction is final: (1) the release, dissemination, or use of the expunged records ... is prohibited...***"

h) **5 U.S.C. § 552a (i)(1)** (of the *Privacy Act of 1974*) – "*Any officer or employee of an agency, who by virtue of his employment or official position, has possession of, or access to, agency records which contain individually identifiable information the disclosure of which is prohibited .... and who knowing that disclosure of the specific material is so prohibited, willfully discloses the material in any manner to any person or agency not entitled to receive it, **SHALL BE GUILTY OF A MISDEMEANOR** and fined not more than $5,000.*"

15. I also understand that, under **§15.243(f)(ii)** of Michigan's ***Freedom of Information Act***, records held in confidence by a public agency are exempt from disclosure if the chief administrative officer of the public body has provided an expressed promise of confidentiality. **(Exhibit D)**

   a) I understand that such a promise was made, in writing, to Mr. Schied by the Human Resources Director of the Northville Public Schools on two different occasions as provided by attachment to this affidavit. **(Exhibit E)**

   b) As such, it appears to me that by his good faith belief in these written promises by Northville Public School administration, Mr. Schied may also be the victim of criminal FRAUD.

16. I question the liability that is imposed upon Mr. Schied as the sole provider to his family when, by Texas court Order he is being allowed to deny the existence of this criminal history document, while the Northville Public Schools is being allowed to criminally disseminate it to anyone, including prospective employers, under the *Freedom of Information Act.*

4

a) In my view, the document being disseminated by David Bolitho of the Northville Public Schools defies Mr. Schied's right to employment, and thus impedes his ability to provide for his dependent wife and child.

b) The document sent to me by the Northville Public Schools might also justify what might otherwise be false allegations of "*misrepresentation*" against David Schied should Mr. Schied attempt to rely upon his right to deny the existence of this document as provided clearly by the Texas court Order being disseminated by David Bolitho and the Northville Public Schools.

17. I therefore submit this Affidavit, under Oath, as witness to crimes I perceive to be occurring against David Eugene Schied.

Further the affiant sayeth not.

Respectfully submitted.

Dated: 2-10-09

By _____

Sworn to and subscribed before me this 10ᵗʰ day of February, 2009.

_____

Notary Public, Oakland County, MI acting in Oakland County Michigan.

My Commission Expires: May 16, 2011

Laura J. Myers, Notary Public
State of Michigan, County of Oakland
My Commission Expires 5/16/2011
Acting in the County of Oakland

5

# EXHIBIT "A"



# LINCOLN CONSOLIDATED SCHOOLS

## 8970 Whittaker Road, Ypsilanti, MI 48197
### PHONE: (734) 484-7000 / FAX: (734) 484-1212
### WEBSITE: www.Jincoln.k12.mi.us

**CENTRAL OFFICE**
. Superintendent
484-7001

Executive Director
Human Resources
484-7002

.Curriculum Director
484-7000,    7658

Business Services Director
484-7042

**SCHOOLS**
High School
.    484-7004

Middle School
484-1033

Brick Elementary
484-7031

Redner Elementary
484-7061

Model Elementary
484-7045

childs Elementary
484-7035

Bessie Hoffman Elementary
484-3150

Early Childhood Center
484-7070

**DEPARTMENTS**
Technology Services
484-7000, Ext. 7274

Special Education
484-7054

Transportation
484-7044

Facilities
484-7037

Food Service
484-7072

Athletics
484-7013

Community Recreation
484-7007

Communications
484-7000, Ext. 7121

Lincoln Senior Program
484-7000, Ext. 7557

March 12, 2009

Mr. Earl Hocquard
140 Bam Ridge
Fenton, MI 48430

**RE:    FOIA – David Schied**

In response to your Michigan Freedom of Information Act request, please find enclosed copies of your request.

The processing fees are as follows:

| | |
|---|---|
| 49 pages@.05 | $ 2.45 |
| Postage | 2.19 |
| Processing (1 hrx $18.64) | 18.64 |
| TOTAL | $23.28 |

Please make your check payable to the Lincoln Consolidated Schools and mail to the attention of Business Office at the above address.

Should you have any questions, please feel free to contact me at (734) 484-7042.

Sincerely,

Cathy Secor
Director of Business Services

Enclosure

EXHIBIT "B"

## FINGERPRINT SEARCH RESPONSE

Requester : LINCOLN CONSOLIDATED SCHOOLS
Reason for FP Search: NCPA/VCA, PL105-243
Subject Printed    SCHIELD/DAVID
DOB    08/22/1957
SSN

AS OF 10/06/2003,

A search of Michigan's criminal history record file has not located a criminal record meeting dissemination criteria.

Criminal history record responses are dependent upon Criminal History Record Information (CHRI) being reported to the Criminal Justice Information Center. Users should contact local criminal justice agencies to determine CHRI which could be in local files.



ECEIVED

OCT 1 0 2003

ASST. SUPT. OFFICE

# EXHIBIT "C"

## FBI  FINGERPRINT  SEARCH  RESPONSE

Requester : LINCOLN  CONSOLIDATED  SCHOOLS
Reason for FP Search: NCPA/VCA/  PL105-243
Subject Printed    SCHIELD/DAVID
DOB    08/22/1957
SSN

AS  OF  10/06/2003/

The FBI automated identification process for the above individual has located the attached record matching the data provided.
Since arrests/ convictions/ or criminal record deletions may occur at anytime/ do not reuse this information.

RECEIVED

OCT 1 0 2003

ASST. SUPT. OFFICE

EXHIBIT "D"

ATN/RPU
THIS RECORD IS BASED ONLY ON THE FBI NUMBER IN YOUR REQUEST-731547R11.
BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.

THIS RECORD IS SUBJECT TO THE
FOLLOWING USE AND DISSEMINATION RESTRICTIONS
UNDER PROVISIONS SET FORTH IN TITLE 28, CODE OF FEDERAL
REGULATIONS (CFR), SECTION 50.12, BOTH GOVERNMENTAL AND NONGOVERNMENTAL
ENTITIES AUTHORIZED TO SUBMIT FINGERPRINTS AND RECEIVE FBI
IDENTIFICATION
RECORDS MUST NOTIFY THE INDIVIDUALS FINGERPRINTED THAT THE FINGERPRINTS
WILL BE USED TO CHECK THE CRIMINAL HISTORY RECORDS OF THE FBI.
IDENTIFICATION RECORDS OBTAINED FROM THE FBI MAY BE USED SOLELY FOR
THE PURPOSE REQUESTED AND MAY NOT BE DISSEMINATED OUTSIDE THE RECEIVING
DEPARTMENT, RELATED AGENCY OR OTHER AUTHORIZED ENTITY. IF THE
INFORMATION
ON THE RECORD IS USED TO DISQUALIFY AN APPLICANT, THE OFFICIAL MAKING
THE
DETERMINATION OF SUITABILITY FOR LICENSING OR EMPLOYMENT SHALL PROVIDE
THE
APPLICANT THE OPPORTUNITY TO COMPLETE, OR CHALLENGE THE ACCURACY OF THE
INFORMATION CONTAINED IN THE FBI IDENTIFICATION RECORD. THE DECIDING
OFFICIAL SHOULD NOT DENY THE LICENSE OR EMPLOYMENT BASED ON THE
INFORMATION IN THE RECORD UNTIL THE APPLICANT HAS BEEN AFFORDED A
REASONABLE TIME TO CORRECT OR COMPLETE THE INFORMATION, OR HAS DECLINED
TO
DO SO. AN INDIVIDUAL SHOULD BE PRESUMED NOT GUILTY OF ANY CHARGE/ARREST
FOR WHICH THERE IS NO FINAL DISPOSITION STATED ON THE RECORD OR
OTHERWISE
DETERMINED. IF THE APPLICANT WISHES TO CORRECT THE RECORD AS IT APPEARS
IN THE FBI'S CJIS DIVISION RECORDS SYSTEM, THE APPLICANT SHOULD
BE ADVISED THAT THE PROCEDURES TO CHANGE, CORRECT OR UPDATE THE RECORD
ARE
SET FORTH IN TITLE 28, CFR, SECTION 16.34.

FBI IDENTIFICATION RECORD
WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

| NAME | FBI NO. | DATE REQUESTED |
|------|---------|----------------|
| SCHIED,DAVID EUGENE | 731547R11 | 2003/10/08 |

| SEX | RACE | BIRTH DATE | HEIGHT | WEIGHT | EYES | HAIR | BIRTH PLACE |
|-----|------|------------|--------|--------|------|------|-------------|
| M | W | 1957/08/22 | 507 | 135 | BLU | BLN | MONTANA |

FINGERPRINT CLASS   PATTERN CLASS                    CITIZENSHIP
CO 63 10 17 11      UC LS RS RS RS LS LS LS LS LS    UNITED STATES
   12 S3 12 17 12      WU    WU       RS     WU
                                       AU

1-ARRESTED OR RECEIVED 1977/07/20
   AGENCY-POLICE DEPARTMENT HOUSTON (TXHPD0000)
      AGENCY CASE-293158
      CHARGE 1-████████
   COURT-
      1977/12/15 DISPOSITION-CONVICTED-
      CHARGE-████████████████████████
      SENTENCE-10Y PROBATION
   SUPERVISION OR CUSTODY-
      AGENCY-COUNTY PROBATION HOUSTON (TX1010136)
         19
77/12/15 STATUS-PROBATION-
THIS RECORD MUST BE USED ONLY IN CONJUNCTION WITH THE CURRENT
APPLICATION - A NEW RECORD MUST BE REQUESTED FOR FUTURE USE.

ALL ARREST ENTRIES CONTAINED IN THIS FBI RECORD    BASED ON
FINGERPRINT COMPARISONS AND PERTAIN TO THE SAME INDIVIDUAL.
THE USE OF THIS RECORD IS REGULATED BY LAW. IT IS PROVIDED FOR
OFFICIAL USE ONLY AND MAY BE USED ONLY FOR THE PURPOSE REQUESTED.
END OF RECORD

# EXHIBIT "E"

Confidential

ORDER OF THE COURT DISMISSING THE CAUSE

THE STATE OF TEXAS
VS. NO. 266491
SCHIED, David Eugene

IN CRIMINAL DISTRICT COURT NO. 183rd
OF HARRIS COUNTY, TEXAS

It appears to the Court after considering the recommendation of the defendant's probation officer, and other matters and evidence to the effect that the defendant has satisfactorily fulfilled the conditions of probation during a period of over one third of the original probationary period to which he was sentenced. Therefore, the period of probation is terminated.

It is therefore the order of the Court that the defendant be and he is hereby permitted to withdraw his plea of guilty, the indictment against defendant be and the same is hereby dismissed and the Judgment of Conviction be hereby set aside as provided by law.

Probation Officer: _____

Entered this _____ day of _____ A.D. 19 79 _____ Judge Presiding

STATE OF TEXAS
COUNTY OF HARRIS

I, Ray Hardy, District Clerk of Harris County,
Texas, do hereby certify that the foregoing is a
true and correct copy of the original record, now
in my lawful custody and possession, as appears of
record in Vol. 17, Page 185, Minutes of said
court on file in my office.

Witness my official hand and seal of office, this

3-7-83

RAY HARDY, DISTRICT CLERK
Harris County, Texas

By _____ Deputy

# EXHIBIT "F"

OF MICHIGAN
IN THE WASHTENAW COUNTY CIRCUIT COURT

DAVID SCHIED,

Plaintiff

Case No. 04·577-eL
Hon. Melinda Morris

v

LINCOLN CONSOLIDATED SCHOOLS,
LINCOLN CONSOLIDATED SCHOOLS BOARD
OF EDUCATION and DR. SANDRA HARRIS,

Defendants.

| Joseph H. Firestone (P39130) | Michael D. Weaver (P43985) |
|---|---|
| THE FIRESTONE LAW FIRM, P.C. | PLUNKETT & COONEY, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 30555 Southfield Road, Ste. 530 | 38505 Woodward Ave., Ste. 2000 |
| Southfield, MI 48076 | Bloomfield Hills, MI 48034 |
| (248) 540·2701 | (248) 901-4025 |

## AFFIDAVIT OF LINDA SOPER

Linda Soper, being first duly sworn, deposes and says,

1. I am a teacher in the Lincoln Consolidated Schools and an officer of the Lincoln Education Association.

2. As an officer for the Lincoln Education Association, I attended a meeting on November 6, 2003 for the purpose of discussing David Schied's employment with the Lincoln Consolidated Schools.

3. To the best of my recollection, at that meeting after Donnie Reeves presented the Early Dismissal Order and Texas Governor's Pardon to the Superintendent of Schools, I took one or both of the documents to be copied so that the Superintendent would have clearly legible copies in her possession.

4.      After the Superintendent possessed the documents. Mr. Schied attempted to

explain what each document meant.

5.      The Superintendent tenninated the meeting abruptly by walking out of her office.

Further the affiant sayeth not.

Subscribed and sworn before me
this October 17, 2005.

Christine T. Becky, Notary Public
Washtenaw      County, Michigan
My commission expires:      4-1-2008

DAVID SCHIED,

Plaintiff

Case No. 04-577-eL
Hon. Melinda Morris

v

LINCOLN CONSOLIDATED SCHOOLS,
LINCOLN CONSOLIDATED SCHOOLS BOARD
OF EDUCATION and DR. SANDRA HARRIS,

.Defendants.

| | |
|---|---|
| Joseph H. Firestone (P39130) | Michael D. Weaver (P43985) |
| THE FIRESTONE LAW FIRM, P.C. | PLUNKETT & COONEY, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 30555 Southfield Road, Ste. 530 | 38505 Woodward Ave., Ste. 2000 |
| Southfield, MI 48076 | Bloomfield Hills, MI 48034 |
| (248) 540-2701 | (248) 901-4025 |

## AFFIDAVIT OF DONNIE REEVES

Donnie Reeves, being first duly sworn, deposes and says,

1. I the UniServ Director for the Washtenaw-Livingston Education Association.

2. My responsibilities include serving the Lincoln Education Association in matters of contract administration and grievance processing.

3. As the bargaining representative for the Lincoln Education Association members, I attended a meeting on November 6, 2003 for the purpose of discussing David Schied's employment with the Lincoln Consolidated Schools.

4. To the best of my recollection, at that meeting I, along with the local leadership of the Association, presented the Superintendent of Schools with two documents intended to demonstrate that Mr. Schied was no longer considered to have been convicted of a felony.

5.    To    best of my recollection, the documents presented to the Superintendent were an Early Dismissal Order and a Texas Governor's Pardon.

6.    After the Superintendent possessed the documents, Mr. Schied attempted to explain what each document meant.

7.    The Superintendent terminated the meeting abruptly by walking out of her office.

Further the affiant sayeth not.

_____
Donnie Reeves

Subscribed and sworn before me
this October 17, 2005.

_____
Christina T. Berky Notary Public
Washtenaw County, Michigan
My commission expires:    4-11-2008

## STATE OF MICHIGAN·
## IN THE WASHTENAW COUNTY CIRCUIT COURT

DAVID SCHIED,

Plaintiff

Case No. 04·577-eL
Hon. Melinda Morris

v

LINCOLN CONSOLIDATED SCHOOLS,
LINCOLN CONSOLIDATED SCHOOLS BOARD
OF EDUCATION and DR. SANDRA HARRIS,

Defendants.

| Joseph H. Firestone (P39130) | Michael D. Weaver (P43985) |
|---|---|
| THE FIRESTONE LAW FIRM, P.C. | PLUNKETT & COONEY, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| Southfield Road, Ste. 530 | 38505 Woodward Ave., Ste. 2000 |
| Southfield, MI 48076 | Bloomfield Hills, MI 48034 |
| (248) 540·2701 | (248) |

## AFFIDAVIT OF CLAUDIA GUTIERREZ

Claudia Gutierrez, being first duly sworn, deposes and says,

1.    I am a teacher in the Lincoln Consolidated Schools and an officer of the Lincoln Education Association.

2.    As an officer for the Lincoln Education Association, I attended meetings on November 3 and 6, 2003 for the purpose of discussing David Schied's employment with the Lincoln Consolidated Schools.

3.    As is our practice, I was asked and did take notes of the meetings.

4.    The attached notes are the notes that I took at the meetings.

1

5.     I affirm that the notes accurately reflect what occurred at the meetings to the best of my recollection.

Further the affiant sayeth not.

Claudia Gutierrez

Subscribed and sworn before me
this October 17, 2005.

_____, Notary Public
Washtenaw .County, Michigan
My commission expires: 4-11-2008

**Notes taken by Claudia Gutierrez at Pre-termination Meeting of David Scheid**

November 3, 2003

In attendance: D. Scheid, J. Schock, C. Gutierrez, Dr. Harris, M. Goodsman

H. In ref. to Public Act 68-83, we requested a release for police check. You signed a form saying you were not convicted of felonies or crimes.
(Harris then verified identification of D. w/ birth date...stated he was charged ████████████ █████)

H. "Were you arrested for █████████"
D. "Yes."
H. "Were you convicted of █████ and sentenced to 10 years probation?"
D. "Yes, it was overturned."

D. Read information off the doc. he had referring to Early Determination.

H. "Would you describe the circumstances revolving around the █████?"
D. "I do not recall them."

H. "I have done some homework and asked about the conditions that caused the █████████ to be added in ████████. It could be a █████...serious injury that req. med. attention."........When kids do things....you were not a teenager. A crime was committed. You served part of the condition. After 1/3 of the time was up, things were going well...but...
1. The crime occurred.
2. You don't remember the conditions as to how it occurred.
3. You did not note ~~that you were convicted~~. You could have said "you were" convicted and then provided conditions ...we would be dealing w/ this form a different angle.
H. Asked for copy of Order Of Dismissal.
D. Will refer to legal counsel and will not give copies at this time.

J. What is purpose of meeting?

H. Pre-termination Hearing.

J. Asked for copy of doc. that Harris had. J. stated that CA has gone through process of investigating and has issued D. a Teaching Cert.

H. Different places handle things differently….The paper work you submitted is a concern for me. Violent crimes, weapons, drugs , no matter what the age puts a different slant on things. I'm going to have a call put in to TX to get their def. of ▓▓▓▓▓▓▓

Jackie. Please give 24-48 hours notice of next meeting. Donnie wants to be involved.

D. Re info: will not provide copies. Will share and allow gander at the originals. Read letter he presented to State of CA.

H. Asked for copy of Order Of Dismissal
D. Requested legal Rep. prior to giving documents to anyone.

H. "Due to nature of situation and circumstances:"
- suspended D. w/o pay
- if legal reps say to reinstate, he will get back pay
- as a rule, if there are circumstances where we are unsure of guilt, susp. would be w/ pay but "I have the information that you were not truthful. I have grounds for fraudulent information right here." (in ref. to his application)

D. "In my view there was no deception."
H. "Have you ever been convicted of a felony? Yes you were. You should have said yes and then explained. "I have never been convicted" is not a true statement. It concerns me you can't remember the circumstances of the event."

Jackie: The documents we have will go to MEA with regard to the suspension

D. I have some questions….concern for my students, grades, IEPs…am I allowed to continue with those things today?

H. You need to go home….A sub will be provided for tomorrow. Turn in your grades.

C. Noted performance at high School positive…

Current address and phone numbers exchanged w/ administration.

**Present:**
D. Reeves, D. Scheid, S. Harris, C. Gutierrez, L. Soper, M. Goodsman

**Reeves:** "Let's cut to the chase...."

**Harris:** Reads letter.

**Scheid:** Challenges statement of "you would not let me see papers...." as stated in the letter.

**Harris:** Discussion then "..will send corrected copies..."

**Reeves:** Refers to documents "Early Term Order" Presented copy to Dr. Harris. Reeves states document demonstrates ..."he is justified in making statement that he did"....on application that he didi not lie.

**Harris:** "Have you been convicted of a crime?"

**Shied:** "No. You were being accusatory.....I was that person...To answer, I requested to include an addendum. I asked you not to take that information as sole determination....Yes or no was not a clear question.

**Reeves:** Requests documents be forwarded to Board's attorney. "offer it for consideration for the district".

**Harris:** "I understand. I will forward information....I will consult with our attorney...I will follow up in writing." ".....you will remain on suspension w/o pay."

**Reeves:** "...this remains in conflict w/ statements made at (earlier) meeting."

**Harris:** "I remain convinced he made fraudulent statements...until I am advised otherwise... "

**Soper:** "...this is a serious matter..."

**Reeves:** "...He is experiencing an increase in anxiety..."

**Scheid:** "..I can have people testify that you (Harris) told Lisa or Lonnie about this situation...and you told them about the meeting..."

**Harris:** "I told them a meeting was taking place about the information I have here"

**Scheid:** "You did not provide me with a copy of the meeting ."

**Harris:** "Did you ask for a copy? I presented a copy to J. Schock."

**Soper:** "...will pay be restored in the event....?"

**Harris:** "If counsel agrees that everything is on the up and up, yes, income will be restored.

# EXHIBIT "G"

# LINCOLN CONSOLIDATED SCHOOLS
## 8970        Road, Ypsilanti, MI 48197
### FAX: (734) 484-1212

**CENTRAL OFFICE**
Superintendent
Al Widner
484-7001

Assistant Superintendent
Sandra.I. Harris, Ed.D.
484-7002

Curriculum Director
Casey Reason, Ph.D.
484-7000, Ext. 7658

Accounting Supervisor
Maureen Adams
484-7042

**SCHOOLS**
High School
484-7004

Middle School
484-7033

Brick Elementary'
484-7031

Redner Elementary
484-7061

Model Elementary
484-7045

Bessie Hoffman Elementary
484-3150

Early Childhood Center
484-7000, Ext. 7220

**DEPARTMENTS**
Technology Services.
484-7000, Ext. 7274

Special Education
484-7054

Facilities and Planning
484-7037

Transportation
484-7044

Food Service
484-7072

Athletics
484-7013

Community Recreation
484-7007

Communications
484-7017"

IJincoln Senior Program
483-8366

November 6, 2003

Mr. David Schied
229 Brookwood Dr., #8
South Lyon, MI 48178

Dear Mr. Schied:

     This letter is a follow up to the meeting that was held on November 6, 2003. First, I would like to indicate that you stated that you would let me "take a gander" at the documents that you had in your possession at the November 3 Pre-Termination Hearing. Neither Marilyn Goodsman or I heard you make that statement; however, Claudia Gutierrez did have that information in her meeting notes.

     Upon advice from our legal counsel, we hold the stance that you misrepresented yourself when completing the employment paperwork for our school district. Although your criminal record may have been cleared, you have indeed been convicted of ████████████! Therefore, your employment with tincolli Consolidated Schools is terminated, effectively immediately! Please make arrangements with Lonnie Proffitt to get any personal items that you may have left at the High SchooL

Sincerely,

*SandraJ. Harris, Ed.D.*
Interim Superintendent

cc:    Marilyn Goodsman, Interim Assistant Superintendent
       Lonnie Proffitt, Lincoln High School Principal
       Lisa Desnoyer, Director of Special Education
       Donnie Reeves, MEA Uniserv Director
       Jackie Shock,'LEA President
       Linda Soper, LEA Contract Administrator
       Claudia Gutierrez, LEA Building Representative
          File

*AN OASIS OF LEARNING!*

# EXHIBIT "H"



*Authorizatl011 for Release of Information and Employee History
In Accordance with Public Act 1890[1996*

Applicant Name _David Schied_      Social Security # 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

Position Applied For _____

Previous Employer _____

Pursuant to MCL 380.1230(b) and MCL 423.506, the undersigned hereby authorized my current and/or former employer(s) to disclose to the Northville Public School District information contained within my personnel record, including but not limited to information concerning unprofessional conduct by me as that term is defined in MCL 380.1230(b)-misconduct of any kind; any acts of immorality, moral turpitude or inappropriate behavior involving a minor; commission of a crime involving a minor.

I further authorize Northville Public Schools to obtain disciplinary reports; letters of reprimand; records of disciplinary action; evaluations; placement on any program of improvement; and any other documents, records or information contained within my personnel record.

I hereby give my current and/or former employer(s), including agents and individuals thereof, my permission to release the above identified personnel record information without requiring my current and/or former employer to contact me or to give me written notice before disclosing the information to the requesting school district, currently required by MCL 423.506.

Pursuant to MCL 380.1230(b), and common law, I hereby release for myself, and my family, heirs, successors, and assigns, my current and/or former employer(s), including but not limited to board members, superintendents, administrator$, personnel directors, officers, agents and attorneys: successors, and assigns thereof of and from any and all claims, demands, causes of action, suits, and any liability whatsoever, including but not limited to claims for slander, defamation, libel, negligence, invasion of privacy, interference with contractual relations, breach of contract, discrimination claims, intentional infliction of emotional distress and/or any other statutory, governmental or common law claim that I may have as a result of my current and/or former employer'(s') disclosure record information to the requesting school district to which I have applied for employment, including but not limited to, personnel record information concerning any unprofessional conduct.

I understand    agree that if I refuse to sign this Authorization and Release of Information regarding    unprofessional conduct by me in my current and/or former employment, the school district is prohibited by law from hiring me, pursuant to MeL 380.1230(b).

I further understand that my employment    Northville Public Schools is conditioned upon the school district's receipt and review of the personnel record information herein provided for and the school district's determination that nothing therein constitutes a sufficient basis to deny my employment. The school district has the sole authority and discretion to determine if employment shall be denied.

_____      _____
Applicant's Signature      Date

NOTE TO CURRENT/PREVIOUS EMPLOYER: Public Act 189 of 1996 requires you to provide Northville Public Schools copies of any and all information relating to unprofessional conduct contained within the above named person's personnel file within 20 days of receipt of this request.

_____ *I certify that no documentation of ul/professional conduct exists* within the above person's personnel file.

_____ *I have enclosed    relating to unprofessional conduct.*

_____      _____
Human Resources Director or Designee Signature      Date

RETURN: Northville Public Schools,    Dept, 501 W. Main Street, Northville, MI 48167 (248-344-8451) or FAX 248-347-6918

# EXHIBIT "I"

December 5, 2003


Lincoln Consolidated Schools
8970 Whittaker Road
Ypsilanti, MI 48197


**Re: Request for Information Pursuant to the Michigan Freedom of Information Act (FOIA)**

Dear Ms. Goodsman:


This is a request for information made under the Michigan Freedom of Information Act.

I wish to obtain a copy of the following documents:

### Complete personnel file of David Schied

As provided by Section 5 of the Act, I expect to receive these copies as soon as possible, but at the latest within five (5) working days of your receipt of this request. If you deny this request in or in part, I expect to receive written notification of this decision as provided in Section 5 (4) (a) – (d).


Sincerely,

Linda Soper, LEA Contract administrator
Lincoln Middle School


Cc:    Donnie Reeves, MEA Uniserv Director
       Jackie Shock, President Lincoln EA
       David        Member

17

No. 09-cv-11307

David Schied, *"pro se"*                              Hon. John Corbett O'Meara
On behalf of "STUDENT A"
                 *Plaintiff*

*V.*

SCOTT SNYDER – in his individual and official capacity;
LYNN MOSSOIAN – in her individual and official capacity;
KENNETH ROTH – in his individual and official capacity;
RICHARD FANNING JR – in his individual and official capacity
HARVALEE SAUNTO – in her individual and official capacity;
DONNA PARUSZKIEWICZ – in her individual and official capacity;
MARY E. FAYAD – in her individual and official capacity;
SUSAN LIEBETREU – in her individual and official capacity;
DONALD S. YARAB – in his individual and official capacity;
CATHERINE D. ANDERLE - in his individual and official capacity;
ARNE DUNCAN – in his official capacity;
                 *Defendants*

---

## AFFIDAVIT OF EARL HOCQUARD

---

STATE OF MICHIGAN    )

                              ) SS

COUNTY OF LIVINGSTON  )

| **SWORN AFFIDAVIT** |
|---|
| by:    Earl Hocquard |

EARL HOCQUARD, being first duly sworn, states that:

1. I have personal knowledge of the facts contained herein.
2. If sworn as a witness, I can testify completely to the facts contained in this Affidavit.
3. I was born in the United States and, as a person, I have resided here my whole life as a citizen of this country.
4. I hold a Master of Arts degree in Counseling Psychology. I am also an ordained nondenominational Christian minister.
5. In mid-to-late December 2008, I sent a letter to the Northville Public Schools requesting a copy of David Schied's public personnel file under the *Freedom of Information Act*.

1

6. A few weeks later, in response to my FOIA request, Assistant Superintendent of Administrative Services for the Northville Public Schools sent back a package addressed to me at my home containing the employment records of Michigan schoolteacher David Schied.

    a) I have attached a copy of the outer envelope sent via U.S. postal delivery – "Priority Mail" – by the Northville Public Schools in reply to my FOIA request. **(Exhibit A)**

    b) The package I received was clearly a response to my FOIA request.

    c) I have attached a cover letter, dated January 13, 2009 that was enclosed along with the employment records in that postal package. I found the correspondence confusing if not intentionally deceptive.

7. There was a two-page cover letter sent in accompaniment of the one-quarter inch (1/4") thick package of employment documents regarding David Schied. **(Exhibit B)**

    a) The letter was written by DAVID C. BOLITHO.

    b) It contained six paragraphs citing at least <u>four</u> reasons why my FOIA request was being "*DENIED*" by the Northville Public School District.

    c) The "reasons for denial" included reference to the <u>13(1)(a)</u> and <u>13(1)(d)</u> of the *Freedom of Information Act*, and to § (380).1230, §(380).1230a, and §(380).1230g of Michigan's *Revised School Codes* pertaining to the "*exemption from disclosure*" of criminal history information.

8. I inspected the contents of the envelope for the first time at my office in Wayne County; and I have maintained all documents in the envelope, in the order in which I had found them packaged together and forwarded to me by the Northville Public School District administrative offices.

9. I have maintained that package in my own possession and the contents of that envelope have never been left outside of my own personal possession at my professional counseling office.

10. Upon inspection of the envelope contents, I found near the top of the stack of copied documents a copy of a Texas court order written as an "*Agreed Order of Expunction*". **(Exhibit C)**

    a) The court Order, time-stamped "2004 Sept.27" was an 8-page document referencing the "*expunction*" of criminal history.

    b) I noted that "<u>Item #1</u> of this court Order specifically states, "*...all release, dissemination or use of records pertaining to such arrests and prosecution is PROHIBITED*".

    c) I further noted that "<u>Item #7</u>" of the document additionally held that Mr. David Schied "*may deny the occurrence of the expunged arrest and prosecution AND THIS EXPUNCTION ORDER*".

11. I have shared the contents of this package with Mr. David Schied as his dependent child is my counseling client; and I am aware that he has named various administrators of the Northville Public Schools as having acted maliciously in the past to obstruct him from employment as a schoolteacher. I am also aware of the negative impact that such action has had upon his ability to support is dependent wife and child, and in impeding his ability to provide for the

2

ongoing costs of the counseling services that this family needs in the aftermath of earlier offenses by the Northville Public Schools' administration.

12. I am aware that the Northville Public Schools has been engaged in previous civil litigation in which Evidence has shown that the administrators of this school district are well aware that Mr. Schied's criminal history in Texas was SET ASIDE in 1979, was PARDONED in 1983, and with the remaining arrest record EXPUNGED in 2004.

13. By reference to the very State and Federal statutes provided to me by Northville Public Schools' assistant superintendent David C. Bolitho, I have come to believe that, by my receipt of these documents through the U.S. Postal Service, I have been inadvertently involved as a witness to a CRIME against Mr. David Schied as perpetrated by David Bolitho.

14. **I believe that Mr. Schied may therefore be a crime victim as based upon the following statutes provided by Mr. Bolitho himself on behalf of the Northville Public Schools administration:**

    a) Under **MCL §15.243(1)** of Michigan's ***Freedom of Information Act* (Act 442 of 1976)**, a public body such as a SCHOOL DISTRICT may exempt from disclosure any *"(a) information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy"*; and *"(b) Investigating records compiled for law enforcement ;purposes...insofar .....as disclosure as a public record would...(ii) Deprive a person of the right to a fair trial or impartial administrative adjudication...(or)...(iv) Constitute an unwarranted invasion of personal privacy."*

    b) **MCL 380.1230, MCL 380.1230(a)** and **MCL 380.1230(g)** (*Revised School Codes*) – *"The governing body of a public school... or an employee of a district, public school academy...SHALL NOT DISCLOSE ...a report (containing criminal history information) ....or divulge its contents .....to any person who is not directly involved in evaluating the applicant's qualifications for employment or assignment.... A representative of the individual's employer who receives a copy of a report, or receives results of a report from another source...SHALL NOT DISCLOSE the report or its contents or the results of the report to any person outside of the employer's business or to any of the employer's personnel who are not directly involved in evaluating the individual's qualifications for employment or assignment. A person who violates this subsection is guilty of a misdemeanor punishable by a fine of not more than $10,000.00."*

    c) **MCL 380.1230(b)** (*Revised School Codes*) – *"[Criminal history] information ...shall be used by a school district... only for the purpose of evaluating an applicant's qualifications for employment in the position for which he or she has applied. Except as otherwise provided by law, a board member or employee of a school district, local act school district, public school academy, intermediate school district, or nonpublic school SHALL NOT DISCLOSE the information to any person, other than the applicant, who is not directly involved in the process of evaluating the*

3

applicant's qualifications for employment. *A person who violates this subsection is <u>guilty of a misdemeanor</u> punishable by a fine of not more than $10,000.00."*

d) **MCL 722.622(q)** (Michigan's *Child Protection Law*) – " *'<u>Expunge</u>' means to physically <u>remove</u> or <u>eliminate</u> and <u>destroy</u> a record or report."*

e) **MCL 780.623** (Michigan's *Set Aside Law*) – "*...a person, other than the applicant, who knows or should have known that a conviction was set aside (pardoned or otherwise "expunged")....and who divulges, uses, or publishes information concerning a conviction set aside under this section is <u>guilty of a misdemeanor</u> punishable by imprisonment for not more than 90 days or a fine of not more than $500.00, or both."*

f) **Article 60.06(b)** (of *Texas Code of Criminal Procedures*) – ***Information on an individual that consists of an identifiable description and notation of an arrest, detention, <u>indictment</u>, information, or <u>other formal criminal charge and a disposition of the charge, including sentencing, correctional supervision, and release that is collected and compiled by the Department of Public Safety and the Texas Department of Criminal Justice</u>** from criminal justice agencies and maintained in a central location **<u>is not subject to public disclosure</u>...***

g) **Article 55.03** (Tex. Code of Crim. Proc.) – "***When the order of expunction is final: (1) the release, dissemination, or use of the expunged records ... is <u>prohibited</u>...***"

h) **5 U.S.C. § 552a (i)(1)** (of the *Privacy Act of 1974*) – "***Any officer or employee of an agency, who by virtue of his employment or official position, has possession of, or access to, agency records which contain individually identifiable information the disclosure of which is prohibited .... and who knowing that disclosure of the specific material is so prohibited, willfully discloses the material in any manner to any person or agency not entitled to receive it, <u>SHALL BE GUILTY OF A MISDEMEANOR</u> and fined not more than $5,000.***"

15. I also understand that, under **§15.243(f)(ii)** of Michigan's ***Freedom of Information Act***, records held in confidence by a public agency are exempt from disclosure if the chief administrative officer of the public body has provided an expressed promise of confidentiality. **(Exhibit D)**

   a) I understand that such a promise was made, in writing, to Mr. Schied by the Human Resources Director of the Northville Public Schools on two different occasions as provided by attachment to this affidavit. **(Exhibit E)**

   b) As such, it appears to me that by his good faith belief in these written promises by Northville Public School administration, Mr. Schied may also be the victim of criminal FRAUD.

16. I question the liability that is imposed upon Mr. Schied as the sole provider to his family when, by Texas court Order he is being allowed to deny the existence of this criminal history document, while the Northville Public Schools is being allowed to criminally disseminate it to anyone, including prospective employers, under the *Freedom of Information Act*.

4

a) In my view, the document being disseminated by David Bolitho of the Northville Public Schools defies Mr. Schied's right to employment, and thus impedes his ability to provide for his dependent wife and child.

b) The document sent to me by the Northville Public Schools might also justify what might otherwise be false allegations of "*misrepresentation*" against David Schied should Mr. Schied attempt to rely upon his right to deny the existence of this document as provided clearly by the Texas court Order being disseminated by David Bolitho and the Northville Public Schools.

17. I therefore submit this Affidavit, under Oath, as witness to crimes I perceive to be occurring against David Eugene Schied.

Further the affiant sayeth not.

Respectfully submitted.

Dated: 2-10-09

By _Eric E. Wyze_

Sworn to and subscribed before me this 10ᵗʰ day of February, 2009.

_Laura J. Myers_

Notary Public, Oakland County, MI acting in Oakland County Michigan.

My Commission Expires: May 16, 2011

Laura J. Myers, Notary Public
State of Michigan, County of Oakland
My Commission Expires 5/16/2011
Acting in the County of Oakland

5

# EXHIBIT "A"



*Northville Public Schools*
501 WEST MAIN STREET
NORTHVILLE, MICHIGAN 48167

D. Bolitho, Assist. Superintendent

TO:

Mr. Earl Hocquard
140 Barn Ridge
Fenton, MI  48430

FIRST CLASS MAIL

# EXHIBIT "B"



*Leonard R. Rezmierski, Ph.D.*
*Superintendent*

*David C. Bolitho*
*Assistant Superintendent*
*Administrative Services*

January 13, 2009

Mr. Earl Hocquard
r40 Barn Ridge
Fenton, MI 48430

Mr. Hocquard:

This letter is in response to your request under the Freedom of Information Act, which was received by the School District on January 6, 2009.

Your request is denied under Section 13(1)(a) of the Freedom of Information Act to the extent that it would require the disclosure of home addresses, home telephone numbers and home e-mail addresses, as the disclose of such information would constitute a clearly unwarranted invasion of privacy. See Michigan Federation of Teachers and School Related Personnel, AFT, AFL-CIO v. University of Michigan.

Your request is also denied to the extent that it would require the disclosure of social security numbers, as such information is exempt from disclosure under Section 13(1) (w) of the Freedom of Information Act.

Finally, your request is denied to the extent that it would require disclosure of the results of criminal history/records checks conducted     the Michigan Department of State Police and/or the Federal Bureau of Investigation, as such information is except from disclosure under Section 13(1)(d) of the Freedom of Information Act, and Section 1230, 1230a, and/or 1230g of the Michigan School Code.

Pursuant to Section 14 of the Freedom of Information Act, to the extent that particular public records responsive to your request contain information which is both exempt and non-exempt from disclosure, copies are enclosed with the appropriate redactions of exempt information.

"Because your request has been denied in part, you may do one (1) of the following at your option: (a) submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the denial; or (b) commence an

*501 West Main Street      Northville, Michigan 48167      (248)      l      FAX 248-347-6928*

action in Circuit Court under Section 10 of the FOrA (copy enclosed). Should you prevail you may also be entitled to receive attorney fees and damages.

Sincerely,

David C. Bolitho
Assistant Superintendent
Administrative Services

DCB:jt

Attachment: -Copy of Freedom-of Information Act (Excerpt)

foiaO 11309.hocquard

# FREEDOM OF INFORMATION ACT (EXCERPT)
## Act 442 of 1976

**15.240 Options by requesting person; appeal; orders; venue; de novo proceeding; burden of proof; private view of public record; contempt; assignment of action or appeal for hearing, trial, or argument; attorneys' fees, costs, and disbursements; assessment of award; damages.**

Sec. 10. (1) If a public body makes a final determination to deny all or a portion of a request, the requesting person may do 1 of the following at his or her option:

(a) Submit to the head of the public body a written appeal that specifically states the word "appeal" and identifies the reason or reasons for reversal of the denial.

(b) Commence an action in the circuit court to compel the public body's disclosure of the public records within 180 days after a public body's final determination to deny a request.

(2) Within 10 days after receiving a written appeal pursuant to subsection (1)(a), the head of a public body shall do 1 of the following:

(a) Reverse the disclosure denial.

(b) Issue a written notice to the requesting person upholding the disclosure denial.

(c) Reverse the disclosure denial in part and issue a written notice to the requesting person upholding the disclosure denial in part.

(d) Under unusual circumstances, issue a notice extending for not more than 10 business days the period during which the head of the public body shall respond to the      appeal. The head of a public body shall not issue more      1 notice of extension for a particular written appeal.

(3) A board or commission that is the head of a public body is not considered to have received a written appeal under subsection (2) until the first regularly-scheduled meeting of that board or commission following submission of the written appeal under subsection (1)(a). If the head of the public body fails to respond to a written appeal pursuant to subsection (2), or if the head of the public body upholds all or a portion of the disclosure denial that is the subject of the written appeal, the requesting person may seek judicial review of the nondisclosure by commencing an action in circuit court under subsection (1)(b).

(4) In an action commenced under subsection (1)(b), a court that determines a public record is not exempt from disclosure shall order the public body to cease withholding or to produce all or a portion of a public record wrongfully withheld, regardless of the location of the public record. The circuit court for the county in which the complainant resides or has his or her principal place of business, or the circuit court for the county in which the public record or an office of the public body is located has venue over the action. The court shall determine the matter de novo and the burden is on the public body to sustain its denial. The court, on its own motion, may view the public record in controversy in private before reaching a decision. Failure to comply with an order of the court may be punished as contempt of court.

(5) An action commenced under this section and an appeal from an action commenced under this section shall be assigned for hearing and trial or for argument at the earliest practicable date and expedited in every way.

(6) If a person asserting the right to inspect, copy, or receive a copy of all or a portion of a public record prevails in an action commenced under this section, the court shall award reasonable attorneys' fees, costs, and disbursements. If the person or public body prevails in part, the court may, in its discretion, award all or an appropriate portion of reasonable attorneys' fees, costs, and disbursements. The award shall be assessed against the public body liable for damages under subsection (7).

(7) If the circuit court determines in an action commenced under this section that the public body has arbitrarily and capriciously violated this act by refusal or delay in disclosing or providing copies of a public record, the court shall award, in addition to any actual or compensatory damages, punitive damages in the amount of $500.00 to the person seeking the right to inspect or receive a copy of a public record. The damages shall not be assessed against an individual, but shall be assessed against the next succeeding public body that is not an individual and that kept or maintained the public record as part of its public function.

History: 1976, Act 442, Eff. Apr. 13, 1977;-Am. 1978, Act 329, Imd. Eff July 11, 1978;-Am. 1996, Act 553, Eff.      31,1997.

Popular name: Act 442

Popular name: FOIA

Michigan Compiled Laws Complete Through PA      332, 334-339, 341-348, 350-356, 358, 360, 361, 364-367, 371-376, 378, 382, 384-386, 390,      and 396 of 2008

© Legislative Council, State of Michigan

# EXHIBIT "C"

NO. 2004-28810

EX PARTE § IN THE DISTRICT COURT FOR
§
§ THE 234TH JUDICIAL DISTRICT
§
DAVID EUGENE SCHIED § 
§ HARRIS COUNTY, TEXAS

AGREED ORDER OF EXPUNCTION

On this date came on to be heard the petition for expunction filed in the above-captioned cause. Having considered the pleadings and other documents on file herein, the Court finds that it has jurisdiction over the instant cause and the parties thereto; and that the respondents have been duly served with the petition; and that all procedural and substantive requirements for expunction of the below specified criminal records have been met.

Petitioner's full legal name is DAVID EUGENE SCHIED. Petitioner is a white male, whose date of birth is August 22, 1957. His past Texas driver's license number is 05256125; his past California driver's license number is A 6024012; and his present Michigan driver's license number is S 300 135 237 655. Petitioner's social security number is 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. Petitioner's address at the time of his arrest was 8039 Boone Rd., #120, Houston, Texas 77072.

Petitioner was arrested on July 20, 1977 by the Houston Police Department (CR#293158) for the Felony Offense of ███████████████ ███████ in Cause No. 266491 in the 183rd Criminal District Court of Harris County, Texas. Petitioner was convicted on December 14, 1977 and sentenced to 10 years probation, which was terminated on December 20, 1979 releasing Petitioner from his probation. A pardon was issued to Petitioner on June 1, 1983, by Governor Mark White, thereby, making the above referenced case eligible for expunction.

Certified Document Number: 8390709 - Page 1 of 7



THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that:

(1)    the petition for expunction filed in the above-captioned cause is GRANTED, and all records of the petitioner's arrests in the above-stated causes including all records of petitioner's prosecution for these offenses are expunged; and all release, dissemination or use of records pertaining to such arrests and prosecutions is prohibited;

(2)    the respondents shall return all records and files concerning the above-specified arrests to this Court, or if removal is impracticable, obliterate all portions of the records or files that identify the petitioner, including all computer entries, and notify the court of its action;

(3)    the respondents shall delete from their records all index references to the records and files that are subject to this expunction order;

(4)    the respondent district clerk shall not permit inspection of the court records concerning this expunction proceeding by any person other than the petitioner herein or petitioner's attorney, and shall obliterate all public references to this proceeding and maintain the file and all other records in an area not open to inspection;

(5)    the Clerk shall deliver to the petitioner or petitioner's attorney, on request, all files and records returned to it pursuant to this order;

(6)    the respondent district clerk shall destroy all such files and records returned to it pursuant to this order on the first anniversary of the date the order for expunction was issued unless the petitioner has requested the return of the records as provided above;

(7)    pursuant to Article 55.03, Texas Code of Criminal Procedure, the petitioner may deny the occurrence of the expunged arrest and prosecution and this expunction order, except said petitioner, when questioned under oath in a criminal proceeding about said matters, may state only that the matter in question has been expunged;

Certified Document Number: 8390709 - Page 2 of 7

(8)     the Department of Public Safety shall send a copy of this order by certified mail, return receipt requested, to the appropriate central federal repository of criminal records that there is reason to believe has any of the records subject to this order, together with an explanation of the effect of the order and a request that the records in possession of the repository, including any information with respect to this proceeding, be destroyed, deleted or returned to the court; and

(9)     the phrase "all records and files pertaining to the arrest" does not include records relating to the suspension or revocation of a driver's license, permit or privilege to operate a motor vehicle except as provided in TEX. TRANSP. CODE ANN. §524.015 and §724.048 (Vernon Pamphlet 1996).

(10)     the district clerk shall cause a copy of this order to be delivered, by certified mail, return receipt requested, to the following agencies subject to this order:

        (a)     Harris County Sheriff's Department
                Attn: Expunctions
                1301 Franklin
                Houston TX 77002

        (b)     Texas Department of Public Safety
                Crime Records Service MSC 0234
                P.O. Box 4143
                Austin TX 78765-4143

        (c)     Harris County District Attorney's Office
                Attn: Scott Durfee
                1201 Franklin, Suite 600
                Houston TX 77002

        (d)     Houston Police Department
                Attn: Expunctions
                1200 Travis, 10th Floor
                Houston, TX 77002

rtified Document Number: 8390709 - Page 3 of 7

(e)  Harris County District Clerk's Office
     Attn: Expunctions
     301 Fannin, 1st Floor
     Houston TX 77002

(f)  Harris County Office of Court Services
     Attn: Expunctions
     1201 Franklin, 12th Floor
     Houston TX 77002

Signed this _____ day of _____ OCT - 1 2004 _____, 2004.

_____
JUDGE PRESIDING
234TH District Court
Harris County, Texas

Approved as to form and substance:

_____
DAVID SCHIED
20075 Northville Place Dr. NORTH 3120
Northville, Michigan 48167
Telephone: 248-255-5799 (cell)
Petitioner Pro Se

Certified Document Number: 8390709 - Page 4 of 7



**CHARLES A. ROSENTHAL, JR., DISTRICT ATTORNEY**

By: SCOTT A. DURFEE
Assistant District Attorney
SBN: 06277550
By: BRIAN L. ROSE
Assistant District Attorney
SBN: 00786209
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
Telephone: (713) 755-5816
Facsimile: (713) 368-9275
Attorney for Harris County District Attorney

**MICHAEL A. STAFFORD, COUNTY ATTORNEY**

By: T. SCOTT PETTY
Assistant County Attorney
SBN: 24037273
By: CHARLES N. WALKER
Assistant County Attorney
SBN: 20695200
1310 Prairie, Suite 940
Houston, Texas 77002
Telephone: (713) 755-5101
Facsimile: (713) 755-8924
Attorney for Harris County District Clerk
Harris County Sheriff's Department
Harris County Constable's Office
Harris County Justice of the Peace Courts
Harris County Office of Court Services

Certified Document Number: 8390709 - Page 5 of 7

**HOUSTON POLICE DEPARTMENT**



By: **SANDRA W. ROBINSON**
Assistant Police Administrator
SBN: 21576320
By: **MARK A. HOLBROOK**
Staff Attorney / Police Officer
SBN: 24035874
HPD Legal Services
1200 Travis, 7th Floor
Houston, Texas 77002
Telephone: (713) 308-1660
Facsimile: (713) 308-2566
**Attorney for the City of Houston Police Department**


**TEXAS DEPARTMENT OF PUBLIC SAFETY**


By: **J. FRANK DAVIS**
SBN: 00785809
Crime Records Service, MSC 0234
P.O. Box 4143
Austin, Texas 78765-4143
Telephone: (512) 424-5841
Facsimile: (512) 424-5666
**Attorney for the Texas Department of Public Safety**

Certified Document Number: 8390709 - Page 6 of 7

## HOUSTON POLICE DEPARTMENT

By: SANDRA W. ROBINSON
Assistant Police Administrator
SBN: 21576320
By: MARK A. HOLBROOK
Staff Attorney / Police Officer
SBN: 24035874
HPD Legal Services
1200 Travis, 7th Floor
Houston, Texas 77002
Telephone: (713) 308-1660
Facsimile: (713) 308-2566
Attorney for the City of Houston Police Department


## TEXAS DEPARTMENT OF PUBLIC SAFETY

By: J. FRANK DAVIS
SBN: 00785809
Crime Records Service, MSC 0234
P.O. Box 4143
Austin, Texas 78765-4143
Telephone: (512) 424-5841
Facsimile: (512) 424-5666
Attorney for the Texas Department of Public Safety



I, Charles Bacarisse, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date
Witness my official hand and seal of office
this  November 2, 2004

Certified Document Number: 8390709 Total Pages: 7

CHARLES BACARISSE, DISTRICT CLERK
HARRIS COUNTY, TEXAS

ertified Document Number: 8390709

EXHIBIT "D"

*This was not included in NV package*

# FREEDOM OF INFORMATION ACT
## FREEDOM OF INFORMATION ACT

**Act 442 of 1976**

**15.243 Exemptions from disclosure; public body as school district or public school academy; withholding of information required by law or in possession of executive office.**

Sec. 13. (1) A public body may exempt from disclosure as a public record this act any of the following;:

(a) Information of a personal nature if public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy.

(b) Investigating records compiled for law enforcement purposes, but only to the extent that disclosure as a public record would do any of the following:

(i) Interfere with law enforcement proceedings.

(ii) Deprive a person of the right to a fair trial or impartial administrative adjudication.

(iii)

(iv) Disclose the identity of a confidential source, or if the record is compiled by a law enforcement agency in the course of a criminal investigation, disclose confidential information furnished only by a confidential source.

(v) Disclose law enforcement investigative techniques or procedures.

(vi) Endanger the life or physical safety of law enforcement personneL

(c) A public record that if disclosed would prejudice a public body's ability to maintain the physical security of custodial or penal institutions occupied by persons arrested or convicted of a crime or admitted because of a mental disability, unless the public interest in disclosure under this act outweighs the public interest in nondisclosure.

(d) Records or information specifically described and exempted from disclosure by statute.

(e) A public record or information described in this section that is furnished by the public body originally compiling, preparing, or receiving the record or information to a public officer or public body in connection with the performance of the duties of that public officer or public body, if the considerations originally giving rise to the exempt nature of the public record remain applicable.

(f) Trade secrets or commercial or fmancial information voluntarily provided to an agency for use in developing governmental policy if:

(i) The information is submitted upon a promise of confidentiality hy the public body.

(ii)    promise ()f confidentiality is authorized by the chief administrative officer of the public body or by an elected official at the time the promise is made.

(iii) A description of the information is recorded by the public body within a reasonable time after it has been submitted, maintained in a central place within the public body, and made available to a person upon request. This subdivision does not apply to information submitted as required by law or as a condition of receiving a governmental contract, license, or other benefit.

(g) Information or records subject to the attorney-client privilege.

(h) Information or records subject to the physician-patient privilege, the psychologist-patient privilege, the minister, priest, or Christian Science practitioner privilege, or other privilege recognized by statute or court rule.

(i) A bid or proposal by a person to enter into a contract or agreement, until the time for the public opening of bids or proposals, or if a public opening is not to be conducted, until the deadline for submission of bids or proposals has expired.

# EXHIBIT "E"

## Main Identity

From:    "David Schied" <dschied@sbcglobal.net>
To:    <beasonch@northville.k12.mi.us>
Sent:    Saturday, May 01, 2004 4:03 PM
Subject:    request for assistance

Dear Charmaine,

You may forward this email message to Ms. Katie Doerr Parker if you wish. Ms. Parker is aware that there is information in my personnel file and substitute teacher employment application that I was reluctant to provide to your HR department I am currently in the process of getting a Texas court order for having those records "expunged" from all public and private agencies that I believe have possession of such information. The court representative that is processing my "petition" is requiring the following since over the next several months the original judge's order will be circulating from agency to agency for notice and signatures. Please provide me with the following information at your earliest convenience:

*** Name,      Address, Phone, Fax, and Michigan Bar# for the attorney representing Northville Community Schools.

Your assistance in this very important matter will be greatly appreciated. I am thoroughly enjoying my current placement at Cooke Schools and hope to be considered for full-time contract employment next fall.

Sincerely,

David Schied

**From:**     Katie Parker
**To:**       Schied, David
**Date:**     5/19/043:00PM
**Subject:**  Your request

Hello David.

I received your paperwork and the request for sign off. Our attorney does not understand why our district should be involved in anything that has to do with expunging the records of your past actions; it has nothing to do with us   and everything to do with you. He does not feel comfortable signing anything. We are not endorsing or excusing you from your past actions. As I understand the documents you initially, shared with me, you .were pardoned in Texas for actions in Texas. We certainly can and will destroy or return all implicating documents if your record is expunged by court order.Perhaps you can let us better understand why our attorney's signature is needed?

Thank you.

Katie Doerr Parker
Director, Human Resources
Northville Public Schools
248.344.8451


**CC:**        gpk@kellerthoma.com;  Parker, Katie

Date: Mon, 15 Aug 2005 16:15:37 -0400
From: "Katie Parker" <ParkerKa@northville.k12.mi.us> 🔖Add to Address Book  iAdd Mobile Alert
To: dschied@yahoo.com
Subject: Re: new fingerprinting & BG check

Hello David,

Mr. Bolitho is the Assistant Superintendent for Administrative Services. He is now in charge of Human Resources as well. Ms. Taylor *is his* administrative assistant and t e office manager.

Katie

---

»> David Schied <dschied@yahoo.com> 08/15/05 3:52 PM »>

Please excuse the question but would you be able to tell me the position of each of the individuals that you named at Northville Community Schools?

David

---

Date: Mon, 1 Aug 2005 13:01:43 -0700 (PDT)
From: "David Schied" <dschied@yahoo.com> 🔖Add to Address Book  I Add Mobile Alert
Subject new fingerprinting & BG check
To: "Katie Parker" <ParkerKa@northville.k12.mi.us>

Dear Ms. Parker,

I just picked up the results of the new fingerprinting from Lola in HR, and am proud to say that "no criminal history record exists" by the response of the Michigan State Police and the FBI. I wish now to reiterate my request that all documents regarding previous background checks be destroyed and with a letter to that effect by Mr. Gary King.

Sincerely,

David Schied

Date: Mon, 18 Jul 2005 08:39:49 -0400
From: "Katie Parker" <ParkerKa@l"lorthville.k12.mLus> ⊠Add to Address Book  IAdd Mobile Alert
To: dschied@yahoo.com
CC: "David Bolitho" <BolithDa@northville.k12.mLus>, "Lola Nestor" <NestorLo@northville.k12.mLu5>
Subject: Re: new fingerprinting & BG check

David,

I am no longer in HR, but in the Office of Instruction. Please check with Mr. *Boli* ho
and Lola. Lola receives the information on the background checks. Thank you.

Katie

---

»> David Schied <dschied@yahoo.com> 07/17/05 11:51 AM »>

Dear Ms. Parker,

I hope your summer *is going* well.

I was hoping to be notified when the results of my fingerprint and BG check come ba k.
In the meantime, I thought I'd check back with you *periodically*. Thanks.

Sincerely,

*David* Schied

---

Date: Tue, 14 Jun 2005 09:39:00 -0400
From: "Katie Parker" <ParkerKa@northville.k12.mLus> ⊠Add to Address Book I Add Mobile Alert
To: dschied@yahoo.com
CC: "David Bolitho" <BolithDa@northville.k12.mLus>, "Lola Nestor"-<NestorLo@northville.k12.mLus>
SUbject: Re: Fwd: new fingerprinting & BG check

Dear Mr. Schied,

Our attorney, Gary King, would like for you to move forward with the required new
fingerprinting at the $54 cost. We *will* then make the determination to remove to *his*
office in a sealed envelope or totally destroy any documents we possess. Thank you.

Katie

»> David Schied <dschied@yahoo.com> 6/14/2005 8:46:49 AM »>

Dear Ms. Parker,

My records are showing that I still have not received a reply to the message written below in follow up to my last visit to your office, and in which I left with the understanding that you would consult with the Northville Schools attorney to find out if we might replace (and destroy) "the previous FBI report (hopefully while I might still be fingerprinted by Lola at a reduced cost and before the switchover occurs that will cost me even more money).

I forgot at that time to mention my desire to have all of the copies of the Expungment paperwork that you *copied* for the attorney to keep on *file;* so I would like to add the destruction of that paperwork to my request to ensure that all records of my trying to get *this* record permanantly cleared are obliterated.

Please let me know what stand the district's attorney is taking on this matter, or have that' attorney contact me directly, ASAP. Thank you.

Sincerely,

David *Schied*

---

--- David Schied <dschied@yahoo.com> wrote:

> Date: ,Wed, 1 Jun 2005 Q6:05:57 -0700 (PDT)

> From: David Schied <dschied@yahoo.com>

> Subject: new fingerprinting & BG check

> To: Katie Parker <ParkerKa@northville.k12.rni.us>

> Dear Ms. Parker,

> As you know, I am making every effort to obliterate all remaining documents left i the possession of any and all Michigan agencies (for which I have had to furnish as a result of Dr. Sandra Harris failing to follow federal codes and provide me the )pportunity to have my FBI report "corrected") to *include* What I believe is the last remaining document in possession of Northville Community Schools, which is the crirnin 1 )ackground check I paid for in late 2003 or 2004.

'hat report reflects a modification and improvement over what was *received* by Dr. arris at Lincoln Consolidated Schools; but it was not a full correction of the FEI!s ecords as reportedly obtained from the Texas Department of Public Safety. Yesterday, ou authorized my paying for another criminal background check after discovering that ola for some reason was not able to adequately copy the original "corrected" *FBL* ocument that I brought *in* showing that "no criminal history" exists. You also told m

that yqu would consult with the District's attorney about the matter of my request that I be given (written) assurance that the original FBI report that was furnished to you was destroyed completely when replaced by the new FBI report that I am intending to purchase.

Just as I was walking out of the human resources office however, Lola told me that I would have to act soon before a change in your system occurs from manual to compute and from $54 to $72, which she said would be around the middle of the month. I just wanted to send you a reminder that my motivation for paying the $54 amount *is* with he understanding that the first FBI report in possession of Northville Schools will be destroyed (and with that assurrance *in* writing from your attorney); therefore, I as that you get back with me as soon as possible with the attorney's response so that may comply with Lola's reminder to get that check, along with my fingerprints, back to her as soon as possible.

Sincerely,

David Schied

18

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DAVID SCHIED,

     Plaintiff,

     -vs-             Case No. 06 633 604 NO

NORTHVILLE PUBLIC SCHOOL DISTRICT,

     Defendants.

-----------------------------------------------

MOTION HEARING

BEFORE THE HONORABLE CYNTHIA D. STEPHENS, CIRCUIT JUDGE

Friday, March 30, 2007 - Detroit, Michigan

APPEARANCES:

For the Plaintiff:        DARYLE SALISBURY (P19852)

For the Defendant:        BRUCE M. BAGDADY (P40476)

Instead when they wanted to specifically limit it to minor, they had those clauses specifically identified, minor.

THE COURT: Probably me. I'm looking at the use of punctuation. There is one or more abilities of misconduct, semicolon, or more acts of -- one or more acts of immorality, moral turpitude or inappropriate behavior involving a minor.

You believe that it is appropriate under this and that you are required to release the information involving the expunged conviction in Texas. Is that correct.

MR. BAGDADY: Yes.

THE COURT: So, that would mean that your interpretation of this is that even an expunged conviction is a lifetime offense.

MR. BAGDADY: I don't know if I would call it lifetime offense.

THE COURT: I would. It would follow you around forever.

MR. BAGDADY: The ███████ was an act of misconduct. In 1977, yes, in Texas, yes.

THE COURT: But it's a lifetime conviction.

MR. BAGDADY: It is frankly, Judge, and I'm sure you're aware.

THE COURT: So expungement is a myth.

MR. SALISBURY: A myth.

MR. BAGDADY: We have, not in the school code context, your Honor. School district, more than more, if I may.

THE COURT: It's a myth.

MR. BAGDADY: If you would like to call it a myth.

THE COURT: It may be a myth that the legislature has decided we're going to have. You don't make the decision. It's not personal. And I think that's a point well-taken. In the school code conducts where districts have to share information where there is this heightened and legitimate concern for student safety, maybe the way you're saying it is. Maybe it's a myth, but when it says any act of misconduct, and I don't think the average human being would say ███████ ████████████████ is not an act of misconduct. The school code does not say, except conduct that's been expunged, or except conduct that is so old, any act of misconduct. And if you're a school district and required to release any evidence of misconduct, you are not in a position to be to say --

THE COURT: I understand your view.

MR. SALISBURY: Your Honor, I do have something to add to that.

19

STATEMENTS IN REPORT OF STATE AND FEDERAL CRIMES
(CRIME REPORT)

THE STATE OF MICHIGAN

COUNTY OF OAKLAND

BEFORE ME, THE UNDERSIGNED AUTHORITY, a Notary Public in and for the STATE OF MICHIGAN, on this day personally appeared ___David Schied___, known to me, who being sworn to me upon his oath deposes and says:

My name is ___David Schied___. I live at P.O. Box 1378 in Novi, Michigan. My home telephone number is 248-347-1684. Names of "the accused" are ⟶ Loyd Wright; Robin Apostolakis; David Munson; and Stan Stanart

Name of the crime or crimes: Conspiracy to deprive of rights under color of law; Theft; simulating a legal process; unauthorized practice of law; fraud upon the court; racketeering; corrupt influence; abuse of office; wire fraud; obstructing (legitimate) governmental operations;

I wish to further state: mail fraud.(Tx Penal Codes: See Chptrs #31,#36, #38,#39) + Title 18 U.S.Codes

The entire history of criminal activity by "the accused" is being maintained at an independent website since the records being maintained by Stan Stanart are known to be incomplete, inaccurate, or otherwise reflecting misleading, gross omissions, or otherwise fraudulent information. Additionally,all of the "exhibits" of Evidence are located at that website, even as some of the most incriminating documents are to be also located in the records maintained by the Clerk of the Court Christopher Prine at at the Court of Appeals in Houston on Fannin St. The exact location where this Evidence can be located is as follows: http://cases.michigan.constitutionalgov.us/david-schied/2014_SchiedvMerrittProbate+TexasCriminalAllegations/

In short, a simple probate court proceeding set the stage for the government "actor" as fiduciary for the judicial system, Loyd Wright, and his cohorts as "officers of the court" Robin Apostolakis and David Munson, to deprive me, Grievant David Schied, of my due process rights and right to a jury trial. In carrying out their individual deeds, under color law as attorneys and judge, they each committed fraud upon the court, and a conspiracy to defraud and fleece the Estate of my brother, the decedent Michael Edward Schied. As a result, my records document their methodology of individual actions, as well as actions committed "in concert" to include creating and maintaining fraudulent official court records, abusing their fiduciary positions as clerk(s), judge, and attorneys. The modus operandi was to steal money from the two co-heirs, my sister Janette Smith and myself, by simulating legal process, by wire fraud in electronic filings, by fraud upon the court reflected in numerous ways such as by direct lies, by claiming to have legally "served" me when they had not, by lying to the Texas Court of Appeals as a matter of record, and by sending such false data through electronic communications and through the United States Mail.

I can read and write the English language.

I swear under oath this statement is true.

Signature: _____

David Schied (all rights reserved)

Please print name

* NOTE: This is the report of a theft under color of law and legal process, meant to coerce people and the policy and practice of government as defined by U.S. Code as Treason and "domestic terrorism"

SUBSCRIBED AND SWORN TO, this ___18th___ day of ___December___ 20_15_.

_____
Notary Public in and for the State of Michigan
Commission Expires: ___9/25/2021___

KELSEY ANN WALIVAARA
NOTARY PUBLIC - MICHIGAN
OAKLAND COUNTY
MY COMMISSION EXPIRES 09/25/2021
ACTING IN OAKLAND COUNTY

MEDIUM FLAT RATE BOX

WHEN USED INTERNATIONALLY,
AFFIX CUSTOMS DECLARATION.

ORDER FREE SUPPLIES ONLINE

PRIORITY MAIL
POSTAGE REQUIRED

PRIORITY
★ MAIL ★

PRIORITY
★ MAIL ★

PRIORITY
★ MAIL ★

PRIORITY
★ MAIL ★

PRIORITY
★ MAIL ★

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

VISIT US AT USPS.COM®
Label 106A, July 2013

FOR DOMESTIC AND INTERNATIONAL USE

UNITED STATES
POSTAL SERVICE®

This product is for use with Priority Mail®.
Misuse may be a violation of federal law.
This label is not for resale.

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS
DEC 23 2015
CHRISTOPHER PRINE

Label 228, July 2013

FROM: Darrell Salinas
P.O. Box 1379
Navasota, TX
48376

ATTN: Mr. Christopher Prine, Clerk of the
Court of Appeals for the First District Court
301 Fannin Street
Houston, Texas 77002-2066

Expected Delivery Day: 12/22/2015

USPS TRACKING NUMBER

9505 5129 9778 5363 2094 13

U.S. POSTAGE
PAID
NOVI, MI
48376
DEC 19, 15
AMOUNT
$12.65
R2304H109627-12

1004
77002

FROM:

David Schied
P.O. Box 1378
Novi, Michigan
48376

To: Attn: Mr. Christopher Prine, Clerk of the Court
C/o Court of Appeals for the First District of Texas

TO:

301 Fannin Street
Houston, Texas 77002-2066

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

DEC 2 3 2015

CHRISTOPHER A. PRINE
CLERK